**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NAGI QUHSHI,<br><br>                              Plaintiff,<br><br>-against-<br><br>THE HARTFORD UNDERWRITERS INSURANCE COMPANY,<br><br>                              Defendant. | Civil Case No. 1:23-cv-7935<br><br>**DEFENDANT HARTFORD UNDERWRITERS INSURANCE COMPANY'S VERIFIED AMENDED ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendant Hartford Underwriters Insurance Company ("Hartford"), by and through its attorneys, Menz Bonner Komar & Koenigsberg LLP, as and for its Verified Amended Answer to Plaintiff Nagi Quhshi's ("Plaintiff") Verified Complaint ("Complaint"), states as follows:

1. Hartford denies knowledge or information sufficient to support a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Admitted.

3. Hartford admits that it issued Business Owner's Policy number 76SBWAM8N09 to Nagi Quhshi for the period August 5, 2021 to August 5, 2022 (the "Hartford Policy"), refers the Court to the Hartford Policy, which speaks for itself, and otherwise denies the allegations contained in Paragraph 3 of the Complaint.

4. Hartford denies knowledge or information sufficient to support a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Hartford refers the Court to the Hartford Policy, which speaks for itself, and otherwise denies the allegations contained in Paragraph 5 of the Complaint.

6. Hartford refers the Court to the Hartford Policy, which speaks for itself, admits that Plaintiff submitted a claim to Hartford for property damage at the identified location, and otherwise denies knowledge or information sufficient to support a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Hartford denies knowledge or information sufficient to support a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Denied.

9. Denied.

10. Denied.

11. Hartford admits that less than 24 months have passed since the alleged loss and otherwise denies the allegations contained in Paragraph 11 of the Complaint.

12. Hartford admits that Plaintiff sought recovery from Hartford under the Hartford Policy for Plaintiff's claim and that Hartford properly denied coverage for Plaintiff's claim and otherwise denies the allegations contained in Paragraph 12 of the Complaint.

The statements contained in the Wherefore Clause constitute legal conclusions and do not contain statements of fact to which a response is required. To the extent any response is deemed warranted, Hartford denies that Plaintiff is entitled to obtain any of the relief requested from Hartford.

## AFFIRMATIVE DEFENSES

By advancing the Affirmative Defenses set forth below, Hartford does not admit that it bears the burden of proof or the burden of going forward with evidence on any matter related to any of the Affirmative Defenses.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint may be subject to dismissal for failure to join necessary and indispensable parties to this action, including all responsible parties and/or insurers of the same.

**THIRD AFFIRMATIVE DEFENSE**

Coverage may be barred to the extent that the property allegedly damaged does not constitute "Covered Property" as defined in the Hartford Policy.

**FOURTH AFFIRMATIVE DEFENSE**

Coverage may be barred to the extent that any allegedly damaged "Business Personal Property" was not located in or on the buildings or structures identified as a "scheduled premises" as defined in the Hartford Policy.

**FIFTH AFFIRMATIVE DEFENSE**

Coverage may be barred to the extent that the alleged property damage was not caused by or resulting from a "Covered Cause of Loss" as defined in the Hartford Policy.

**SIXTH AFFIRMATIVE DEFENSE**

Hartford's coverage obligations, if any, are governed by the terms and conditions contained or incorporated by reference in the Hartford Policy and are subject to the applicable limits of insurance and deductibles set forth in the Hartford Policy, and any such coverage obligations cease upon the exhaustion of the applicable limits of insurance.

**SEVENTH AFFIRMATIVE DEFENSE**

Coverage may be barred or limited, in whole or in part, by the terms, exclusions, conditions and limitations contained or incorporated by reference in the Hartford Policy.

