# MENZ BONNER KOMAR & KOENIGSBERG LLP

**ATTORNEYS AT LAW**

**800 WESTCHESTER AVENUE, SUITE 641-N**
**RYE BROOK, NEW YORK 10573**

TEL: (914) 949-0222          FAX: (914) 997-4117

www.mbkklaw.com

**MEMO ENDORSED**

> Plaintiff shall file a letter, not to exceed three pages, in response by **January 17, 2024.** Such letter shall explain Plaintiff's efforts to diligently complete discovery by Court-ordered deadlines. So Ordered.
>
> *Dale E. Ho*
> Dale E. Ho
> United States District Judge
> Dated: January 12, 2024
> New York, New York

**VIA ECF**

Honorable Dale E. Ho, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 905
New York, New York 10007

Re:   Quhshi v. Hartford Underwriters Insurance Company,
      Case No. 1:23-cv-7935-DEH

### DISCOVERY DISPUTE LETTER MOTION

Dear Judge Ho:

This firm represents defendant Hartford Underwriters Insurance Company ("Hartford") in connection with the above-referenced action. Pursuant to paragraph 4(j) of Your Honor's Individual Rules & Practices, on Monday, January 8, 2024, the undersigned emailed Plaintiff's counsel requesting his availability over the next three days to meet and confer by videoconference or telephone concerning Plaintiff's failure to serve written responses to Hartford's discovery requests and various deficiencies in Plaintiff's document production. The undersigned followed up again by email on Wednesday, January 10, 2024 at 12:04 p.m. but has not received a response. A true and correct copy of that email chain is attached hereto as <u>Exhibit A</u>. These recent attempts follow a number of prior attempts by Hartford to obtain written responses to its discovery demands and a complete production of all documents requested.

**Background**

This is an insurance coverage action wherein Plaintiff Nagi Quhshi ("Plaintiff") seeks $369,800.14 to reimburse Plaintiff for losses allegedly suffered on July 18, 2022 in connection with property damage at a warehouse located at 531 Tiffany Street, Bronx, New York. Hartford issued policy number 76 SBW AM8N09 to Plaintiff for the period August 5, 2021 to August 5, 2022 ("Hartford Policy").

On September 7, 2023, this case was removed to this Court from the Supreme Court of the State of New York, Bronx County. On September 14, 2023, Hartford filed its Answer to Plaintiff's Complaint. On September 29, 2023, the parties jointly submitted a proposed Civil Case Management Plan and Scheduling Order that was entered by Judge Oetken on that same date ("Order"). Despite agreeing to the deadlines reflected therein, Plaintiff has failed to abide by any of the discovery deadlines in this action and has significantly compromised Hartford's ability to complete all relevant discovery prior to the February 1, 2024 fact discovery cut-off date set by this Court.

**Discovery Dispute**

The Order required document requests and interrogatories to be served by October 20, 2023, requests to admit to be served by December 1, 2023 and depositions to be completed by January 31, 2024. On October 20, 2023, Hartford served Plaintiff with document requests and interrogatories and on December 1, 2023, Hartford served Plaintiff with requests to admit. To date, Plaintiff has failed to serve written responses to the document requests, interrogatories and requests to admit. Notwithstanding that Plaintiff's time to assert objections has long since passed and Hartford's requests to admit are now deemed admitted, on December 22, 2023, Plaintiff served Hartford with an un-numbered limited set of documents that is clearly deficient insofar as the production fails to contain all of the documents specifically requested in Hartford's document requests.

Hartford has followed up with Plaintiff's counsel, Mr. Altman, by email and telephone on several occasions concerning the status of Plaintiff's responses and has been told by his legal assistant, Suzy, that responses were forthcoming. At no time has Mr. Altman personally responded to the emails or telephone calls from Hartford's counsel. On November 27, 2023 and again on November 30 2023, the undersigned emailed Plaintiff's counsel, Mr. Altman, inquiring as to the status of Plaintiff's responses to Hartford's document requests and interrogatories. Not having received a response, the undersigned telephoned Mr. Altman on Thursday, December 7, 2023 and was told by Mr. Altman's legal assistant that he was unavailable and that Plaintiff should be in a position to respond to Hartford's discovery on Monday, December 11, 2023. The undersigned memorialized this telephone call in an email to Mr. Altman. On Tuesday, December 12, 2023, Mr. Altman's legal assistant emailed the undersigned that Plaintiff was "still working on the discovery." A true and correct copy of the email chain is attached hereto as Exhibit B.[1]

On December 22, 2023, Mr. Altman's legal assistant emailed the undersigned a Dropbox link containing a limited set of documents that did not contain written responses to Hartford's outstanding discovery demands. In response to the undersigned's follow-up inquiry to Mr. Altman and his assistant, Mr. Altman's legal assistant advised that "I should have it shortly." A true and correct copy of that email chain is attached hereto as Exhibit C.

