UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NAGI QUHSHI,

                Plaintiff,

      -against-

THE HARTFORD UNDERWRITERS
INSURANCE COMPANY,

                Defendant.

Civil Case No. 1:23-cv-7935 (DEH)

---

**DEFENDANT HARTFORD UNDERWRITERS INSURANCE COMPANY'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SANCTIONS**


Michael S. Komar
Melissa K. Driscoll
MENZ BONNER KOMAR &
KOENIGSBERG LLP
800 Westchester Avenue, Suite 641-N
Rye Brook, New York 10573
Email:  mkomar@mbkklaw.com
       mdriscoll@mbkklaw.com
Tel.: (914) 949-0222
Fax:  (914) 997-4117
*Attorneys for Defendant Hartford
Underwriters Insurance Company*

## Table Of Contents

**Page**

TABLE OF AUTHORITIES ...................................................................................ii-iii

PRELIMINARY STATEMENT ...........................................................................1

RELEVANT FACTUAL BACKGROUND..........................................................3

ARGUMENT .......................................................................................................9

I.    Plaintiff's Repeated Failures To Comply With This Court's Orders
Concerning Discovery Merits Significant Sanctions ..............................................11

    A.    Plaintiff's Failure To Comply With This Court's Orders Mandates
Striking Plaintiff's Complaint And Dismissal Of This Action........................11

    B.    At The Very Least, Plaintiff's Failure To Comply With This Court's
Orders Mandates An Order Of Preclusion ...........................................................14

    C.    Plaintiff's Failure To Comply With This Court's Orders
Mandates An Order Awarding Hartford Its Expenses and
Attorney's Fees In Connection With The Instant Sanctions
Motion And Multiple Submissions Concerning Plaintiff's
Failure to Comply With His Discovery Obligations.........................................16

CONCLUSION....................................................................................................18

**TABLE OF AUTHORITIES**

**Cases**                                                                                          **Page(s)**

*Alcon Vision, LLC v. Lens.com, Inc.,*
 No. 18-CV-407 (NG) (RLM), 2022 WL 17685501 (E.D.N.Y. July 7, 2022) .................11, 14

*Abouelmakarem v. MDNMA Inc.,*
No. 21-CV-10625 (LJL), 2023 WL 3559392 (S.D.N.Y. May 18, 2023 ................................11

*Cine Forty–Second St. Theatre Corp. v. Allied Artists Pictures Corp.,*
602 F.2d 1062 (2d Cir. 1979) ................................................................................................11

*Coker v. Goldberg & Assocs. P.C.,*
No. 21CV1803JLRBCM, 2024 WL 263121 (S.D.N.Y. Jan. 24, 2024) ...............................10

*Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine,*
 951 F.2d 1357 (2d Cir. 1991) ..................................................................................9, 14, 15

*E.L.A. v. Abbott House, Inc.,*
No. 16CV1688RMBJLC, 2020 WL 5682019 (S.D.N.Y. Sept. 24, 2020) .............................16

*In re Doria/Memon Disc. Stores Wage & Hour Litig.,*
No. 14-CV-7990 (RWS), 2018 WL 1353261 (S.D.N.Y. Mar. 15, 2018) ..............................17

*Novak v. Wolpoff & Abramson LLP,*
536 F.3d 175 (2d Cir. 2008) ................................................................................................11

*Seena Int'l, Inc. v. One Step Up, Ltd.,*
2016 WL 2865350 (S.D.N.Y. May 11, 2016) .......................................................................11

*Shanghai Weiyi Int'l Trade Co. v. Focus 2000 Corp.,*
No. 15 Civ. 3533 (CM) (BCM), 2017 WL 2840279 (S.D.N.Y. June 27, 2017) ....................10

 *Shcherbakovskiy v. Seitz,*
450 F. App'x 87 (2d Cir. 2011) .............................................................................................11

**Statutes**

Fed. R. Civ. P. 16(f)(1)(C) .....................................................................................................10

Fed. R. Civ. P. 37(b)(2)(A) .............................................................................................1, 9, 10

Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii) .........................................................................................10

Fed. R. Civ. P. 37(b)(2)(A)(iii) ...................................................................................11

Fed. R. Civ. P. 37(b)(2)(A)(v) ....................................................................................11

Fed. R. Civ. P.37(b)(2)(C) ................................................................................1, 10, 15

