# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAGI QUHSHI,<br><br>                              Plaintiff,<br><br>-against-<br><br>THE HARTFORD UNDERWRITERS INSURANCE COMPANY,<br><br>                              Defendant. | Civil Case No. 1:23-cv-7935 |

**DEFENDANT HARTFORD UNDERWRITERS INSURANCE COMPANY'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Defendant Hartford Underwriters Insurance Company ("Hartford"), by and through its attorneys, Menz Bonner Komar & Koenigsberg LLP, hereby requests that Plaintiff Nagi Quhshi, in accordance with Rule 34 of the Federal Rules of Civil Procedure, respond to each of the following requests in writing and produce for inspection and copying all documents that are in his possession, custody or control ("Requests"), within thirty (30) days of service hereof, at the undersigned's offices located at 800 Westchester Avenue, Suite 641-N, Rye Brook, NY 10573, or at such other time and place as may be agreed upon by counsel.

**DEFINITIONS**

Hartford incorporates by reference the Uniform Definitions in Discovery Requests as set forth in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. To the extent not inconsistent with or narrower than Local Civil Rule 26.3, the following definitions also apply:

1.      "Plaintiff," "you" and "your" means Plaintiff Nagi Quhshi.

2. "Eastern" means Eastern Public, LLC, its members, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

3. "Hartford Policy" means the Spectrum Business Owner's Policy, which contains, among other things, special property coverage, policy no. 76 SBW AM8N09, issued by Hartford to Nagi Quhshi for the period August 5, 2021 to August 5, 2022.

4. "Complaint" means Plaintiff's Complaint filed in the Supreme Court of the State of New York, County of Bronx, on or about August 3, 2023.

5. "Premises" means 531 Tiffany Street, Bronx, New York.

6. "Event" means the event that allegedly caused property at the Premises to be "damaged by water and other unknowns" on or about July 18, 2022, as alleged in the Complaint.

## INSTRUCTIONS

Hartford incorporates by reference the provisions of Rule 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. To the extent not inconsistent with or narrower than Federal Rule 33 and Local Civil Rule 26.3, the following instructions also apply:

1. Each Request seeks production of all documents described below, in the possession, custody or control of Plaintiff.

2. Each Request contemplates production of the document in its entirety, without abbreviation, redaction or expurgation.

3. If any Request cannot be responded to in full, it shall be complied with, to the extent possible, an explanation as to why complete compliance is not possible.

4. With respect to any document responsive to these Requests that has been destroyed: (a) state the date and manner of destruction of the document; (b) state the reason for destruction of the document; (c) identify the person who destroyed the document; (d) identify the custodian of the document at the time of destruction; and (e) identify such documents by author, date and subject matter.

5. If your answers to any Request contain an objection, then state, in addition to the objection: (a) the basis for the objection; and (b) whether the objection applies to the entire Request or only a portion of the applicable Request.

6. If any Request is deemed to call for the production of privileged materials and such privilege is asserted, please provide all information required by the Federal Rules of Civil Procedure and Local Civil Rule 26.2, including the following:

    a. For documents: (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

    b. For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

7. Documents shall be produced as they are kept in the regular course of business or, in the alternative, organized and labeled so as to correspond to the categories of this Request.

8. As appropriate in context, all instructions concerning documents apply equally to all other tangible things.

9. This is a continuing demand for the production of documents, and if additional responsive documents are received or discovered after the document production scheduled herein, all such responsive documents shall be produced as they are received or discovered.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All documents referenced, relied upon or consulted in connection with your answers to Hartford's First Set of Interrogatories to Plaintiff.

2. All documents supporting Plaintiff's claim for damages in the amount of $369,800.14.

3. All documents concerning the specific items of property you allege were damaged by or as a result of the Event, including, but not limited to, inventories of all damaged and undamaged property, the precise location of each item of property that you allege was damaged at the time that the property was damaged by or as a result of the Event, the costs incurred to acquire any property before it was allegedly damaged by or as a result of the Event, and proof of ownership of each item of property you allege was damaged by or as a result of the Event.

4. All documents concerning the purchase of the property allegedly damaged by the Event, including without limitation, all invoices, purchase orders, contracts, delivery receipts, bills of lading, shipping statements, waybills, packing lists, proofs of delivery, carrier manifests and certificates of origin.

5. All documents concerning the inventory maintained by Plaintiff at the Premises from January 1, 2020 to present.

6. All documents, including invoices, showing the sale of inventory maintained at the Premises from January 1, 2020 to present.

