# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAGI QUHSHI,<br><br>                          Plaintiff,<br><br>-against-<br><br>THE HARTFORD UNDERWRITERS INSURANCE COMPANY,<br><br>                          Defendant. | Civil Case No. 1:23-cv-7935 |

**DEFENDANT HARTFORD UNDERWRITERS INSURANCE COMPANY'S
<u>FIRST SET OF INTERROGATORIES TO PLAINTIFF</u>**

Defendant Hartford Underwriters Insurance Company ("Hartford"), by and through its attorneys, Menz Bonner Komar & Koenigsberg LLP, hereby requests that Plaintiff Nagi Quhshi, in accordance with Rule 34 of the Federal Rules of Civil Procedure, answer under oath, within thirty (30) days of service hereof, in accordance with Rule 33 of the Federal Rules of Civil Procedure, the following Interrogatories.

**<u>DEFINITIONS</u>**

Hartford incorporates by reference the Uniform Definitions in Discovery Requests as set forth in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. To the extent not inconsistent with or narrower than Local Civil Rule 26.3, the following definitions also apply:

1. "Plaintiff," "you" and "your" means Plaintiff Nagi Quhshi.

2. "Eastern" means Eastern Public, LLC, its members, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

3. "Hartford Policy" means the Spectrum Business Owner's Policy, which contains, among other things, special property coverage, policy no. 76 SBW AM8N09, issued by Hartford to Nagi Quhshi for the period August 5, 2021 to August 5, 2022.

4. "Complaint" means Plaintiff's Complaint filed in the Supreme Court of the State of New York, County of Bronx, on or about August 3, 2023.

5. "Premises" means 531 Tiffany Street, Bronx, New York.

6. "Event" means the event that allegedly caused property at the Premises to be "damaged by water and other unknowns" on or about July 18, 2022, as alleged in the Complaint.

## **INSTRUCTIONS**

Hartford incorporates by reference the provisions of Rule 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. To the extent not inconsistent with or narrower than Federal Rule 33 and Local Civil Rule 26.3, the following instructions also apply:

1. In accordance with Rule 33(b) of the Federal Rules of Civil Procedure, Plaintiff shall answer each of the within Interrogatories separately and fully in writing under oath, unless it is objected to, in which event the reasons for the objections shall be stated in lieu of an answer.

2. If the answer to any Interrogatory contains an objection, then state, in addition to the objection: (a) the basis for the objection; and (b) whether the objection applies to the entire Interrogatory or only a portion of the applicable Interrogatory.

3. To the extent that Plaintiff objects to answering any Interrogatory, in whole or in part, on the basis of any claim of privilege, please provide all information required by the Federal Rules of Civil Procedure and Local Civil Rule 26.2, including the following:

    a.    For documents: (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

    b.    For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

4.    If Plaintiff objects to any part of an Interrogatory herein on the grounds that it is allegedly ambiguous, please answer all remaining parts of such Interrogatory to which no objection lies.

5.    In answering these Interrogatories, please furnish all information and documents available to Plaintiff, including information known to any and all of his attorneys, agents, employees, investigators, representatives, or other persons acting on his behalf, and documents in their possession which, upon Plaintiff's request, could be surrendered to his attorneys.

6.    With respect to any document responsive to these Interrogatories that has been destroyed: (a) state the date and manner of destruction of the document; (b) state the reason for destruction of the document; (c) identify the individual who destroyed the document; and (d) identify the custodian of the document at the time of destruction. This instruction specifically includes, but is not limited to, documents stored in electronic format or on a computer.

7.     If the answer to all or any part of an Interrogatory is not known or otherwise not now available, then please so state in response to such Interrogatory and furnish whatever responsive information is now known or otherwise available to Plaintiff or his attorneys, agents, employees, investigators or representatives.

8.     When answering these Interrogatories, please list each Interrogatory separately, and provide the answer thereto immediately below the Interrogatory. Each Interrogatory and each answer thereto shall be clearly marked.

9.     These Interrogatories are continuing in nature so as to require supplementation if Plaintiff discovers, receives, generates or recalls additional or different information or documents after the date of his initial answers. Such additional responses shall be served seasonably as required by the Federal Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 1**:

Identify all persons with knowledge or information concerning the allegations in the Complaint and state the subjects of their knowledge or information.

**RESPONSE TO INTERROGATORY NO. 1**:

**INTERROGATORY NO. 2**:

Identify all persons with knowledge or information concerning the specific items of property you allege were damaged by or as a result of the Event, inventories of all damaged and undamaged property, the precise location of each item of property that you allege was damaged at the time that the property was damaged by or as a result of the Event, the costs incurred to

4

acquire any property before it was allegedly damaged by or as a result of the Event, and proof of ownership of each item of property you allege was damaged by or as a result of the Event.

**RESPONSE TO INTERROGATORY NO. 2**:

**INTERROGATORY NO. 3**:

Identify all persons with knowledge or information concerning how, when, or where the Event occurred.

**RESPONSE TO INTERROGATORY NO. 3**:

**INTERROGATORY NO. 4**:

Identify all persons with knowledge or information supporting your assertion that each item of property you allege was damaged was damaged by or as a result of the Event.

