# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAGI QUHSHI,<br><br>        Plaintiff,<br><br>-against-<br><br>THE HARTFORD UNDERWRITERS INSURANCE COMPANY,<br><br>        Defendant. | Civil Case No. 1:23-cv-7935-JPO |

**DEFENDANT HARTFORD UNDERWRITERS INSURANCE COMPANY'S
FIRST SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFF**

Defendant Hartford Underwriters Insurance Company ("Hartford"), by and through its attorneys, Menz Bonner Komar & Koenigsberg LLP, hereby serves the following Requests for Admissions ("Requests"), which will stand admitted unless Plaintiff Nagi Quhshi specifically denies the Requests by December 31, 2023:

**DEFINITIONS**

Hartford incorporates by reference the Uniform Definitions in Discovery Requests as set forth in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. To the extent not inconsistent with or narrower than Local Civil Rule 26.3, the following definitions also apply:

1.  "Plaintiff," "you" and "your" means Plaintiff Nagi Quhshi.

2.  "Eastern Public" means Eastern Public, LLC, its members, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

3. "Hartford Policy" means the Spectrum Business Owner's Policy, policy no. 76 SBW AM8N09, issued by Hartford to Nagi Quhshi for the period August 5, 2021 to August 5, 2022, which contains, among other things, special property coverage.

4. "Complaint" means Plaintiff's Complaint filed in the Supreme Court of the State of New York, County of Bronx, on or about August 3, 2023.

5. "Premises" means 531 Tiffany Street, Bronx, New York.

6. "Event" means the event that allegedly caused property at the Premises to be "damaged by water and other unknowns" on or about July 18, 2022, as alleged in the Complaint.

## INSTRUCTIONS

1. Plaintiff shall respond to these Requests pursuant to the requirements of Rule 36 of the Federal Rules of Civil Procedure, including, without limitation, each and every requirement for specifically admitting or denying each request, stating reasons for each objection, and, where part of a request can be admitted, specifying the portion that is true and qualifying or denying the rest.

## REQUESTS TO ADMIT

**REQUEST TO ADMIT NO. 1**

Admit that a true and correct copy of the Hartford Policy is attached hereto as **Exhibit A**.

**RESPONSE TO REQUEST TO ADMIT NO. 1**


**REQUEST TO ADMIT NO. 2**

Admit that Hartford issued the Hartford Policy to the named insured, Nagi Quhshi.

**RESPONSE TO REQUEST TO ADMIT NO. 2**

**REQUEST TO ADMIT NO. 3**

Admit that City Plus Wholesale Corp. is not an insured under the Hartford Policy.

**RESPONSE TO REQUEST TO ADMIT NO. 3**


**REQUEST TO ADMIT NO. 4**

Admit that City Plus Cash and Carry, Corp. is not an insured under the Hartford Policy.

**RESPONSE TO REQUEST TO ADMIT NO. 4**


**REQUEST TO ADMIT NO. 5**

Admit that Omar Quhshi is not an insured under the Hartford Policy.

**RESPONSE TO REQUEST TO ADMIT NO. 5**


**REQUEST TO ADMIT NO. 6**

Admit that Zahi City Wholesale is not an insured under the Hartford Policy.

**RESPONSE TO REQUEST TO ADMIT NO. 6**


**REQUEST TO ADMIT NO. 7**

Admit that Zahi City Wholesale Corp. is not an insured under the Hartford Policy.

**RESPONSE TO REQUEST TO ADMIT NO. 7**


**REQUEST TO ADMIT NO. 8**

Admit that City Plus Zahi is not an insured under the Hartford Policy.

**RESPONSE TO REQUEST TO ADMIT NO. 8**

3

**REQUEST TO ADMIT NO. 9**

Admit that Zahi is not an insured under the Hartford Policy.

**RESPONSE TO REQUEST TO ADMIT NO. 9**

**REQUEST TO ADMIT NO. 10**

Admit that the Premises was added as a scheduled premises under the Hartford Policy on or about January 8, 2022.

**RESPONSE TO REQUEST TO ADMIT NO. 10**

**REQUEST TO ADMIT NO. 11**

Admit that 1180 Randall LLC owned the Premises at the time of the Event.

**RESPONSE TO REQUEST TO ADMIT NO. 11**

**REQUEST TO ADMIT NO. 12**

Admit that Plaintiff did not own the Premises at the time of the Event.

**RESPONSE TO REQUEST TO ADMIT NO. 12**

**REQUEST TO ADMIT NO. 13**

Admit that Plaintiff did not rent the Premises or space on the Premises at the time of the Event.

**RESPONSE TO REQUEST TO ADMIT NO. 13**

**REQUEST TO ADMIT NO. 14**

Admit that the Lease for the Premises at the time of the Event is not between Plaintiff and the landlord of the Premises.

