# EXHIBIT J

# MENZ BONNER KOMAR & KOENIGSBERG LLP

**ATTORNEYS AT LAW**

**800 WESTCHESTER AVENUE, SUITE 641-N**

TEL: (914) 949-0222          **RYE BROOK, NEW YORK 10573**          FAX: (914) 997-4117
www.mbkklaw.com

February 15, 2024

**VIA ECF**

Honorable Dale E. Ho, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 905
New York, New York 10007

Re:     Quhshi v. Hartford Underwriters Ins. Co., Case No. 1:23-cv-7935-DEH

**EXTENSION REQUEST LETTER MOTION**

Dear Judge Ho:

This firm represents defendant Hartford Underwriters Insurance Company ("Hartford") in connection with the above-referenced action.  We write pursuant to paragraph 2(e) of Your Honor's Individual Rules & Practices to request an extension of the current March 11, 2024 fact discovery deadline.  No previous extensions of the fact discovery deadline have been sought by Hartford.  Your Honor previously issued an Order on January 23, 2024 in response to Hartford's motion to compel which extended the dates for Plaintiff to respond to Hartford's outstanding discovery until February 9, 2024, the completion of any depositions and fact discovery until March 11, 2024, and the completion of expert discovery until April 26, 2024.  Based on Hartford's receipt last Friday of substantially deficient discovery responses from Plaintiff, as discussed below, Hartford respectfully seeks a 60-day extension of all remaining case deadlines so as to not be prejudiced in its diligent efforts to defend against Plaintiff's claims in this action.  Plaintiff's counsel consents to this extension request and a proposed Revised Case Management Plan and Scheduling Order is attached for the Court's consideration.[1]  The Court has scheduled the next case management conference in this matter on May 8, 2024 at 2:00 p.m.

By way of background, this is an insurance coverage action wherein Plaintiff Nagi Quhshi ("Plaintiff"), an individual, seeks $369,800.14 to reimburse Plaintiff for purported losses he suffered in connection with property damage at a warehouse located at 531 Tiffany Street, Bronx, New York ("Premises").  Hartford issued a policy to Plaintiff for the period August 5, 2021 to August 5, 2022 ("Hartford Policy").  As Your Honor may recall, on January 11, 2024, Hartford filed a letter motion to compel Plaintiff to respond to Hartford's discovery requests that were served several months earlier and simply ignored by Plaintiff despite multiple follow-up inquiries.  ECF Doc. No. 14.  On January 12, 2024, Your Honor issued an order directing Plaintiff to respond to Hartford's letter motion by January 17, 2024 and explain Plaintiff's efforts to diligently complete discovery by Court-ordered deadlines.  ECF Doc. No. 14.  Plaintiff did not file a letter.  Your Honor issued an order on January 18, 2024 that extended Plaintiff's deadline to file the letter.  ECF Doc. No. 16.  On January 19, 2024, Plaintiff filed the letter requesting an additional seventy

---

[1] Hartford and Plaintiff have also scheduled a telephonic meet and confer on February 16, 2024 to discuss Plaintiff's deficient discovery responses as addressed herein.

days to complete discovery and offering no justification for Plaintiff's failure to respond to Hartford's demands. ECF Doc. No. 17. Your Honor issued an order on January 23, 2024 requiring Plaintiff to respond to Hartford's demands and produce all responsive documents by February 9, 2024. ECF Doc. No. 17. That order also extended the deadline to complete depositions and the fact discovery deadline to March 11, 2024. *Id.*

Late in the evening on February 9, 2024, Plaintiff responded to Hartford's discovery demands and produced certain additional documents. Unfortunately, Plaintiff's responses are grossly deficient and, accordingly, Hartford requests an additional 60-day extension of the fact and expert discovery deadlines to provide adequate time to meet and confer concerning Plaintiff's recent discovery responses, allow Plaintiff an opportunity to supplement and cure the defects in his discovery responses without the need for a further motion practice, and afford Hartford a reasonable period of time to serve additional subpoenas once Plaintiff properly identifies various persons and organizations involved with his claim and complete any necessary depositions. The requested extension is needed by Hartford in light of Plaintiff's discovery delays and to obviate any potential prejudice due to Plaintiff's recalcitrance and untimely and incomplete disclosures.

Plaintiff's discovery responses are deficient for a number of reasons. By way of example, in his responses to Hartford's interrogatories, Plaintiff lists certain individuals, entities and generic categories of persons with knowledge about matters requested, but completely fails to provide the information required by the Local Rules.[2] In his response to two interrogatories seeking the identity of all individuals with knowledge concerning the allegations in Plaintiff's Complaint, as well as the identity of individuals with knowledge concerning the specific items of property Plaintiff alleges were damaged, inventory of all damaged and undamaged property, the location of the damaged property, costs incurred to acquire the property prior to its damage, and proof of ownership of the property, Plaintiff merely identifies "employees" without providing any further detail. Similarly, Plaintiff lists his "son (Omar)" and "ZAHI" without providing any further identifying information. *See, e.g.,* Responses to Interrogatory Nos. 1 and 2. Pursuant to Local Rule 26.3(c)(3), "identify" with respect to persons means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Plaintiff also simply ignores and fails to identify the specific subjects of those person's knowledge. Hartford is entitled to know the specific names of each person and employee possessing relevant information, the subject matter of their particular knowledge and information, the particular entity by whom they are employed, and their current or last known address. This bare minimum information is required in order to allow Hartford to determine which individuals, unidentified employees, and/or corporate representatives of entities should be deposed in this action with respect to Plaintiff's insurance claim. Due to Plaintiff's delays in properly responding to discovery served by Hartford more than four months ago, additional time beyond March 11 is needed to subpoena various non-parties and complete multiple depositions.

With respect to Plaintiff's responses to Hartford's requests for production of documents, Plaintiff has produced various documents related to his claimed losses that consist of invoices

---

[2] Plaintiff's responses to Hartford's Interrogatories, Requests to Admit and Document Requests are attached hereto as Exhibits A, B and C.