**EIGHTH AFFIRMATIVE DEFENSE**

There is no coverage under the Hartford Policy to the extent Plaintiff has failed to comply with "Duties In The Event Of Loss Or Damage," as set forth in the Hartford Policy, including, without limitation, providing prompt and proper notice of the loss or damage and description of the property involved, providing a description of how, when and where the loss or damage occurred, taking all reasonable steps to protect the "Covered Property" from further damage, providing complete inventories of the damaged and undamaged property, permitting inspection of the property proving the loss or damage, and cooperating with Hartford in the investigation or settlement of the claim.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's damages are barred to the extent that the Business Personal Property claimed as a loss for which Plaintiff seeks damages in this action is not owned by Plaintiff and/or the Named Insured.

**TENTH AFFIRMATIVE DEFENSE**

"City Plus Wholesale Corp." is not the Named Insured on the Hartford Policy.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Hartford Policy does not cover losses incurred by "City Plus Wholesale Corp." or any other individuals or entities that are not Named Insureds on the Hartford Policy.

**TWELFTH AFFIRMATIVE DEFENSE**

The Hartford Policy does not provide coverage for Collapse, including but not limited to collapse due to "flood" conditions.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from bringing this action against Hartford to the extent that Plaintiff failed to fully comply with all terms of the Hartford Policy.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Coverage is or may be barred, in whole or in part, to the extent that Plaintiff failed to perform any conditions precedent or subsequent under the Hartford Policy.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Coverage may be excluded or reduced to the extent that any other valid and collectible insurance or indemnity, whether on a primary, excess or contingent basis or otherwise, exists or is available to the insured.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Coverage is barred to the extent that the insured(s) failed to mitigate, minimize or avoid the damages for which coverage is sought, and any recovery under the Hartford Policy must be reduced by that amount.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Applicable statutes of limitation and/or statutes of ultimate repose may bar the claims at issue in whole or in part.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Some or all of the claims at issue may be barred by the doctrines of unclean hands, laches, waiver, release, accord and satisfaction and/or estoppel.

**NINETEENTH AFFIRMATIVE DEFENSE**

Any amounts potentially recoverable must be reduced or offset by recoveries already obtained from any other source.

## TWENTIETH AFFIRMATIVE DEFENSE

At this time, Hartford lacks sufficient knowledge to form a belief as to the existence and availability of additional affirmative defenses due to the fact that no discovery has taken place. Accordingly, Hartford reserves the right to amend its Answer to assert additional affirmative defenses that may become apparent through discovery or other investigation and as additional information becomes available.

WHEREFORE, Hartford demands judgment as follows:

(1) Dismissing the Complaint, with prejudice, as to Hartford;

(2) Declaring that Hartford has no obligation to pay Plaintiff for any damages, interest and costs and disbursements that Plaintiff has allegedly incurred in connection with the property damage alleged in the Complaint;

(3) Awarding Hartford its costs and attorney's fees; and

(4) Granting to Hartford the costs and disbursements of this action, together with such other and further relief as the Court deems proper and just.

Dated: Rye Brook, New York
September 29, 2023

MENZ BONNER KOMAR & KOENIGSBERG LLP

By: */s/ Melissa K. Driscoll*
Michael S. Komar
(mkomar@mbkklaw.com)
Melissa K. Driscoll
(mdriscoll@mbkklaw.com)

800 Westchester Avenue, Suite 641-N
Rye Brook, New York 10573
Tel.: (914) 949-0222
*Attorneys for Defendant*
*Hartford Underwriters Insurance Company*

## **VERIFICATION**

      I, the undersigned, an attorney admitted to practice in the United States District Court for the Southern District of New York, hereby affirm under penalty of perjury that: I am an attorney at the law firm of Menz Bonner Komar & Koenigsberg LLP, attorneys for the Defendant Hartford Underwriters Insurance Company in the within action; I have read the foregoing Amended Answer to the Verified Complaint and know the contents thereof; and that the same is true to my own knowledge, information and belief. The reason this verification is made by me and not by my client, is that Hartford Underwriters Insurance Company does not reside in the county where I maintain my offices. The grounds of my knowledge, information and belief as to all matters herein are my and my client's own investigation into the facts and circumstances of this action, including my review of my file.

Dated: Rye Brook, New York
      September 29, 2023

                                                */s/ Melissa K. Driscoll*
                                                MELISSA K. DRISCOLL