Our review of the documents provided to date reflects that Plaintiff has failed to produce multiple categories of documents requested in Hartford's document demands. In particular,

---

[1] Despite commencing this action and failing to timely respond to discovery demands served by Hartford, on that same date when Mr. Altman's legal assistant advised that her office was "still working on the discovery," Plaintiff belatedly served combined discovery demands on Hartford that do not comply with the Federal Rules of Civil Procedure and were served 52 days past the deadline set by the Court in its Order. *See* Exhibit B hereto. In particular, Plaintiff's combined demands consist of a demand for a verified bill of particulars, demand for witnesses, demand for documents, various notices to produce, and a demand for expert witnesses served pursuant to state court procedural rules. Today, Hartford timely served objections to the same. Plaintiff also included a so-called "notice for examination before trial" pursuant to the New York State Civil Practice Law and Rules that did not even include a date for the same.

Honorable Dale E. Ho, U.S.D.J.
January 11, 2024
Page **3** of **3**

Plaintiff has not produced documents supporting Plaintiff's claim for damages, including any documents showing that Plaintiff Nagi Quhshi, who is the only named insured on the Hartford Policy, incurred the expenses for which Plaintiff now seeks reimbursement in this action. Similarly, Plaintiff has failed to produce any documents showing that Nagi Quhshi in fact had any interest in the location where the damages were allegedly incurred.  Despite alleging in his Complaint that "Plaintiff was the sole owner of the premises situated at No. 531 Tiffany Street, County of Bronx, City and State of New York,"  Plaintiff has produced a lease for that location entered into between entities with no relationship to Hartford, including City Plus Wholesale Corp as tenant and 1180 Randall LLC as landlord, and the lease is signed by an unknown individual named Sadem Abaserbi.  Compl. ¶ 4.  Plaintiff has also produced various invoices for goods purchased by entities with no relationship to Hartford.  Hartford's document demands have, amongst other things, requested inventories of all damaged and undamaged property, the precise location of each item of property that Plaintiff alleges was damaged, proof of ownership of each item of property Plaintiff alleges was damaged, documents concerning the inventory maintained by Plaintiff, documents concerning various entities' purchase of property Plaintiff alleges was damaged, Plaintiff's relationship to various entities, tax returns filed by Plaintiff and various entities for the tax year 2022, and communications concerning the alleged damage, including communications with Hartford and Plaintiff's adjuster, Eastern Public LLC.  In addition, pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Civil Rule 33.3, Hartford timely served interrogatories on Plaintiff seeking, amongst other things, the identity of all persons with knowledge or information concerning the allegations in Plaintiff's Complaint and the subjects of their knowledge or information, the identity of all persons with knowledge concerning the damage to property claimed by Plaintiff and the computation of each and every element of damages alleged in Plaintiff's Complaint.  Plaintiff has failed to respond and provide Hartford with any requested information. True and correct copies of Hartford's discovery demands are attached hereto as <u>Exhibits D, E and F</u>.

   Based on the foregoing, Hartford requests that Plaintiff be compelled to fully respond to Hartford's document requests and long-outstanding interrogatories, produce <u>all</u> documents called for and requested in Hartford's document demands and if no such documents exist, Plaintiff shall so state as required by Rule 34 of the Federal Rules of Civil Procedure, and that Hartford's requests to admit to Plaintiff be deemed admitted pursuant to Federal Rule of Civil Procedure 36(a)(3).

   Thank you for Your Honor's time and attention to this matter.

                  Respectfully submitted,

                  *Melissa K. Driscoll*

                  Melissa K. Driscoll

Attachments

cc:  Joseph A. Altman (via ECF)