Defendant Hartford Underwriters Insurance Company ("Hartford") respectfully submits this Memorandum of Law in support of Hartford's motion for sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A) striking Plaintiff's Complaint and dismissing this action.  In the alternative, Hartford requests an Order deeming it admitted that the items of inventory and merchandise for which Plaintiff seeks insurance coverage from Hartford were not damaged and/or precluding Plaintiff from presenting any witnesses or evidence supporting its damages claims in this action. In addition, pursuant to Fed. R. Civ. P.37(b)(2)(C), Hartford further seeks an Order directing that Plaintiff reimburse Hartford for all its expenses, including attorney's fees, incurred by Hartford in making the instant sanctions motion and multiple submissions seeking to compel Plaintiff to respond to Hartford's discovery demands and produce documents in this action, including the instant motion and its January 11, 2024, February 15, 2024, March 21, 2024, April 5, 2024, and April 22, 2024 letter submissions.

## PRELIMINARY STATEMENT

Despite commencing this action, Plaintiff Nagi Quhshi ("Plaintiff") has failed to comply with each and every Order of this Court to date directing him to comply with his discovery obligations.  This recalcitrance includes ignoring this Court's recent Order of April 29, 2024 which addressed Plaintiff's belated April 29, 2024 letter submission wherein Plaintiff's counsel claims that he did not realize that his *own* letter that *he* was required to file was not completed and sent until April 29, 2024.  As noted by the Court's April 29, 2024 Order, Plaintiff's position that he did not have an obligation to respond to Hartford's discovery demands is "contradicted by the plain text of the April 10 order."  The April 29, 2024 Order required Plaintiff to respond to Hartford's demands by no later than May 3, 2024 and file a letter on that date affirming that he had done so.  The Court further extended Hartford's time to proceed with filing its sanctions

motion to May 10, 2024.  Given the history of discovery abuse and non-compliance with Court

Order's in this case, it should have come as no surprise that Plaintiff once again ignored this

Court's directives and neither provided verified discovery responses to Hartford nor filed a letter

with this Court by May 3 as he was directed to do, forcing this Court to issue another order on

May 6, 2024 extending Plaintiff's deadline to comply to May 8, 2024.  Plaintiff also ignored the

Court's most recent Order.

  As a result of Plaintiff's abject failure to comply with his discovery obligations time and

time again, Hartford has been required to move to compel responses multiple times, including on

January 11, 2024, February 15, 2024, March 21, 2024, April 5, 2024 and April 22, 2024.  Now,

Hartford is forced to bring this motion before the Court seeking sanctions and seeking an order

striking Plaintiff's Complaint and dismissing this action with prejudice.  Quite simply, enough is

enough, and this Court has exercised extraordinary patience, providing Plaintiff with every

opportunity to change course and comply with discovery obligations in a case he filed seeking

affirmative relief.

  To the extent the Court is not inclined to dismiss this action in its entirety after Plaintiff's

violation of all prior Orders, Hartford requests an Order deeming it admitted that the items of

inventory and merchandise for which Plaintiff seeks insurance coverage from Hartford were not

damaged and/or precluding Plaintiff from presenting any witnesses or evidence supporting his

damages claims in this action.  In addition, Hartford further seeks an Order directing that

Plaintiff reimburse Hartford for all its expenses, including attorney's fees, incurred by Hartford in

making the instant sanctions motion and multiple submissions seeking to compel Plaintiff to

respond to Hartford's discovery demands and produce documents in this action.

  This relief sought in this sanctions motion is entirely warranted and should come as no

surprise to Plaintiff given the number of prior warnings and chances given to Plaintiff to come into compliance. Hartford's initial letter submission on January 11, 2024 was reluctantly submitted after Hartford repeatedly reached out to Plaintiff's counsel to obtain responses to Hartford's discovery demands that were served pursuant to the Civil Case Management Plan and Scheduling Order that was consented to by Plaintiff. Plaintiff ignored the Court's Order to respond to Hartford's letter submission, forcing the Court to issue another Order. When Plaintiff finally responded, as noted by the Court, counsel provided "substantially no justification for his failure to timely complete discovery."

When Plaintiff eventually did provide certain limited, partial responses to Hartford's demands, they were woefully deficient and Plaintiff failed to produce all responsive documents or state that he did not have any responsive documents in his possession. Notably, the Court's initial January 23, 2024 Order is a mirror image of its April 23, 2024 Order, memorializing that three months later and after countless opportunities, Plaintiff still has not adequately responded to Hartford's discovery demands in this case.