7. All documents and records concerning the expiration date of any inventory maintained at the Premises from January 1, 2020 to present.

8. Any lease for the Premises that was in effect on the date of the Event, including without limitation any lease between 1180 Randall LLC and Plaintiff.

9. All documents concerning City Wholesale Corp.'s and/or City Plus Cash and Carry, Corp.'s purchase of property damaged by the Event.

10. All documents concerning City Plus Wholesale Corp. and City Plus Cash and Carry, Corp. and their relationship to Plaintiff and/or the Event, including all documents identifying your purported ownership interest in City Plus Wholesale Corp. and City Plus Cash and Carry, Corp.

11. All documents concerning Plaintiff's relationship to Omar Quhshi.

12. All documents concerning Plaintiff's relationship to City Wholesale Corp.

13. All documents concerning Plaintiff's relationship to City Plus Cash and Carry, Corp.

14. All documents concerning Plaintiff's relationship to "Zahi", "Zahi City Wholesale" or "Zahi City Wholesale Corp."

15. All policies of insurance issued to City Plus Wholesale Corp. that were in effect at the time of the Event.

16. All policies of insurance issued to City Plus Cash and Carry, Corp. that were in effect at the time of the Event.All documents concerning how, when, and where the Event occurred.

17. All documents supporting your assertion that each item of allegedly damaged property was damaged by or as a result of the Event.

18. All documents concerning any and all reasonable steps you or any other person took to protect from further damage the property you allege was damaged by or as a result of the Event.

19. All documents concerning the replacement cost of all property you allege was damaged by or as a result of the Event, including, but not limited to, any property appraisals.

20. All documents concerning all amounts incurred to replace property you allege was damaged by or as a result of the Event, for which you seek coverage from Hartford in this action, including but not limited to invoices, itemized receipts, canceled checks, and any other proof of payment.

21. All documents concerning any amounts you have already obtained from any source as payment for the value of the property you alleged was damaged by or as the result of the Event.

22. All documents that you or Eastern provided to Hartford concerning the Event and/or the property you allege was damaged by or as a result of the Event, including, but not limited to, proof of loss for the property you allege was damaged by or as a result of the Event.

23. All documents that you provided to Eastern concerning the Event and/or the property you allege was damaged by as a result of the Event.

24. All photographs, video recordings, and any other visual representation or audio recording depicting the Event or the property you allege was damaged by or as a result of the Event.

25. All communications between you and Eastern concerning the Event and/or the property you allege was damaged by or as a result of the Event.

26. All communications between Eastern and Hartford concerning the Event and/or the property you allege was damaged by or as a result of the Event.

27. All communications between you and Hartford concerning the Event and/or the property you allege was damaged by or as a result of the Event.

28. All communications between you and/or Eastern and the owner of the Premises concerning the Event and/or the property you allege was damaged by or as a result of the Event.

29. All communications between you and any other person concerning the Event and/or the property you allege was damaged by or as a result of the Event.

30. All documents concerning your ownership of the Premises as alleged in paragraph 4 of the Complaint in this lawsuit.

31. All documents concerning your purchase and installation of any "permanent fixtures" as referenced in paragraph 6 of the Complaint in this lawsuit.

32. All documents concerning any Vacate Order pertaining to the Premises.

33. All tax returns filed by Plaintiff for the tax year 2022.

34. All business tax returns filed by City Plus Wholesale Corp., City Plus Cash and Carry, Corp. and/or City Plus Zahi, and/or Zahi City Wholesale Corp. for either the calendar tax year 2022 or the fiscal tax year that includes July 18, 2022.

35. Any other documents and communications not already produced in response to the above Requests, and any physical evidence, that you intend to rely on in support of your claim against Hartford.

Dated: Rye Brook, New York
       October 20, 2023

                              MENZ BONNER KOMAR & KOENIGSBERG LLP

                              By:   */s/ Melissa K. Driscoll*
                                      Michael S. Komar
                                      (mkomar@mbkklaw.com)
                                      Melissa K. Driscoll
                                      (mdriscoll@mbkklaw.com)

                              800 Westchester Avenue, Suite 641-N
                              Rye Brook, New York 10573
                              Tel.: (914) 949-0222
                              *Attorneys for Defendant*
                              *Hartford Underwriters Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2023, I served the foregoing document on Plaintiff's counsel, Joseph A. Altman, Esq., via electronic mail at altmanesq@aol.com.


*/s/ Melissa K. Driscoll*
MELISSA K. DRISCOLL