**RESPONSE TO INTERROGATORY NO. 4**:

**INTERROGATORY NO. 5**:

Identify all persons with knowledge or information concerning any and all reasonable steps you or any other person took to protect from further damage the property you allege was damaged by or as a result of the Event.

**RESPONSE TO INTERROGATORY NO. 5**:

**INTERROGATORY NO. 6**:

Identify all persons with knowledge or information concerning the replacement cost of all property you allege was damaged by or as a result of the Event, including, but not limited to, any property appraisals.

**RESPONSE TO INTERROGATORY NO. 6**:


**INTERROGATORY NO. 7**:

Identify all persons with knowledge or information concerning all amounts incurred to replace property you allege was damaged by or as a result of the Event, for which you seek coverage from Hartford in this action, including but not limited to invoices, itemized receipts, canceled checks, and any other proof of payment.

**RESPONSE TO INTERROGATORY NO. 7**:


**INTERROGATORY NO. 8**:

Identify all persons with knowledge or information concerning any amounts you have already obtained from any source as payment for the value of the property you alleged was damaged by or as the result of the Event.

**RESPONSE TO INTERROGATORY NO. 8**:


**INTERROGATORY NO. 9**:

Identify all persons employed by or acting on behalf of Eastern that have knowledge or information concerning the Event and/or the property you alleged was damaged by or as a result of the Event.

**RESPONSE TO INTERROGATORY NO. 9**:

**INTERROGATORY NO. 10**:

Identify all persons with knowledge or information concerning the relationship between Plaintiff and any of the following: City Plus Wholesale Corp., City Plus Cash and Carry, Corp., Zahi, City Plus Zahi, Zahi Wholesale Corp. and Omar Quhshi.

**RESPONSE TO INTERROGATORY NO. 10**:

**INTERROGATORY NO. 11**:

Identify all persons with knowledge or information concerning the entity or individual who paid for or purchased the items and/or goods for which Plaintiff now seeks recovery by way of this lawsuit.

**RESPONSE TO INTERROGATORY NO. 11**:

**INTERROGATORY NO. 12**:

Identify all persons with knowledge or information concerning the cause of the loss/damage referenced in paragraph 6 of the Complaint in this lawsuit.

**RESPONSE TO INTERROGATORY NO. 12**:

**INTERROGATORY NO. 13**:

Identify each person you expect to call as a witness at trial of this action, and for each witness identify the subject matter and substance of the facts on which each person is expected to testify.

7

**RESPONSE TO INTERROGATORY NO. 13**:

**INTERROGATORY NO. 14**:

Identify persons with knowledge or information, relevant to how you calculated each and every element of damages alleged in the Complaint.

**RESPONSE TO INTERROGATORY NO. 14**:

**INTERROGATORY NO. 15**:

Identify all persons with knowledge or information about the documents and records maintained by Plaintiff, City Plus Wholesale Corp., City Plus Cash and Carry, Corp., Zahi, City Plus Zahi, Zahi Wholesale Corp. and/or Omar Quhshi concerning the purchase and sale of property and inventory kept at the Premises between January 1, 2022 and present, including without limitation, inventory lists, invoices, purchase orders, sales receipts, contracts, delivery receipts, bills of lading, shipping statements, waybills, packing lists, proofs of delivery, carrier manifests and certificates of origin.

**RESPONSE TO INTERROGATORY NO. 15**:

**INTERROGATORY NO. 16**:

Set forth the computation of each and every element of damages alleged in the Complaint.

**RESPONSE TO INTERROGATORY NO. 16**:

**INTERROGATORY NO. 17**:

Identify and describe all documents supporting the facts alleged in the Complaint.

**RESPONSE TO INTERROGATORY NO. 17**:


**INTERROGATORY NO. 18**:

Identify and describe all documents supporting each and every element of damages alleged in the Complaint.

**RESPONSE TO INTERROGATORY NO. 18**:


**INTERROGATORY NO. 19**

Identify the location and/or custodian of all documents identified in response to the above Interrogatories.

**RESPONSE TO INTERROGATORY NO. 19**:


**INTERROGATORY NO. 20**:

Identify all documents and physical evidence that you intend to rely on in support of your claims against Hartford.

**RESPONSE TO INTERROGATORY NO. 20**:

9

Dated: Rye Brook, New York
October 20, 2023

        MENZ BONNER KOMAR & KOENIGSBERG LLP

By: */s/ Melissa K. Driscoll*
Michael S. Komar
(mkomar@mbkklaw.com)
Melissa K. Driscoll
(mdriscoll@mbkklaw.com)

800 Westchester Avenue, Suite 641-N
Rye Brook, New York 10573
Tel.: (914) 949-0222
*Attorneys for Defendant*
*Hartford Underwriters Insurance Company*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 20, 2023, I served the foregoing document on Plaintiff's counsel, Joseph A. Altman, Esq., via electronic mail at altmanesq@aol.com.

                                                    */s/ Melissa K. Driscoll*
                                                    MELISSA K. DRISCOLL