**RESPONSE TO REQUEST TO ADMIT NO. 14**

**REQUEST TO ADMIT NO. 15**

Admit that prior to the Event, Plaintiff never incurred costs related to the Premises' fixtures, alterations, installations, or additions that cannot legally be removed from the Premises.

**RESPONSE TO REQUEST TO ADMIT NO. 15**

**REQUEST TO ADMIT NO. 16**

Admit that Plaintiff did not own the property that Plaintiff alleges was damaged by or as a result of the Event.

**RESPONSE TO REQUEST TO ADMIT NO. 16**

**REQUEST TO ADMIT NO. 17**

Admit that Plaintiff did not pay for or purchase the property that Plaintiff alleges was damaged by or as a result of the Event.

**RESPONSE TO REQUEST TO ADMIT NO. 17**

**REQUEST TO ADMIT NO. 18**

Admit that Plaintiff never purchased items and/or goods intended to replace property that Plaintiff alleges was damaged by or as a result of the Event.

**RESPONSE TO REQUEST TO ADMIT NO. 18**

**REQUEST TO ADMIT NO. 19**

Admit that Plaintiff retained Eastern Public to act on Plaintiff's behalf with respect to Plaintiff's claim for damages sustained to the Premises as a result of the Event.

**RESPONSE TO REQUEST TO ADMIT NO. 19**

**REQUEST TO ADMIT NO. 20**

Admit that a true and correct copy of the Property Report for Nagi Quhshi dated December 20, 2022 (the "Property Report"), prepared by Eastern Public for Plaintiff, is attached hereto as **Exhibit B** (bates stamped PROPERTY REPORT 001-064).

**RESPONSE TO REQUEST TO ADMIT NO. 20**

**REQUEST TO ADMIT NO. 21**

Admit that the Property Report is the only document that Plaintiff provided to Hartford setting forth and containing information reflecting any amounts incurred to replace the property that Plaintiff alleges was damaged by or as a result of the Event and for which Plaintiff seeks recovery from Hartford in this action.

**RESPONSE TO REQUEST TO ADMIT NO. 21**

**REQUEST TO ADMIT NO. 22**

Admit that pages 002-003 of the Property Report set forth all amounts incurred to replace the property Plaintiff alleges was damaged by or as a result of the Event and for which Plaintiff

seeks recovery from Hartford in this action.

**RESPONSE TO REQUEST TO ADMIT NO. 22**


**REQUEST TO ADMIT NO. 23**

Admit that pages 004-064 of the Property Report do not identify Plaintiff Nagi Quhshi as either the purchaser or the individual or entity to which the invoices are billed.

**RESPONSE TO REQUEST TO ADMIT NO. 23**


**REQUEST TO ADMIT NO. 24**

Admit that pages 004-064 of the Property Report contain all documents reflecting any amounts incurred to replace the property that Plaintiff alleges was damaged by or as a result of the Event.

**RESPONSE TO REQUEST TO ADMIT NO. 24**


**REQUEST TO ADMIT NO. 25**

Admit that the image files and video recording files produced by Plaintiff in this action on October 18, 2023 in connection with Plaintiff's Rule 26 Disclosures constitute all the photographs, video recordings, and any other visual representations or audio recordings depicting the Event or the property that Plaintiff alleges was damaged by or as a result of the Event.

**RESPONSE TO REQUEST TO ADMIT NO. 25**


**REQUEST TO ADMIT NO. 26**

Admit that a Vacate Order was issued for the Premises on July 18, 2022.

**RESPONSE TO REQUEST TO ADMIT NO. 26**

**REQUEST TO ADMIT NO. 27**

Admit that You did not list or seek or identify any deductions on your tax returns for the tax year 2022 with respect to any casualty loss associated with the Event.

**RESPONSE TO REQUEST TO ADMIT NO. 27**


Hartford propounds its First Set of Requests for Admissions based on information and documentation available to it as of the date hereof and expressly reserves the right to supplement these Requests after completion of further discovery in this lawsuit.  Hartford further reserves the right to serve additional Requests after the production of documents and completion of fact discovery, and based on the fact that Plaintiff has failed to comply with his discovery obligations pursuant to the Federal Rules of Civil Procedure, the Local Rules, and the Court's Case Management Plan and Scheduling Order entered on September 29, 2023.

Dated:  Rye Brook, New York
       December 1, 2023

                                        MENZ BONNER KOMAR & KOENIGSBERG LLP

                                        By:    */s/ Melissa K. Driscoll*
                                                       Michael S. Komar
                                                       (mkomar@mbkklaw.com)
                                                       Melissa K. Driscoll
                                                       (mdriscoll@mbkklaw.com)

                                        800 Westchester Avenue, Suite 641-N
                                        Rye Brook, New York 10573
                                        Tel.: (914) 949-0222
                                        *Attorneys for Defendant*
                                        *Hartford Underwriters Insurance Company*