Honorable Dale E. Ho, U.S.D.J.
February 15, 2024
Page **3** of **3**

issued to various non-party corporations, including City Plus Wholesale Corp. and City Plus Cash and Carry Corp., as well as a "CityPlus CashNCarry Item Detail" that identifies various items/inventory of that entity. None of those entities is named or included as an insured on the Hartford Policy and a New York State Department of State Division of Corporation filing receipt for City Plus Cash and Carry, Corp. shows that this entity was not even created until months after the inception of the Hartford Policy. In response to Hartford's demands seeking documents showing the relationships between these entities, Plaintiff responds "Stock Certificate" and "Plaintiff's son" but no such certificates were produced and no documents reflecting the officers of these entities were produced. *See* Response Nos. 10-12. While Hartford has requested copies of "[a]ll business tax returns filed by City Plus Wholesale Corp., City Plus Cash and Carry, Corp. and/or City Plus Zahi, and/or Zahi City Wholesale Corp. for either the calendar tax year 2022 or the fiscal tax year that includes July 18, 2022", Plaintiff has merely produced a few pages of a single employer's quarterly return for City Plus Cash and Carry Corp. and no other responsive materials. Moreover, despite failing to timely respond and object to Hartford's October 20, 2023 Document Requests and this Court's Order granting Hartford's motion to compel and requiring Plaintiff to "produce all documents responsive to Defendant's document demands", Plaintiff now objects to and refuses to produce copies of his own tax returns. *See* Response to Document Request No. 33. In addition, Plaintiff improperly refers Hartford to documents produced by a third-party in response to a subpoena served by Hartford on Eastern Public, LLC. *See* Response Nos. 3, 15, 28 and 31. However, the documents subpoenaed by Hartford from Eastern Public were not even produced to Plaintiff until February 12, 2024 (after Plaintiff responded to Hartford's demands) and Plaintiff has an independent duty to produce documents in his own possession, custody or control.

Finally, in response to an interrogatory seeking the identity of expert witnesses, Plaintiff has identified "Plaintiff, Adjuster Brian Edwards – prima facie case as to cause of loss and damages, Fire Dept., name of witness, to be produce by NYCFD is unknown." The current deadline for completion of expert discovery is April 26, 2024. Hartford respectfully requests a 60-day extension of the expert discovery deadline and an Order directing Plaintiff to make its expert disclosures and submit any expert reports in accordance with F.R.C.P 26(a)(2) at least 30-days prior to such deadline so as to afford Hartford a reasonable opportunity to submit any rebuttal expert reports and provide for the orderly completion of expert depositions.

In summary, defendant Hartford has diligently pursued discovery in this action and complied with all Court deadlines and should not be penalized by Plaintiff's delays and forced to press ahead blindly with depositions and expert discovery without the benefit of full and complete discovery responses and all relevant documents. Hartford thanks the Court for its time and attention to this matter.

Respectfully submitted,

*Melissa K. Driscoll*

Melissa K. Driscoll

Attachments

cc:    Joseph A. Altman (via ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAGI QUHSHI,

                                     Plaintiff(s),

              v.

THE HARTFORD UNDERWRITERS INSURANCE COMPANY,

                                     Defendant(s).

23-cv-___7935__(DEH)

**FIRST AMENDED**
**CIVIL CASE MANAGEMENT**
**PLAN AND SCHEDULING**
**ORDER**

DALE E. HO, United States District Judge:

    This Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Rule 26(f)(3).[1]

1. All parties [consent [ ] / do not consent [X] ] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without any adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed at this time. Instead, within **three business days** of submitting this Case Management Plan and Scheduling Order, the parties shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at* https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf.]

2. The case [is [X] / is not [ ] ] to be tried to a jury.

3. The parties [have [X] / have not [ ] ] conferred pursuant to Rule 26(f).

4. Settlement discussions [have [ ] / have not [X] ] taken place.

    a. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following information within _____ days/weeks: _____
    __N/A_____
    _____
    _____

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.

b.  Counsel for the parties believe the following alternative dispute resolution mechanisms may be helpful in resolving this case (check all that apply):

☐ Immediate referral to the District's Mediation Program

☐ Immediate referral to a Magistrate Judge

☒ Referral to the District's Mediation Program after the close of fact discovery

☒ Referral to a Magistrate Judge after the close of fact discovery

☐ Retention of a private mediator

☐ Other: _____

**c.  The use of any alternative dispute resolution mechanism does not stay or modify any date in this order.**

5.  Initial disclosures pursuant to Rule 26(a)(1) shall be completed no later than _____**Completed**_____. [*Absent exceptional circumstances, a date not more than **14 days** following the Initial Pretrial Conference.*]

6.  Unless a party amends a pleading as a matter of course pursuant to Rule 15(a)(1), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion for leave to amend or join additional parties shall be filed no later than ____**Completed**____. [*Absent exceptional circumstances, a date not more than **30 days** following the date of this Order. Any motion to amend or to join additional parties filed after the deadline in this paragraph will be subject to the "good cause" standard in Rule 16(b)(4) rather than the more lenient standards of Rule 15 and 21.*]

7.  Fact Discovery

a.  All fact discovery shall be completed no later than ~~March 11, 2024~~ **May 10, 2024**_____. [*A period not to exceed **120 days** from the date of this Order, unless approved by the Court due to exceptional circumstances.*]

b.  Initial requests for production of documents pursuant to Rule 34 shall be served no later than ____**Completed**____. [*Absent exceptional circumstances, a date not more than **30 days** following the Initial Pretrial Conference.*]

c.  Interrogatories pursuant to Rule 33 shall be served no later than ____**Completed**____. [*Absent exceptional circumstances, a date not more than **30 days** following the Initial Pretrial Conference.*]

    d.  Depositions pursuant to Rules 30 and 31 shall be completed by the date set forth in paragraph 7(a).

    e.  Requests to admit pursuant to Rule 36 shall be served no later than <u>   **Completed**   </u>. [*Absent exceptional circumstances, a date no later than **30 days** before the close of all discovery.*]

    f.  Any of the deadlines in paragraphs 7(b)–(d) may be extended by the written consent of all parties without application to the Court, provided that all discovery pursuant to paragraphs 7(b)–(d) is completed by the date set forth in paragraph 7(a).

8.  [*If applicable*] Expert Discovery

    a.  Anticipated types of experts: <u>  **Damages**                   </u>

    b.  All expert discovery, including expert reports and depositions, shall be completed no later than ~~April 26, 2024~~ <u>June 26, 2024</u> [*Absent exceptional circumstances, a date no later than **45 days** from the end of fact discovery deadline set forth in paragraph 7(a).*]

    c.  Plaintiff's expert disclosures pursuant to Rule 26(a)(2) shall be made no later than <u>  **May 15, 2024**        </u>.

    d.  Defendant's expert disclosures pursuant to Rule 26(a)(2) shall be made no later than <u>  **June 14, 2024**       </u>.

    e.  The interim deadlines in paragraphs 8(c)–(d) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by the date set forth in paragraph 8(b).

9.  [*To be completed by the Court*]  The Court will conduct a case management conference following the close of discovery on <u>             </u> at <u>        </u> . The parties shall join the conference by dialing (646) 453 - 4442 and entering the conference ID: <u>        </u>, followed by the pound sign (#).  The parties shall submit a joint status letter by <u>        </u>. The letter shall state whether any party intends to file a dispositive motion. The letter shall further describe the efforts the parties have made to settle the action and state whether the parties request a referral for settlement discussions before the assigned Magistrate Judge or through the District's Mediation Program.