Based on the foregoing, Plaintiff's repeated failure to comply with this Court's Orders, and the enormous amount of time, money and effort expended by Hartford in attempting to obtain discovery from Plaintiff, the sanctions requested in this motion are entirely warranted and should be granted.

## RELEVANT FACTUAL BACKGROUND

On September 29, 2023, this Court entered a Civil Case Management Plan and Scheduling Order requiring the parties to serve initial requests for production of documents and

interrogatories and requests for admissions by December 1, 2023.  ECF Doc. No. 11.[1]  Hartford

served its requests for production of documents, interrogatories and requests for admissions by

the court-ordered deadlines.  Komar Dec. Exs. B, C. D.  Plaintiff did not respond to <u>any</u> of

Hartford's discovery and after multiple meet and confer efforts, Hartford was forced to file its

first of several discovery dispute letters on January 11, 2024.  ECF Doc. No. 14.  The Court

issued an Order on January 12, 2024 directing Plaintiff to file a letter by January 17, 2024 in

response and explain Plaintiff's efforts to diligently complete discovery within Court-ordered

deadlines.  ECF Doc No. 15.  No such letter was filed.  Another Order issued on January 18,

2024 required Plaintiff to file a letter by January 19, 2024.  ECF Doc. No. 16. Plaintiff filed his

letter and, as noted in the Court's January 23, 2024 Order, Plaintiff's letter offered "substantially

no justification for his failure to timely complete discovery."  ECF Doc. Nos. 17, 18.  Plaintiff

was thus ordered to respond to all demands and produce all documents by February 9, 2024.

ECF Doc. No. 18.

On February 9, 2024, Plaintiff provided Hartford with blatantly deficient responses to

Hartford's interrogatories, requests for production of documents and requests for admissions, as

well as a limited, cherry-picked supplemental document production.  ECF Doc. No. 19.  Hartford

again identified numerous deficiencies in Plaintiff's responses and production and after a new

round of multiple "meet and confer" efforts, Plaintiff once again failed to adequately respond to

Hartford's demands and produce all responsive documents.  As a result, Hartford again wrote to

the Court on February 15, 2024 seeking to compel Plaintiff to comply with his discovery

obligations, as well as an extension of the fact discovery deadline in light of Plaintiff's

---

[1] True and correct copies of all documents referenced by ECF document number herein are attached as exhibits to the Declaration of Michael S. Komar.

recalcitrance.  *Id.*  The Court issued an Order on February 16, 2024 requiring Plaintiff, by February 21, 2024, to explain his efforts to diligently complete discovery within previously-ordered timelines.  ECF Doc. No. 20.  On February 21, 2024, Plaintiff provided a paltry response to Hartford's letter submission.  ECF Doc. No. 21.

On February 22, 2024, the Court issued another Order noting that "the parties' letters and exhibits make clear that Plaintiff did not adequately" respond to Hartford's discovery demands by February 9, 2024.  ECF Doc. No. 22.  Plaintiff was ordered to produce responsive documents and information as soon as possible and no later than March 8, 2024.  *Id.*  The Court warned Plaintiff that sanctions maybe imposed for failure to meaningfully engage in discovery: "Plaintiff's counsel is apprised that failure to meaningfully participate in discovery and address Defendant's meritorious concerns may result in sanctions, including the deeming of certain matters admitted for purposes of any motion for summary judgment."  *Id.*

On March 8, March 10, and March 18, 2024, Plaintiff made limited supplemental document productions consisting largely of the same documents previously produced and sent an email on March 8 purporting to address certain of the concerns raised, although no formal discovery responses were provided and it was entirely unclear to which document requests or interrogatories Plaintiff was even responding.  ECF Doc. No. 23.  Based on the continuing deficiencies, Hartford again wrote to the Court on March 21, 2024 regarding Hartford's ongoing efforts to obtain discovery from Plaintiff and the multiple deficiencies in Plaintiff's discovery responses and document production.  *Id.*  On March 22, 2024, the Court issued an Order requiring Plaintiff to explain why his responses to Hartford's discovery requests comply with the Court's prior orders addressing the deficiencies in Plaintiff's discovery responses.  ECF Doc. No. 24.  Plaintiff filed his response on March 27, 2024 essentially stating that he had provided certain

"self-identifying" documents.  ECF Doc. No. 26.