10.  Unless otherwise ordered by the Court, the parties shall submit to the Court for its approval a Joint Pretrial Order—prepared in accordance with the Court's Individual Trial Rules and Procedures and Rule 26(a)(3)—by <u>  **July 26, 2024**   </u>. [*Absent exceptional circumstances, within **30 days** of the close of all discovery or, if a dispositive motion has been filed, no more than **30 days** of a decision on such motion.*]

11. The parties shall be ready for trial as of **two weeks** following the deadline for the proposed Joint Pretrial Order.

12. Counsel for the parties have conferred and their best estimate of the length of trial is _____**3 days**_____.

13. Other issues to be addressed at the Initial Case Management Conference, including those set forth in Rule 26(f)(3), are set forth below:
    N/A
    _____
    _____
    _____
    _____

14. This Order may not be modified or the dates herein extended, except as provided in paragraphs 7(f) and 8(e) or by further Order of the Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraphs 7(f) and 8(e), shall be made in a written application in accordance with the Court's Individual Rules and Practices and shall be made no fewer than **two business days** prior to the expiration of the date sought to be extended.

Dated:

    New York, New York

               SO ORDERED.

               _____
               DALE E. HO
               United States District Judge

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

NAGI QUHSHI,

                Plaintiff,

        -against-

THE HARTFORD UNDERWRITERS
INSURANCE COMPANY,

              Defendant.

---

Civil Case No. 1:23-cv-7935

**PLAINTIFF'S RESPONSE TO THE DEFENDANT HARTFORD**
**UNDERWRITERS INSURANCE COMPANY'S FIRST SET OF**
**INTERROGATORIES TO PLAINTIFF IS AS FOLLOWS:**

**INTERROGATORIES**

**INTERROGATORY NO. 1**:

    Identify all persons with knowledge or information concerning the allegations in the

Complaint and state the subjects of their knowledge or information.

**RESPONSE TO INTERROGATORY NO. 1**:

Plaintiff, son (Omar), employees, Adjuster, Brian Evans, for Eastern Public

**INTERROGATORY NO. 2**:

    Identify all persons with knowledge or information concerning the specific items of

property you allege were damaged by or as a result of the Event, inventories of all damaged and

undamaged property, the precise location of each item of property that you allege was damaged

at the time that the property was damaged by or as a result of the Event, the costs incurred to

Acquire any property before it was allegedly damaged by or as a result of the Event, and proof of ownership of each item of property you allege was damaged by or as a result of the Event.

**RESPONSE TO INTERROGATORY NO. 2**:

Plaintiff, son (Omar), employees, Adjuster (Brian Edwards/Eastern Public), ZAHI

**INTERROGATORY NO. 3**:

Identify all persons with knowledge or information concerning how, when, or where the Event occurred.

**RESPONSE TO INTERROGATORY NO. 3**:

Plaintiff, son (Omar), Brian Edwards for Eastern Public/ Adjuster, ZAHI

**INTERROGATORY NO. 4**:

Identify all persons with knowledge or information supporting your assertion that each item of property you allege was damaged was damaged by or as a result of the Event.

**RESPONSE TO INTERROGATORY NO. 4**:

Plaintiff, son (Omar), Brian Edwards for Eastern Public/ Adjuster, ZAHI

**INTERROGATORY NO. 5**:

Identify all persons with knowledge or information concerning any and all reasonable steps you or any other person took to protect from further damage the property you allege was damaged by or as a result of the Event.

**RESPONSE TO INTERROGATORY NO. 5**:

Plaintiff could not take action due to Vacate Order

**INTERROGATORY NO. 6**:

Identify all persons with knowledge or information concerning the replacement cost of all property you allege was damaged by or as a result of the Event, including, but not limited to, any property appraisals.

**RESPONSE TO INTERROGATORY NO. 6**:

Plaintiff, Adjuster, Mr. Brian Edwards, Eastern Public

**INTERROGATORY NO. 7**:

Identify all persons with knowledge or information concerning all amounts incurred to replace property you allege was damaged by or as a result of the Event, for which you seek coverage from Hartford in this action, including but not limited to invoices, itemized receipts, canceled checks, and any other proof of payment.

**RESPONSE TO INTERROGATORY NO. 7**:

Plaintiff, Adjuster, Mr. Brian Edwards/Eastern Public

**INTERROGATORY NO. 8**:

Identify all persons with knowledge or information concerning any amounts you have already obtained from any source as payment for the value of the property you alleged was damaged by or as the result of the Event.

**RESPONSE TO INTERROGATORY NO. 8**:

No Money has been received

**INTERROGATORY NO. 9**:

Identify all persons employed by or acting on behalf of Eastern that have knowledge or information concerning the Event and/or the property you alleged was damaged by or as a result of the Event.

**RESPONSE TO INTERROGATORY NO. 9**:

Adjuster, Mr. Brian Edwards/Eastern Public

**INTERROGATORY NO. 10**:

Identify all persons with knowledge or information concerning the relationship between Plaintiff and any of the following: City Plus Wholesale Corp., City Plus Cash and Carry, Corp., Zahi, City Plus Zahi, Zahi Wholesale Corp. and Omar Quhshi.

**RESPONSE TO INTERROGATORY NO. 10**:

Plaintiff, Omar

**INTERROGATORY NO. 11**:

Identify all persons with knowledge or information concerning the entity or individual who paid for or purchased the items and/or goods for which Plaintiff now seeks recovery by way of this lawsuit.

**RESPONSE TO INTERROGATORY NO. 11**:

Plaintiff, ZAHI

**INTERROGATORY NO. 12**:

Identify all persons with knowledge or information concerning the cause of the loss/damage referenced in paragraph 6 of the Complaint in this lawsuit.

**RESPONSE TO INTERROGATORY NO. 12**:

Plaintiff, ZAHI, Landlord (name unknown)

**INTERROGATORY NO. 13**:

Identify each person you expect to call as a witness at trial of this action, and for each witness identify the subject matter and substance of the facts on which each person is expected to testify.

**RESPONSE TO INTERROGATORY NO. 13**:

Plaintiff, Adjuster Brian Edwards– prima facie case as to cause of loss and damages, Fire Dept., name of witness, to be produce by NYCFD is unknown

**INTERROGATORY NO. 14**:

Identify persons with knowledge or information, relevant to how you calculated each and every element of damages alleged in the Complaint.

**RESPONSE TO INTERROGATORY NO. 14**:

Plaintiff, Adjuster, Brian Edwards

**INTERROGATORY NO. 15**:

Identify all persons with knowledge or information about the documents and records maintained by Plaintiff, City Plus Wholesale Corp., City Plus Cash and Carry, Corp., Zahi, City Plus Zahi, Zahi Wholesale Corp. and/or Omar Quhshi concerning the purchase and sale of property and inventory kept at the Premises between January 1, 2022 and present, including without limitation, inventory lists, invoices, purchase orders, sales receipts, contracts, delivery receipts, bills of lading, shipping statements, waybills, packing lists, proofs of delivery, carrier manifests and certificates of origin.