On March 28, 2024, the Court granted Hartford's application in part and specifically ordered Plaintiff to (i) amend his written responses to Hartford's discovery requests as soon as possible, (ii) certify which documents he has produced are responsive to each of Hartford's request for production, notwithstanding Plaintiff's claim that certain documents are self-identifying, and (iii) certify that he has produced all information and documents in his possession, irrespective of any third-party productions to Hartford.  ECF Doc. No. 27.  The Court also granted Hartford's request for an adjournment of the deposition deadline and ordered Hartford to file a status update regarding Plaintiff's amended discovery responses by April 5, 2024, renew any request for a conference at that time, if necessary, and propose a new deadline by which the parties are to complete depositions and fact discovery.  *Id.*

On April 4, 2024, Plaintiff provided partial, supplemental responses to Hartford's discovery requests, but these responses remained grossly deficient for the very same reasons outlined in Hartford's April 5, 2024 letter submission.  ECF Doc. No. 28.

On April 8, 2024, Plaintiff emailed Hartford unsigned and undated interrogatory responses that counsel claimed "were inadvertently left off last week's email."  Komar Dec. Ex. S.  On that same date, the Court ordered the parties to appear for an April 10, 2024 telephonic conference.  ECF Doc. No. 29.  On April 10, 2024, just prior to the conference, Plaintiff e-filed supplemental responses to interrogatories that he claimed were emailed to Hartford on April 8, 2024.  ECF Doc. No. 30.  However, unlike the version belatedly emailed to Hartford's counsel on April 8, 2024, the version submitted to the Court was actually dated and verified by Plaintiff, although the responses remained glaringly deficient and only responded to a handful of the interrogatories.

6

Most recently, the parties appeared before the Court on April 10, 2024.  That conference resulted in an Order requiring Plaintiff to "produce to Defendant a numbered list of responses to Defendant's discovery demands, with a separate entry corresponding to each interrogatory, request for production, and/or other discovery demand. For requests for production of documents, Plaintiff shall identify the documents that are responsive to each of Defendant's requests, notwithstanding any claim that documents are self-identifying. If Plaintiff does not have documents responsive to a request for production or information responsive to an interrogatory, Plaintiff shall state as much in the proper place.  Plaintiff shall produce these verified discovery responses to Defendant by **April 17, 2024.**"  *See* ECF Doc. No. 31.  Plaintiff did not comply with that Order and did not provide any additional discovery responses.  The Court's April 10 Order also warned that any further non-compliance with the Court's orders may result in sanctions, including assessment of Defendant's legal fees that have been incurred in attempting to secure compliance and matters being deemed admitted.  *Id.*

Notwithstanding the Court's April 10, 2024 Order, Plaintiff did not supplement his responses to Hartford's discovery demands by April 17, 2024 or anytime thereafter.  ECF Doc. No. 32.  At wits end, Hartford wrote to the Court on April 22, 2024 seeking an Order striking Plaintiff's Complaint in this action or, if the Court were not inclined to dismiss the action in its entirety, in the alternative the issuance of an Order deeming it admitted that the items of inventory and merchandise for which Plaintiff seeks insurance coverage from Hartford were not damaged and/or precluding Plaintiff from presenting any witnesses or evidence supporting its damages claims in this action.  ECF Doc. No. 32.  Hartford also sought reimbursement for all its expenses, including attorney's fees, incurred by Hartford in making a sanctions motion and multiple submissions seeking to compel Plaintiff to respond to Hartford's discovery demands

7

and produce documents in this action.  *Id.*

On April 23, 2024, the Court issued an Order directing that Plaintiff provide verified discovery responses "as soon as possible and shall file a letter on ECF confirming that he has done so no later than April 26, 2024" and directing Hartford to file its sanctions motion by May 3, 2024. ECF Doc. No. 33.  Plaintiff did not comply with the Court's April 23, 2024 Order. Plaintiff did not provide Hartford with verified discovery responses or file a letter confirming the same as directed.