**RESPONSE TO INTERROGATORY NO. 15**:

Plaintiff, Adjuster, Brian Edwards.

**INTERROGATORY NO. 16**:

Set forth the computation of each and every element of damages alleged in the Complaint.

**RESPONSE TO INTERROGATORY NO. 16**:

List of damages same as #2 document request, and was provided via the subpoena on Eastern Public.

**INTERROGATORY NO. 17**:

Identify and describe all documents supporting the facts alleged in the Complaint.

**RESPONSE TO INTERROGATORY NO. 17**:

All documents already provided, see Defendant's document demand and the plaintiff's response, which incorporates the response to the subpoena on Eastern Public.

**INTERROGATORY NO. 18**:

Identify and describe all documents supporting each and every element of damages alleged in the Complaint.

**RESPONSE TO INTERROGATORY NO. 18**:

All documents already provided, as per the Defendant's Demands, see #17 above, a duplicative demand.

**INTERROGATORY NO. 19**

Identify the location and/or custodian of all documents identified in response to the above Interrogatories.

**RESPONSE TO INTERROGATORY NO. 19**:

Plaintiff, Adjuster/ Brian Edwards/Eastern Public.

**INTERROGATORY NO. 20**:

Identify all documents and physical evidence that you intend to rely on in support of your claims against Hartford.

**RESPONSE TO INTERROGATORY NO. 20**:

All documents already provided, as per the Defendant's Demands and the plaintiff's responses to the document demand.

Dated:  Westchester, New York
        February 9, 2024

                                Joseph A. Altman, P.C.

                        By: _____
                                JOSEPH A. ALTMAN, ESQ.
                                Attorneys for Plaintiff
                                654 North Terrace Avenue
                                Fleetwood, New York, 10552
                                (718) 328-0422

TO:
MENZ BONNER KOMAR & KOENIGSBERG LLP
 *Attorneys for Defendant*
*Hartford Underwriters Insurance Company*
800 Westchester Avenue, Suite 641-N
Rye Brook, New York 10573
Tel.: (914) 949-0222
(mkomar@mbkklaw.com)
 (mdriscoll@mbkklaw.com)

## VERIFICATION

_√nagi Quhshi_ _____, being duly sworn, deposes and says:

I am the plaintiff    I have read the foregoing answer and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true. To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous as defined in subsection (c) of section 130-1.1 of the Rules of the Chief Administrator (22 NYCRR).

_____
Sign Name

× _nagi Quhshi_
Print Name

Sworn to before me this

_9_ day of _Febry 2024_.

_____
Notary Public
JOSEPH A. ALTMAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02AL4805116
Qualified in Westchester County
My Commission Expires 07-31-2026

4

STATE OF NEW YORK, COUNTY OF            SS:,

I, the undersigned, an attorney admitted to practice in the courts of New York State,

| | |
|---|---|
| _____ **certification** | certify that the within |
| **by Attorney** | has been compared by me with the original and found to be a true and complete copy. |
| _____ **Attorney's** | state that I am |
| **affirmation** | the attorney(s) of record for                                in the within |

action;    I have read the foregoing                               and know the contents thereof; the same is true

to my knowledge, except as to the matters therein

alleged to be on information and belief; and as to those matters I believe it to be true.

The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.

                                             _____

                                        The name signed must be printed beneath

DATED:

STATE OF NEW YORK, COUNTY OF     Westchester                  SS:

I, the undersigned, being duly sworn, depose and say:

X    _**individual**     in the action; I have read the foregoing  **RESPONSE TO THE DEFENDANT HARTFORD UNDERWRITERS**

       **verification**   **INSURANCE COMPANY'S REQUESTS FOR INTEROGATORIES**

               and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on

information and belief, and as to those matters I believe it to be true.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on the     day of    February, 2024           _____

                                              NAGI QUHSHI

STATE OF NEW YORK, COUNTY OF WESTCHESTER      ss:      ( if more than one box is checked - indicate after names type of service used)

I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at

The undersigned Attorney and Counselor-at-law, duly admitted to practice law in the Courts of the State of New York, affirms,

under the penalty of perjury that:

On   2/ 9 /24       I served the within **PLAINTIFF'S RESPONSE TO THE DEFENDANT HARTFORD**

**UNDERWRITERS INSURANCE COMPANY'S FIRST SET OF INTERROGATORIES TO**

**PLAINTIFF**

| | |
|---|---|
| _____ **service** | by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and |
| **by mail** | custody of the U.S. Postal Service within the New York State addressed to |
| _____ **Personal** | by delivering a true copy of each personally to each person named below at the address indicated. I know |
| **service on** | each person served to be the person mentioned and described in said papers *as a party therein.* |
| **an individual** | |
| x   **Service by** | by transmitting a copy to the following persons by _____ FAX at the telephone number set forth after each name below |
| **electronic** | _____E-Mail address set forth after each name below, which was designated by the attorney for such purpose, |
| **means** | and by by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody |
| | of the U.S. Postal Service within the New York State to the address set forth after each name. |
| _____ **Overnight** | by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after |
| **Delivery** | each name below. |
| **Service** | |

MENZ BONNER KOMAR & KOENIGSBERG LLP

*Attorneys for Defendant*

*Hartford Underwriters Insurance Company*

800 Westchester Avenue, Suite 641-N

Rye Brook, New York 10573

Tel.: (914) 949-0222

(mkomar@mbkklaw.com)

(mdriscoll@mbkklaw.com)

                                                      :

                                   _____

                                    Joseph A. Altman Esq.

Affirm on the

    9th. day of February, 2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------x

NAGI QUHSHI

CIVIL CASE NO:  23-cv-7935(jpo)

                    Plaintiffs,

     -against-

THE HARTFORD UNDERWRITERS
INSURANCE COMPANY,

                Defendants.

--------------------------------------------------------------------------x

## PLAINTIFF'S RESPONSE TO THE DEFENDANT HARTFORD UNDERWRITERS INSURANCE COMPANY'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Joseph A. Altman, P.C.
Attorney(s) for
Plaintiff
654 North Terrace Avenue
Fleetwood, New York 10552
718-328-0422

Service of a copy of the within
is hereby admitted.

TO:

Dated:

Attorney(s) for

### PLEASE TAKE NOTICE:

| NOTICE OF ENTRY | NOTICE OF SETTLEMENT |
|---|---|
| that the within is a (certified) true copy of a duly entered in the office of the clerk of the within named court on | that an order         of which the within is a true copy      will be presented to the Hon.          one of the judges of the within named Court, at |
| Dated: | on          at       M. |
|    Yours, etc. | Dated: |
|    Attorney for |    Yours, etc. |
| |    Attorney for |
| Joseph A. Altman, P.C. | Joseph A. Altman, P.C. |
| 654 North Terrace Avenue | 654 North Terrace Avenue |
| Fleetwood, New York, 10552 | Fleetwood, New York, 10552 |

### ATTORNEY'S CERTIFICATION

JOSEPH A. ALTMAN, ESQ. , an attorney duly admitted to the Courts of the state of New York, hereby certifies that the annexed **PLAINTIFF'S RESPONSE TO THE DEFENDANT HARTFORD UNDERWRITERS INSURANCE COMPANY'S FIRST SET OF INTERROGATORIES TO PLAINTIFF** is to the best of my knowledge and upon information and belief, formed after an inquiry reasonable under the circumstances, that the presentation of said papers or contentions therein are not frivolous as defined in subsection (c) of section 130-1.1 of 22 NYCRR.