Instead, Plaintiff's counsel belatedly wrote to the Court on April 29, 2024 and stated that he did not realize that his letter was not completed and sent until April 29.  ECF Doc. No. 34. He also stated that "the Court's April 10, 2024 Order was entered, which did not rule that the Plaintiff needed to further respond; hence, it is the Plaintiffs (sic) position that the Order speaks for itself."  *Id.*; *see also* April 10, 2024 Order at ECF Doc. No. 31 ("Plaintiff shall produce to Defendant a numbered list of responses to Defendant's discovery demands, with a separate entry corresponding to each interrogatory, request for production, and/or other discovery demand. For requests for production of documents, Plaintiff shall identify the documents that are responsive to each of Defendant's requests, notwithstanding any claim that documents are self-identifying. If Plaintiff does not have documents responsive to a request for production or information responsive to an interrogatory, Plaintiff shall state as much in the proper place. Plaintiff shall produce these verified discovery responses to Defendant by **April 17, 2024.**); April 23, 2024 Order at ECF Doc. No. 33 ("Plaintiff shall provide his verified discovery responses as required by the April 10, 2024, order to Defendant as soon as possible and shall file a letter on ECF confirming that he has done so no later than **April 26, 2024.**").

On April 29, 2024, the Court issued an Order noting Plaintiff's position that he was not

required to further respond to Hartford's demands and noting that "this statement is contradicted by the plain text of the April 10 order." ECF Doc. No. 35. The Order further noted that "Plaintiff shall comply with the April 10 and April 23 orders. Plaintiff shall produce the numbered list of responses to Defendant's discovery demands, as described in the April 10 order, as soon as possible and no later than **May 3, 2024.** Plaintiff may not rely on previous discovery responses in fulfilling this obligation. Plaintiff shall file a letter on ECF by **May 3, 2024,** affirming that he has done so." *Id.* Plaintiff again did not comply with the Court's most recent Order. Plaintiff did not provide Hartford with verified discovery responses or file a letter confirming the same as directed.

The Court issued a subsequent Order on May 6, 2024 extending Plaintiff's time to comply with the Court's prior Order to May 8, 2024. ECF doc. No. 36. The Court "advised that failure to comply with the Court's orders may result in sanctions, including dismissal of the action." *Id.* Plaintiff did not comply and did not provide Hartford with verified discovery responses or file a letter confirming the same as directed.

Hartford respectfully files this sanctions motion based on the history of egregious discovery abuse and after Plaintiff has ignored and violated a fifth Order of this Court.

## **ARGUMENT**

### I. PLAINTIFF'S REPEATED FAILURES TO COMPLY WITH THIS COURT'S ORDERS CONCERNING DISCOVERY MERIT SIGNIFICANT SANCTIONS

As demonstrated above, Plaintiff has time and time again failed to comply with this Court's Orders relating to discovery. Rule 37(b) authorizes the Court to impose sanctions for a party's failure to comply with a single Court order concerning discovery. Fed. R. Civ. P. 37(b)(2)(A)("If a party or a party's officer, director, or managing agent - or a witness designated under Rule 30(b)(6) or 31(a)(4) -- fails to obey an order to provide or permit discovery, including

an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders."); *see also Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine,* 951 F.2d 1357, 1365 (2d Cir. 1991) ("A district court has wide discretion in imposing sanctions, including severe sanctions, under Rule 37(b)(2), and will only be reversed if its decision constitutes an abuse of discretion.").

The court, on its own initiative, may issue sanctions pursuant to Rule 37(b)(2)(A) for a party's failure to comply with a court order concerning discovery. *See* Fed. R. Civ. P. 16(f)(1)((C) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney…fails to obey a scheduling or other pretrial order."). The two predicates to the imposition of sanctions under Rule 37(b) are a "court order directing compliance with discovery requests," and "non-compliance with that order." *Shanghai Weiyi Int'l Trade Co. v. Focus 2000 Corp.,* No. 15 Civ. 3533 (CM) (BCM), 2017 WL 2840279, at *9 (S.D.N.Y. June 27, 2017); *see also Coker v. Goldberg & Assocs. P.C.,* No. 21CV1803JLRBCM, 2024 WL 263121, at *3 (S.D.N.Y. Jan. 24, 2024) ("The only predicates to the imposition of sanctions under Rule 37(b) are a 'court order directing compliance with discovery requests' and 'non-compliance with that order.'").

Sanctions under Fed. R. Civ. P. 37(b) include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;

10

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

Rule 37(b) also authorizes the payment of attorney's fees and expenses and provides that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). "The 'mildest' sanction 'is an order to reimburse the opposing party for expenses caused by the failure to cooperate.'" *Abouelmakarem v. MDNMA Inc.,* No. 21-CV-10625 (LJL), 2023 WL 3559392, at *6 (S.D.N.Y. May 18, 2023)(quoting *Seena Int'l, Inc. v. One Step Up, Ltd.*, 2016 WL 2865350, at *11 (S.D.N.Y. May 11, 2016) and *Cine Forty–Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979)). The burden is "on the disobedient party to avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust." *Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir. 2008)(quoting Advisory Committee Note to 1970 Amendments to Fed R. Civ. P. 37).