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAGI QUHSHI,

                    Plaintiff,                    Civil Case No. 1:23-cv-7935

          -against-

THE HARTFORD UNDERWRITERS
INSURANCE COMPANY,

                    Defendant.

## PLAINTIFF'S RESPONSE TO THE DEFENDANT HARTFORD UNDERWRITERS INSURANCE COMPANY'S REQUESTS TO ADMIT IS AS FOLLOWS:

### REQUEST TO ADMIT NO. 1

Admit that a true and correct copy of the Hartford Policy is attached hereto as **Exhibit A**.

### RESPONSE TO REQUEST TO ADMIT NO. 1
*ADMIT*

### REQUEST TO ADMIT NO. 2

Admit that Hartford issued the Hartford Policy to the named insured, Nagi Quhshi.

### RESPONSE TO REQUEST TO ADMIT NO. 2
*ADMIT*

### REQUEST TO ADMIT NO. 3

Admit that City Plus Wholesale Corp. is not an insured under the Hartford Policy.

### RESPONSE TO REQUEST TO ADMIT NO. 3
*DENY*

### REQUEST TO ADMIT NO. 4

Admit that City Plus Cash and Carry, Corp. is not an insured under the Hartford Policy.

**RESPONSE TO REQUEST TO ADMIT NO. 4**
*DENY*

**REQUEST TO ADMIT NO. 5**

Admit that Omar Quhshi is not an insured under the Hartford Policy.

**RESPONSE TO REQUEST TO ADMIT NO. 5**
*ADMIT*

**REQUEST TO ADMIT NO. 6**

Admit that Zahi City Wholesale is not an insured under the Hartford Policy.

**RESPONSE TO REQUEST TO ADMIT NO. 6**
*ADMIT*

**REQUEST TO ADMIT NO. 7**

Admit that Zahi City Wholesale Corp. is not an insured under the Hartford Policy.

**RESPONSE TO REQUEST TO ADMIT NO. 7**
*ADMIT*

**REQUEST TO ADMIT NO. 8**

Admit that City Plus Zahi is not an insured under the Hartford Policy.

**RESPONSE TO REQUEST TO ADMIT NO. 8**
*ADMIT*

**REQUEST TO ADMIT NO. 9**

Admit that Zahi is not an insured under the Hartford Policy.

**RESPONSE TO REQUEST TO ADMIT NO. 9**
*ADMIT*

**REQUEST TO ADMIT NO. 10**

Admit that the Premises was added as a scheduled premises under the Hartford Policy on

or about January 8, 2022.

**RESPONSE TO REQUEST TO ADMIT NO. 10**
*ADMIT*

**REQUEST TO ADMIT NO. 11**

Admit that 1180 Randall LLC owned the Premises at the time of the Event.

**RESPONSE TO REQUEST TO ADMIT NO. 11**
*DENY*

**REQUEST TO ADMIT NO. 12**

Admit that Plaintiff did not own the Premises at the time of the Event.

**RESPONSE TO REQUEST TO ADMIT NO. 12**
*ADMIT*

**REQUEST TO ADMIT NO. 13**

Admit that Plaintiff did not rent the Premises or space on the Premises at the time of the

Event.

**RESPONSE TO REQUEST TO ADMIT NO. 13**
*DENY*

**REQUEST TO ADMIT NO. 14**

Admit that the Lease for the Premises at the time of the Event is not between Plaintiff and

the landlord of the Premises.

**RESPONSE TO REQUEST TO ADMIT NO. 14**
*DENY*

## REQUEST TO ADMIT NO. 15

Admit that prior to the Event, Plaintiff never incurred costs related to the Premises' fixtures, alterations, installations, or additions that cannot legally be removed from the Premises.

## RESPONSE TO REQUEST TO ADMIT NO. 15

*DENY*

## REQUEST TO ADMIT NO. 16

Admit that Plaintiff did not own the property that Plaintiff alleges was damaged by or as a result of the Event.

## RESPONSE TO REQUEST TO ADMIT NO. 16
*DENY*

## REQUEST TO ADMIT NO. 17

Admit that Plaintiff did not pay for or purchase the property that Plaintiff alleges was damaged by or as a result of the Event.

## RESPONSE TO REQUEST TO ADMIT NO. 17
*DENY*

## REQUEST TO ADMIT NO. 18

Admit that Plaintiff never purchased items and/or goods intended to replace property that Plaintiff alleges was damaged by or as a result of the Event.

## RESPONSE TO REQUEST TO ADMIT NO. 18
*DENY*

## REQUEST TO ADMIT NO. 19

Admit that Plaintiff retained Eastern Public to act on Plaintiff's behalf with respect to Plaintiff's claim for damages sustained to the Premises as a result of the Event.

## RESPONSE TO REQUEST TO ADMIT NO. 19
*ADMIT*

## REQUEST TO ADMIT NO. 20

Admit that a true and correct copy of the Property Report for Nagi Quhshi dated December 20, 2022 (the "Property Report"), prepared by Eastern Public for Plaintiff, is attached hereto as **Exhibit B** (bates stamped PROPERTY REPORT 001-064).

## RESPONSE TO REQUEST TO ADMIT NO. 20
*DENY – need copy of Report, please send.*

## REQUEST TO ADMIT NO. 21

Admit that the Property Report is the only document that Plaintiff provided to Hartford setting forth and containing information reflecting any amounts incurred to replace the property that Plaintiff alleges was damaged by or as a result of the Event and for which Plaintiff seeks recovery from Hartford in this action.

## RESPONSE TO REQUEST TO ADMIT NO. 21
*DENY – see adjuster's report provided, sent by adjuster, in response to subpoena on Eastern Public.*

## REQUEST TO ADMIT NO. 22

Admit that pages 002-003 of the Property Report set forth all amounts incurred to replace the property Plaintiff alleges was damaged by or as a result of the Event and for which Plaintiff seeks recovery from Hartford in this action.

## RESPONSE TO REQUEST TO ADMIT NO. 22
*DENY – see adjuster's report provided, sent by adjuster, in response to subpoena on Eastern Public.*

## REQUEST TO ADMIT NO. 23

Admit that pages 004-064 of the Property Report do not identify Plaintiff Nagi Quhshi as

either the purchaser or the individual or entity to which the invoices are billed.