### A. PLAINTIFF'S FAILURE TO COMPLY WITH THIS COURT'S ORDERS MANDATES STRIKING PLAINTIFF'S COMPLAINT AND DISMISSAL OF THIS ACTION

Pursuant to Rule 37(b)(2)(A)(iii) and (v), Hartford seeks an Order striking Plaintiff's Complaint and dismissing this action with prejudice. "Four factors must be considered in determining whether the sanction of dismissal with prejudice is warranted: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been

warned of the consequences of noncompliance.'"  Fed. R. Civ. P. 37(b)(2)(A)(iii), (v); *Alcon Vision, LLC v. Lens.com, Inc.,* No. 18-CV-407 (NG) (RLM), 2022 WL 17685501, at *11 (E.D.N.Y. July 7, 2022) citing *Shcherbakovskiy v. Seitz*, 450 F. App'x 87, 88 (2d Cir. 2011).

Here, considering the four factors, Hartford is entitled to a sanction dismissing Plaintiff's Complaint and this action with prejudice.  As detailed above and in Hartford's numerous letter submissions, Plaintiff has repeatedly ignored this Court's Orders and has failed to provide written responses to Hartford's discovery demands that comply with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York and produce all documents responsive to Hartford's demands or state that no such documents exist as required by the applicable rules and this Court's orders.  We are not talking about the failure to comply with a single Order.  Here, as documented in this Court's April 23, 2024 Order, Plaintiff had failed to comply with three prior Court Orders concerning the discovery at issue, in addition to the failure to comply with this Court's initial September 29, 2023 Case Management Plan and Scheduling Order.  Remarkably, Plaintiff failed to comply with two more Court Orders – the April 29 and May 6 Orders.

Attempting and failing to explain his failure to comply with yet another discovery Order, Plaintiff belatedly filed a letter on April 29, 2024 where he claims ignorance as to his obligations to supplement his responses as detailed in the Court's prior Orders, including the April 10, 2024 and April 23, 2024 Orders, that unequivocally direct Plaintiff to supplement his discovery responses in no uncertain terms.  There is simply no possible justification for such non-compliance and the willfulness of the same is self-evident given the Court's clear directives both in its multiple Orders and again during the most recent conference.

On April 29, 2024 the Court issued an Order wherein the Court noted that Plaintiff's position that he was not required to supplement his responses to Hartford's discovery demands is "directly contradicted by the plain and unambiguous text of the Court's orders." ECF Doc. No. 35. The April 29, 2024 Order required Plaintiff to "comply with the April 10 and April 23 orders" and "produce the numbered list of responses to Defendant's discovery demands, as described in the April 10 order, as soon as possible and no later than **May 3, 2024.**" The Order further cautioned that "Plaintiff may not rely on previous discovery responses in fulfilling this obligation" and "Plaintiff shall file a letter on ECF by **May 3, 2024,** affirming that he has done so." Plaintiff wholly ignored this Order and did not supplement his responses to Hartford's demands or file a letter with the Court by May 3, 2024. On May 6, 2024, the Court issued another Order after Plaintiff ignored the April 29, 2024 Order and that Order extended Plaintiff's time to produce the required list of discovery responses to Hartford as soon as possible and file a letter by May 8, 2024. ECF doc. No. 36. Plaintiff ignored that Order too.

With respect to the second factor, it is also clear that this Court's repeated warnings have not deterred Plaintiff from his conduct. On three prior occasions, the Court has threatened Plaintiff with sanctions and Plaintiff has continued to not comply with this Court's Orders. *See* ECF Doc. Nos. 22, 31, 36. Notwithstanding the recent April 29 and May 6 Orders and directives to Plaintiff to comply "as soon as possible" and authorization for Hartford to proceed with a motion for sanctions, Plaintiff has still failed to comply with his most basic discovery obligations even after the Court issued another Order extending his time to comply to May 8, 2024 and threatening dismissal of this action.