**RESPONSE TO REQUEST TO ADMIT NO. 23**
*DENY – see adjuster's report, sent in response to subpoena to Eastern Public.*

**REQUEST TO ADMIT NO. 24**

Admit that pages 004-064 of the Property Report contain all documents reflecting any

amounts incurred to replace the property that Plaintiff alleges was damaged by or as a result of the

Event.

**RESPONSE TO REQUEST TO ADMIT NO. 24**
*DENY – see adjuster's report provided in response to subpoena to Eastern Public.*

**REQUEST TO ADMIT NO. 25**

Admit that the image files and video recording files produced by Plaintiff in this action on
October 18, 2023 in connection with Plaintiff's Rule 26 Disclosures constitute all the photographs,
video recordings, and any other visual representations or audio recordings depicting the Event or
the property that Plaintiff alleges was damaged by or as a result of the Event.

**RESPONSE TO REQUEST TO ADMIT NO. 25**
*ADMIT – with additional photos to be turned over when and if located.*

**REQUEST TO ADMIT NO. 26**

Admit that a Vacate Order was issued for the Premises on July 18, 2022.

**RESPONSE TO REQUEST TO ADMIT NO. 26**
*ADMIT*

**REQUEST TO ADMIT NO. 27**

Admit that You did not list or seek or identify any deductions on your tax returns for the

tax year 2022 with respect to any casualty loss associated with the Event.

**RESPONSE TO REQUEST TO ADMIT NO. 27**
*ADMIT*

Dated:  Westchester, New York
      February   9 , 2024

                                 Joseph A. Altman, P.C.

By: _____
            JOSEPH A. ALTMAN, ESQ.
            Attorneys for Plaintiff
            654 North Terrace Avenue
            Fleetwood, New York, 10552
            (718) 328-0422

TO:
MENZ BONNER KOMAR & KOENIGSBERG LLP
*Attorneys for Defendant*
*Hartford Underwriters Insurance Company*
800 Westchester Avenue, Suite 641-N
Rye Brook, New York 10573
Tel.: (914) 949-0222
(mkomar@mbkklaw.com)
(mdriscoll@mbkklaw.com)


STATE OF NEW YORK,
                    ss)
COUNTY OF WESTCHESTER

**X  *INDIVIDUAL  VERIFICATION***
I, the undersigned, being duly sworn, depose and say:
**I, Nagi Quhshi am the Plaintiff** in this action;
I have read the foregoing  **RESPONSE TO THE DEFENDANT HARTFORD
UNDERWRITERS INSURANCE COMPANY'S REQUESTS TO ADMIT**  and know the
contents thereof; the same is true to my own knowledge, except as to the matters therein stated to
be alleged on information and belief, and as to those matters I believe it to be true.
Sworn to before me
on the  9^(th).day of   February , 2024         see next page.

                         _____
                         **Nagi Quhshi**

## VERIFICATION

_√nagi Quhshi_ , being duly sworn, deposes and says:

Notary to Admit

I am the Plaintiff I have read the foregoing and know the contents

thereof. The same are true to my knowledge, except as to matters therein stated to be

alleged on information and belief and as to those matters I believe them to be true. To the

best of my knowledge, information and belief, formed after an inquiry reasonable under the

circumstances, the presentation of these papers or the contentions therein are not

frivolous as defined in subsection (c) of section 130-1.1 of the Rules of the Chief

Administrator (22 NYCRR).

X _____
Sign Name

_√nagi Quhshi_
Print Name

Sworn to before me this

9th day of Feb , 2024 .

_____
Notary Public

JOSEPH A. ALTMAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02AL4805116
Qualified in Westchester County
My Commission Expires 07-31-2026

4

STATE OF NEW YORK, COUNTY OF                                                          SS:.
I, the undersigned, an attorney admitted to practice in the courts of New York State,

_____ **certification**        certify that the within
_____ **by Attorney**         has been compared by me with the original and found to be a true and complete copy.
_____ **Attorney's**          state that I am
_____ **affirmation**         the attorney(s) of record for                                          in the within
                               action;    I have read the foregoing                                   and know the contents thereof; the same is true
                               to my knowledge, except as to the matters therein
                               alleged to be on information and belief; and as to those matters I believe it to be true.
                               The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:
I affirm that the foregoing statements are true, under the penalties of perjury.                    _____
                                                                                                   The name signed must be printed beneath

DATED:

STATE OF NEW YORK, COUNTY OF                                       SS:
I, the undersigned, being duly sworn, depose and say:
X    _**individual**_          in the action; I have read the foregoing
     **verification**                                                   and know the contents thereof; the same is true to my own
                               knowledge, except as to the matters therein stated to be alleged on information and belief,
                               and as to those matters I believe it to be true.
_____ **corporation**         the                              of
       **verification**        a                                          corporation and a party in the within action; I have
                               read the foregoing                              and know the contents thereof; the same is true to my knowledge,
                               except as to the matters therein stated to be alleged upon information and belief; and as to those matters I believe it to be true. This
                               verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:
Sworn to before me on the      day of                           _____

STATE OF NEW YORK, COUNTY OF WESTCHESTER           ss:       ( if more than one box is checked - indicate after names type of service used)
I, the undersigned, being sworn, say:  I am not a party to the action, am over 18 years of age and reside at

The undersigned Attorney and Counselor-at-law, duly admitted to practice law in the Courts of the State of New York, affirms,
under the penalty of perjury that:

On  2/ 9 /24   /   I served the within **PLAINTIFF'S RESPONSE TO THE DEFENDANT HARTFORD
UNDERWRITERS INSURANCE COMPANY'S REQUESTS TO ADMIT**

_____ **service**            by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and
       **by mail**            custody of the U.S. Postal Service within the New York State addressed to

_____ **Personal**           by delivering a true copy of each personally to each person named below at the address indicated.  I know
       **service on**         each person served to be the person mentioned and described in said papers *as a party therein.*
       **an individual**
  _X_  **Service by**          by transmitting a copy to the following persons by ____ **FAX** at the telephone number set forth after each name below
       **electronic**          ____ E-Mail address set forth after each name below, which was designated by the attorney for such purpose,
       **means**               and by by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody
                               of the U.S. Postal Service within the New York State  to the address set forth after each name.
_____ **Overnight**           by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after
       **Delivery**            each name below.
       **Service**

MENZ BONNER KOMAR & KOENIGSBERG LLP

*Attorneys for Defendant*
*Hartford Underwriters Insurance Company*                                               800
Westchester Avenue, Suite 641-N
Rye Brook, New York 10573
Tel.: (914) 949-0222
(mkomar@mbkklaw.com)
(mdriscoll@mbkklaw.com)

                                         *Joseph A. Altman (signature)*

                                         _____
                                         Joseph A. Altman Esq.

Affirm on the
   9th day of February, 2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

NAGI QUHSHI                                        CIVIL CASE NO:  23-cv-7935(jpo)

                           Plaintiffs,

           -against-


THE HARTFORD UNDERWRITERS
INSURANCE COMPANY,

                           Defendants.