The third factor, the duration of non-compliance, also weighs in favor of the dismissal sanction. Plaintiff's non-compliance with Court Orders began with the September 29, 2023 Civil

Case Management Plan and Scheduling Order that required the parties to serve initial requests for production of documents and interrogatories by October 21, 2023 and requests for admissions by December 1, 2023 and to respond to the same in accordance with the applicable rules. ECF Doc. No. 11. Despite agreeing to this Order, Plaintiff simply ignored and failed to respond to Hartford's discovery demands at all, which necessitated Hartford seeking court intervention by way of its first letter motion to compel. ECF Doc. No. 14. Since that time, Plaintiff has repeatedly violated this Court's orders and ignored his discovery obligations. Fact discovery should have concluded on February 1, 2024. Despite multiple opportunities to come into compliance and multiple discovery extensions, the case is no closer to resolution due to Plaintiff's recalcitrance and Hartford has been significantly hampered in its efforts to prepare a defense to Plaintiff's claims.

With respect to the fourth factor, Plaintiff has been repeatedly warned that sanctions would be imposed if he did not abide by this Court's Orders and come into compliance. *See* ECF Doc. Nos. 22, 31, 36. Most recently, Hartford wrote to the Court on April 22, 2024 requesting that Plaintiff's Complaint be stricken and the action dismissed. *See* ECF Doc No. 32. In response to the same, the Court provided Plaintiff with yet another chance to abide by its directives, ordering Plaintiff to provide adequate discovery responses forthwith, and clearly signaling the potential repercussions of failure to do so by instructing Hartford to proceed with the filing of a formal sanctions motion. Plaintiff ignored that Order and the Court's subsequent May 6, 2024 Order threatened dismissal of the action. Thus, Plaintiff was specifically warned about the precise nature of the sanction that would be imposed, and the Court clearly and repeatedly warned that sanctions would be forthcoming even if Plaintiff elected to belatedly come into compliance and abide by multiple Orders. Quite simply, "'[p]arties and counsel have

no absolute entitlement to be 'warned' that they disobey court orders at their peril.'" *Alcon Vision, LLC,* 2022 WL 17685501, at \*12 (E.D.N.Y. July 7, 2022)(quoting *Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1366).

Based on Plaintiff's disregard time and time again of this Court's Orders and his discovery obligations, dismissal of Plaintiff's action with prejudice is warranted.

### B.    AT THE VERY LEAST, PLAINTIFF'S FAILURE TO COMPLY WITH THIS COURT'S ORDERS MANDATES AN ORDER OF PRECLUSION

Pursuant to Rule 37(b)(2)(A) (i) and (ii), the Court may either direct that the matters embraced in its order or other designated facts be taken as established for purposes of the action as the prevailing party claims, or prohibit a disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence. Fed. R. Civ. P. 37(b)(2)(A)(i), (ii); *see also Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1368 (2d Cir. 1991) (precluding plaintiffs from proving the elements of "alter ego" liability for failure to comply with discovery orders).

This is an insurance coverage action wherein Plaintiff, an individual, seeks $369,800.14 to reimburse Plaintiff for purported losses he suffered in connection with property and inventory allegedly damaged or destroyed at a warehouse. Hartford issued a policy to Plaintiff for the period August 5, 2021 to August 5, 2022 and both disputes: (1) that the insured Plaintiff himself (as opposed to various uninsured corporations) suffered any losses; and (2) that numerous items for which Plaintiff seeks to recover damages were actually destroyed. Accordingly, the issue of what damages Plaintiff incurred is directly relevant to, and forms the basis for, some of Hartford's key defenses in this action and many of the discovery demands to which Plaintiff has refused to adequately respond. Both the nature of Hartford's requested discovery, Plaintiff's repeated failures to adequately respond to the same, and the Court's multiple directives detailing

15

what Plaintiff was required and expected to do in order to come into compliance have been

chronicled, *ad nauseum*, in Hartford's multiple prior submissions and this Court's Orders, which

are incorporated herein by reference.

Amongst the multiple potential sanctions, Plaintiff was specifically placed on notice early

on, after his second violation of Court Orders, that a preclusion order was a possible

consequence of his failure to abide by this Court's Orders.  Specifically, the Court's February 22,

2024 Order warned Plaintiff's counsel of preclusion sanctions:  "Plaintiff's counsel is apprised

that failure to meaningfully participate in discovery and address Defendant's meritorious

concerns may result in sanctions, including the deeming of certain matters admitted for purposes

of any motion for summary judgment."  ECF Doc. No. 22.  Thereafter, the Court's April 10

Order, which Plaintiff also failed to comply with, warned that "Plaintiff is apprised that further

non-compliance with the Court's orders may result in sanctions, including assessment of

Defendant's legal fees in securing compliance and the deeming of certain matters admitted."