-----------------------------------------------------------------------x

---

**PLAINTIFF'S RESPONSE TO THE DEFENDANT HARTFORD UNDERWRITERS
INSURANCE COMPANY'S REQUESTS TO ADMIT**

---

Joseph A. Altman, P.C.
Attorney(s) for
Plaintiff
654 North Terrace Avenue
Fleetwood, New York 10552
718-328-0422

---

Service of a copy of the within
is hereby admitted.

TO:

Dated:

Attorney(s) for

---

PLEASE TAKE NOTICE:

| NOTICE OF ENTRY | NOTICE OF SETTLEMENT |
|---|---|
| that the within is a (certified) true copy of a duly entered in the office of the clerk of the within named court on | that an order                          of which the within is a true copy                   will be presented to the Hon.                      one of the judges of the within named Court, at |
| | on                       at                      M. |
| Dated: | Dated: |
| Yours, etc. | Yours, etc. |
| Attorney for | Attorney for |
| Joseph A. Altman, P.C. | Joseph A. Altman, P.C. |
| 654 North Terrace Avenue | 654 North Terrace Avenue |
| Fleetwood, New York, 10552 | Fleetwood, New York, 10552 |

---

ATTORNEY'S CERTIFICATION

JOSEPH A. ALTMAN, ESQ. , an attorney duly admitted to the Courts of the state of New York, hereby certifies that the annexed **PLAINTIFF'S RESPONSE TO THE DEFENDANT HARTFORD UNDERWRITERS INSURANCE COMPANY'S REQUESTS TO ADMIT** is to the best of my knowledge and upon information and belief, formed after an inquiry reasonable under the circumstances, that the presentation of said papers or contentions therein are not frivolous as defined in subsection (c) of section 130-1.1 of 22 NYCRR.

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NAGI QUHSHI,

                      Plaintiff,

      -against-

THE HARTFORD UNDERWRITERS
INSURANCE COMPANY,

                  Defendant.

Civil Case No. 1:23-cv-7935

### PLAINTIFF'S RESPONSE TO THE DEFENDANT HARTFORD UNDERWRITERS INSURANCE COMPANY'S REQUESTS FOR PRODUCTION OF DOCUMENTS IS AS FOLLOWS:

All Responses, except as otherwise indicted, are annexed as Exhibits "1" → "35", which correspond to the Defendant's Demands, with the documents provided by the adjusted, pursuant to the subpoena seved on Eastern Public.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. See # 2→4 below, as #1 is duplicative of # 2, 3, and 4

2. Adjuster has provided this set of documents

3. Adjuster has provided this set of documents

4. Annexed

5. Annexed

6. Annexed – water destroyed documents which are no longer available, wherein some payments were made in cash.

7. Annexed

8. Annexed

9. Annexed

10. Stock Certificate

11. Plaintiff 's son

12. Stock Certificate

13. 10, 12, 13 are dublicative

14. None as to others – Zahi is an Employee W-2

15. Adjuster has provide this set of documents, see subpoena.

16. 15/16 are duplicative – roof collapsed, See Fire Marshall's Report.

17. Roof collapsed, See Fire Marshall's Report

18. Vacate Order, too dangerous to go back to site of event.

19. Provided in response to the subpoena responded to by the adjuster.

20. Provided in response to the subpoena responded to by the adjuster.

21. None, no payments made

22. Adjuster provided via Subpoena

23. Adjuster provided via Subpoena

24. Adjuster provided via Subpoena

25. Adjuster provided via Subpoena

26. Adjuster provided via Subpoena

27. Same as 25/26, which are duplicative.

28. Adjuster provided via subpoena

29. Fire Marshal, see the Fire Marshal's report.

30. Lease

31. Shelving Hi/Lo, see Adjuster's response to subpoena

32. Vacate order provided, all documents relating to same are not in the plaintiff's possession, and if available are a public record

33. Plaintiff's tax return is not material and or relevant, as plaintiff already responded that the

subject losses are not on the return.

34. See annexed

35. Too broad to respond, as a demand has to be detailed and specific not vague and indefinite.

Dated: Westchester, New York
     February 9, 2024

                               Joseph A. Altman, P.C.

                               *Joseph A. Altman*

By: _____
                    JOSEPH A. ALTMAN, ESQ.
                    Attorneys for Plaintiff
                    654 North Terrace Avenue
                    Fleetwood, New York, 10552
                    (718) 328-0422

TO:
MENZ BONNER KOMAR & KOENIGSBERG LLP
*Attorneys for Defendant*
*Hartford Underwriters Insurance Company*
800 Westchester Avenue, Suite 641-N
Rye Brook, New York 10573
Tel.: (914) 949-0222
(mkomar@mbkklaw.com)
(mdriscoll@mbkklaw.com)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NAGI QUHSHI,

                    Plaintiff,

        -against-

THE HARTFORD UNDERWRITERS
INSURANCE COMPANY,

                    Defendant.

Civil Case No. 1:23-cv-7935

### DEFENDANT HARTFORD UNDERWRITERS INSURANCE COMPANY'S
### FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Defendant Hartford Underwriters Insurance Company ("Hartford"), by and through its
attorneys, Menz Bonner Komar & Koenigsberg LLP, hereby requests that Plaintiff Nagi Quhshi,
in accordance with Rule 34 of the Federal Rules of Civil Procedure, respond to each of the
following requests in writing and produce for inspection and copying all documents that are in
his possession, custody or control ("Requests"), within thirty (30) days of service hereof, at the
undersigned's offices located at 800 Westchester Avenue, Suite 641-N, Rye Brook, NY 10573,
or at such other time and place as may be agreed upon by counsel.

### DEFINITIONS

Hartford incorporates by reference the Uniform Definitions in Discovery Requests as set
forth in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and
Eastern Districts of New York.  To the extent not inconsistent with or narrower than Local Civil
Rule 26.3, the following definitions also apply:

1.        "Plaintiff," "you" and "your" means Plaintiff Nagi Quhshi.

2.      "Eastern" means Eastern Public, LLC, its members, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

3.      "Hartford Policy" means the Spectrum Business Owner's Policy, which contains, among other things, special property coverage, policy no. 76 SBW AM8N09, issued by Hartford to Nagi Quhshi for the period August 5, 2021 to August 5, 2022.

4.      "Complaint" means Plaintiff's Complaint filed in the Supreme Court of the State of New York, County of Bronx, on or about August 3, 2023.

5.      "Premises" means 531 Tiffany Street, Bronx, New York.

6.      "Event" means the event that allegedly caused property at the Premises to be "damaged by water and other unknowns" on or about July 18, 2022, as alleged in the Complaint.

## INSTRUCTIONS

Hartford incorporates by reference the provisions of Rule 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.  To the extent not inconsistent with or narrower than Federal Rule 33 and Local Civil Rule 26.3, the following instructions also apply:

1.      Each Request seeks production of all documents described below, in the possession, custody or control of Plaintiff.