ECF Doc. No. 31.

Accordingly, to the extent Plaintiff's Complaint is not stricken and this action dismissed,

Hartford seeks an Order deeming it admitted that the various items of inventory and merchandise

for which Plaintiff seeks insurance coverage from Hartford were not damaged and/or precluding

Plaintiff from presenting any witnesses or evidence supporting its damages claims in this action.

### C.    PLAINTIFF'S FAILURE TO COMPLY WITH THIS COURT'S ORDERS MANDATES AN ORDER AWARDING HARTFORD ITS EXPENSES AND ATTORNEY'S FEES IN CONNECTION WITH BOTH THE INSTANT SANCTIONS MOTION AND MULTIPLE PRIOR SUBMISSIONS CONCERNING PLAINTIFF'S FAILURE TO COMPLY WITH HIS DISCOVERY OBLIGATIONS

Rule 37 authorizes the imposition of attorney's fees where a party violates discovery

orders.  Fed. R. Civ. P. 37(b)(2)(C) and (d)(3).  "Instead of or in addition to these sanctions, the

court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed R. Civ. P. 37(d)(3). Thus, the burden is on the non-moving party to demonstrate "that there was a substantial justification for the violation, or that circumstances would make it unjust to award reasonable expenses to the moving party." *E.L.A. v. Abbott House, Inc.,* No. 16CV1688RMBJLC, 2020 WL 5682019, at *2 (S.D.N.Y. Sept. 24, 2020) citing *In re Doria/Memon Disc. Stores Wage & Hour Litig.*, No. 14-CV-7990 (RWS), 2018 WL 1353261, at *5 (S.D.N.Y. Mar. 15, 2018).

Here, Plaintiff has never provided an appropriate response or reasonable justification as to his failure to meaningfully participate in discovery. As noted in the Court's initial January 23, 2024 Order, "Plaintiff's letter offers substantially no justification for his failure to timely complete discovery." ECF Doc. No. 18. Incredibly, even to date, Plaintiff has failed to comply with those obligations and has yet to offer any reason as to why he has ignored so many directives and violated multiple Court Orders by failing to properly respond to Hartford's discovery demands.

Plaintiff's failure to abide by this Court's Orders has resulted in Hartford seeking court intervention to compel Plaintiff to comply with his discovery obligations on January 11, 2024, February 15, 2024, March 21, 2024, April 5, 2024, April 10, 2024 and April 22, 2024. In addition, Hartford has been forced to make the instant motion for sanctions based on Plaintiff's repeated failures to comply with his discovery obligations as directed by the Court's Orders. Accordingly, Hartford seeks its reasonable expenses in connection with the same, including $12,073.50 in attorney's fees. *See* Komar Dec. Exs. BB, CC, DD, EE, ¶¶ 30, 31.

Based on the foregoing and time and effort expended by Hartford and its counsel in compelling Plaintiff to comply with his discovery obligations, Hartford is entitled to an award of its attorney's fees and costs in connection with the same.

CONCLUSION

For the foregoing reasons, Hartford respectfully requests that this Court grant Hartford's motion for sanctions, strike Plaintiff's complaint and dismiss Plaintiff's action with prejudice, or in the alternative, issue an Order deeming it admitted that the items of inventory and merchandise for which Plaintiff seeks insurance coverage from Hartford were not damaged and/or precluding Plaintiff from presenting any witnesses or evidence supporting its damages claims in this action.  In addition, Hartford seeks an Order directing Plaintiff to reimburse Hartford for all its reasonable costs and expenses, including attorney's fees, incurred by Hartford in making the instant sanction motion and the multiple prior submissions seeking to compel Plaintiff to respond to Hartford's discovery demands and produce documents in this action, along with such further and other relief as the Court deems just and proper.

Dated: Rye Brook, New York
      May 9, 2024

                Respectfully submitted,

                MENZ BONNER KOMAR & KOENIGSBERG LLP


                By:        *Michael S. Komar*
                                Michael S. Komar
                                (mkomar@mbkklaw.com)
                                Melissa K. Driscoll
                                (mdriscoll@mbkklaw.com)

                800 Westchester Avenue, Suite 641-N
                Rye Brook, New York 10573
                Tel.: (914) 949-0222
                *Attorneys for Defendant*
                *Hartford Underwriters Insurance Company*

19