2.      Each Request contemplates production of the document in its entirety, without abbreviation, redaction or expurgation.

3.      If any Request cannot be responded to in full, it shall be complied with, to the extent possible, an explanation as to why complete compliance is not possible.

4.      With respect to any document responsive to these Requests that has been destroyed:  (a) state the date and manner of destruction of the document; (b) state the reason for destruction of the document; (c) identify the person who destroyed the document; (d) identify the custodian of the document at the time of destruction; and (e) identify such documents by author, date and subject matter.

5.      If your answers to any Request contain an objection, then state, in addition to the objection: (a) the basis for the objection; and (b) whether the objection applies to the entire Request or only a portion of the applicable Request.

6.      If any Request is deemed to call for the production of privileged materials and such privilege is asserted, please provide all information required by the Federal Rules of Civil Procedure and Local Civil Rule 26.2, including the following:

a.      For documents: (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

b.      For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

7.      Documents shall be produced as they are kept in the regular course of business or, in the alternative, organized and labeled so as to correspond to the categories of this Request.

8.      As appropriate in context, all instructions concerning documents apply equally to all other tangible things.

9.      This is a continuing demand for the production of documents, and if additional responsive documents are received or discovered after the document production scheduled herein, all such responsive documents shall be produced as they are received or discovered.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      All documents referenced, relied upon or consulted in connection with your answers to Hartford's First Set of Interrogatories to Plaintiff.

2.      All documents supporting Plaintiff's claim for damages in the amount of $369,800.14.

3.      All documents concerning the specific items of property you allege were damaged by or as a result of the Event, including, but not limited to, inventories of all damaged and undamaged property, the precise location of each item of property that you allege was damaged at the time that the property was damaged by or as a result of the Event, the costs incurred to acquire any property before it was allegedly damaged by or as a result of the Event, and proof of ownership of each item of property you allege was damaged by or as a result of the Event.

4.      All documents concerning the purchase of the property allegedly damaged by the Event, including without limitation, all invoices, purchase orders, contracts, delivery receipts, bills of lading, shipping statements, waybills, packing lists, proofs of delivery, carrier manifests and certificates of origin.

5.      All documents concerning the inventory maintained by Plaintiff at the Premises from January 1, 2020 to present.

6.      All documents, including invoices, showing the sale of inventory maintained at the Premises from January 1, 2020 to present.

7.      All documents and records concerning the expiration date of any inventory maintained at the Premises from January 1, 2020 to present.

8.      Any lease for the Premises that was in effect on the date of the Event, including without limitation any lease between 1180 Randall LLC and Plaintiff.

9.      All documents concerning City Wholesale Corp.'s and/or City Plus Cash and Carry, Corp.'s purchase of property damaged by the Event.

10.      All documents concerning City Plus Wholesale Corp. and City Plus Cash and Carry, Corp. and their relationship to Plaintiff and/or the Event, including all documents identifying your purported ownership interest in City Plus Wholesale Corp. and City Plus Cash and Carry, Corp.

11.      All documents concerning Plaintiff's relationship to Omar Quhshi.

12.      All documents concerning Plaintiff's relationship to City Wholesale Corp.

13.      All documents concerning Plaintiff's relationship to City Plus Cash and Carry, Corp.

14.      All documents concerning Plaintiff's relationship to "Zahi", "Zahi City Wholesale" or "Zahi City Wholesale Corp."

15.      All policies of insurance issued to City Plus Wholesale Corp. that were in effect at the time of the Event.

16.      All policies of insurance issued to City Plus Cash and Carry, Corp. that were in effect at the time of the Event.All documents concerning how, when, and where the Event occurred.

5

17.     All documents supporting your assertion that each item of allegedly damaged property was damaged by or as a result of the Event.

18.     All documents concerning any and all reasonable steps you or any other person took to protect from further damage the property you allege was damaged by or as a result of the Event.

19.     All documents concerning the replacement cost of all property you allege was damaged by or as a result of the Event, including, but not limited to, any property appraisals.

20.     All documents concerning all amounts incurred to replace property you allege was damaged by or as a result of the Event, for which you seek coverage from Hartford in this action, including but not limited to invoices, itemized receipts, canceled checks, and any other proof of payment.

21.     All documents concerning any amounts you have already obtained from any source as payment for the value of the property you alleged was damaged by or as the result of the Event.

22.     All documents that you or Eastern provided to Hartford concerning the Event and/or the property you allege was damaged by or as a result of the Event, including, but not limited to, proof of loss for the property you allege was damaged by or as a result of the Event.

23.     All documents that you provided to Eastern concerning the Event and/or the property you allege was damaged by as a result of the Event.

24.     All photographs, video recordings, and any other visual representation or audio recording depicting the Event or the property you allege was damaged by or as a result of the Event.

25.     All communications between you and Eastern concerning the Event and/or the property you allege was damaged by or as a result of the Event.

26.     All communications between Eastern and Hartford concerning the Event and/or the property you allege was damaged by or as a result of the Event.

27.     All communications between you and Hartford concerning the Event and/or the property you allege was damaged by or as a result of the Event.

28.     All communications between you and/or Eastern and the owner of the Premises concerning the Event and/or the property you allege was damaged by or as a result of the Event.

29.     All communications between you and any other person concerning the Event and/or the property you allege was damaged by or as a result of the Event.

30.     All documents concerning your ownership of the Premises as alleged in paragraph 4 of the Complaint in this lawsuit.

31.     All documents concerning your purchase and installation of any "permanent fixtures" as referenced in paragraph 6 of the Complaint in this lawsuit.

32.     All documents concerning any Vacate Order pertaining to the Premises.

33.     All tax returns filed by Plaintiff for the tax year 2022.

34.     All business tax returns filed by City Plus Wholesale Corp., City Plus Cash and Carry, Corp. and/or City Plus Zahi, and/or Zahi City Wholesale Corp. for either the calendar tax year 2022 or the fiscal tax year that includes July 18, 2022.

35.     Any other documents and communications not already produced in response to the above Requests, and any physical evidence, that you intend to rely on in support of your claim against Hartford.

Dated: Rye Brook, New York
October 20, 2023

MENZ BONNER KOMAR & KOENIGSBERG LLP

By:     */s/ Melissa K. Driscoll*
Michael S. Komar
(mkomar@mbkklaw.com)
Melissa K. Driscoll
(mdriscoll@mbkklaw.com)

800 Westchester Avenue, Suite 641-N
Rye Brook, New York 10573
Tel.: (914) 949-0222
*Attorneys for Defendant*
*Hartford Underwriters Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2023, I served the foregoing document on Plaintiff's counsel, Joseph A. Altman, Esq., via electronic mail at altmanesq@aol.com.

*//s/ Melissa K. Driscoll*
MELISSA K. DRISCOLL