# EXHIBIT M

MEMO ENDORSED

# MENZ BONNER KOMAR & KOENIGSBERG LLP

ATTORNEYS AT LAW

TEL: (914) 949-0222

800 WESTCHESTER AVENUE, SUITE 641-N
RYE BROOK, NEW YORK 10573
www.mbkklaw.com

FAX: (914) 997-4117

February 15, 2024

**VIA ECF**

Honorable Dale E. Ho, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 905
New York, New York 10007

Re:  Quhshi v. Hartford Underwriters Ins. Co., Case No. 1:23-cv-7935-DEH

**EXTENSION REQUEST LETTER MOTION**

Dear Judge Ho:

This firm represents defendant Hartford Underwriters Insurance Company ("Hartford") in connection with the above-referenced action. We write pursuant to paragraph 2(e) of Your Honor's Individual Rules & Practices to request an extension of the current March 11, 2024 fact discovery deadline. No previous extensions of the fact discovery deadline have been sought by Hartford. Your Honor previously issued an Order on January 23, 2024 in response to Hartford's motion to compel which extended the dates for Plaintiff to respond to Hartford's outstanding discovery until February 9, 2024, the completion of any depositions and fact discovery until March 11, 2024, and the completion of expert discovery until April 26, 2024. Based on Hartford's receipt last Friday of substantially deficient discovery responses from Plaintiff, as discussed below, Hartford respectfully seeks a 60-day extension of all remaining case deadlines so as to not be prejudiced in its diligent efforts to defend against Plaintiff's claims in this action. Plaintiff's counsel consents to this extension request and a proposed Revised Case Management Plan and Scheduling Order is attached for the Court's consideration.[1] The Court has scheduled the next case management conference in this matter on May 8, 2024 at 2:00 p.m.

By way of background, this is an insurance coverage action wherein Plaintiff Nagi Quhshi ("Plaintiff"), an individual, seeks $369,800.14 to reimburse Plaintiff for purported losses he suffered in connection with property damage at a warehouse located at 531 Tiffany Street, Bronx, New York ("Premises"). Hartford issued a policy to Plaintiff for the period August 5, 2021 to August 5, 2022 ("Hartford Policy"). As Your Honor may recall, on January 11, 2024, Hartford filed a letter motion to compel Plaintiff to respond to Hartford's discovery requests that were served several months earlier and simply ignored by Plaintiff despite multiple follow-up inquiries. ECF Doc. No. 14. On January 12, 2024, Your Honor issued an order directing Plaintiff to respond to Hartford's letter motion by January 17, 2024 and explain Plaintiff's efforts to diligently complete discovery by Court-ordered deadlines. ECF Doc. No. 14. Plaintiff did not file a letter. Your Honor issued an order on January 18, 2024 that extended Plaintiff's deadline to file the letter. ECF Doc. No. 16. On January 19, 2024, Plaintiff filed the letter requesting an additional seventy

---

[1] Hartford and Plaintiff have also scheduled a telephonic meet and confer on February 16, 2024 to discuss Plaintiff's deficient discovery responses as addressed herein.

Honorable Dale E. Ho, U.S.D.J.
February 15, 2024
Page **2** of **3**

days to complete discovery and offering no justification for Plaintiff's failure to respond to Hartford's demands. ECF Doc. No. 17. Your Honor issued an order on January 23, 2024 requiring Plaintiff to respond to Hartford's demands and produce all responsive documents by February 9, 2024. ECF Doc. No. 17. That order also extended the deadline to complete depositions and the fact discovery deadline to March 11, 2024. *Id.*

Late in the evening on February 9, 2024, Plaintiff responded to Hartford's discovery demands and produced certain additional documents. Unfortunately, Plaintiff's responses are grossly deficient and, accordingly, Hartford requests an additional 60-day extension of the fact and expert discovery deadlines to provide adequate time to meet and confer concerning Plaintiff's recent discovery responses, allow Plaintiff an opportunity to supplement and cure the defects in his discovery responses without the need for a further motion practice, and afford Hartford a reasonable period of time to serve additional subpoenas once Plaintiff properly identifies various persons and organizations involved with his claim and complete any necessary depositions. The requested extension is needed by Hartford in light of Plaintiff's discovery delays and to obviate any potential prejudice due to Plaintiff's recalcitrance and untimely and incomplete disclosures.

Plaintiff's discovery responses are deficient for a number of reasons. By way of example, in his responses to Hartford's interrogatories, Plaintiff lists certain individuals, entities and generic categories of persons with knowledge about matters requested, but completely fails to provide the information required by the Local Rules.[2] In his response to two interrogatories seeking the identity of all individuals with knowledge concerning the allegations in Plaintiff's Complaint, as well as the identity of individuals with knowledge concerning the specific items of property Plaintiff alleges were damaged, inventory of all damaged and undamaged property, the location of the damaged property, costs incurred to acquire the property prior to its damage, and proof of ownership of the property, Plaintiff merely identifies "employees" without providing any further detail. Similarly, Plaintiff lists his "son (Omar)" and "ZAHI" without providing any further identifying information. *See, e.g.,* Responses to Interrogatory Nos. 1 and 2. Pursuant to Local Rule 26.3(c)(3), "identify" with respect to persons means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Plaintiff also simply ignores and fails to identify the specific subjects of those person's knowledge. Hartford is entitled to know the specific names of each person and employee possessing relevant information, the subject matter of their particular knowledge and information, the particular entity by whom they are employed, and their current or last known address. This bare minimum information is required in order to allow Hartford to determine which individuals, unidentified employees, and/or corporate representatives of entities should be deposed in this action with respect to Plaintiff's insurance claim. Due to Plaintiff's delays in properly responding to discovery served by Hartford more than four months ago, additional time beyond March 11 is needed to subpoena various non-parties and complete multiple depositions.

With respect to Plaintiff's responses to Hartford's requests for production of documents, Plaintiff has produced various documents related to his claimed losses that consist of invoices

---

[2] Plaintiff's responses to Hartford's Interrogatories, Requests to Admit and Document Requests are attached hereto as Exhibits A, B and C.

issued to various non-party corporations, including City Plus Wholesale Corp. and City Plus Cash and Carry Corp., as well as a "CityPlus CashNCarry Item Detail" that identifies various items/inventory of that entity. None of those entities is named or included as an insured on the Hartford Policy and a New York State Department of State Division of Corporation filing receipt for City Plus Cash and Carry, Corp. shows that this entity was not even created until months after the inception of the Hartford Policy. In response to Hartford's demands seeking documents showing the relationships between these entities, Plaintiff responds "Stock Certificate" and "Plaintiff's son" but no such certificates were produced and no documents reflecting the officers of these entities were produced. *See* Response Nos. 10-12. While Hartford has requested copies of "[a]ll business tax returns filed by City Plus Wholesale Corp., City Plus Cash and Carry, Corp. and/or City Plus Zahi, and/or Zahi City Wholesale Corp. for either the calendar tax year 2022 or the fiscal tax year that includes July 18, 2022", Plaintiff has merely produced a few pages of a single employer's quarterly return for City Plus Cash and Carry Corp. and no other responsive materials. Moreover, despite failing to timely respond and object to Hartford's October 20, 2023 Document Requests and this Court's Order granting Hartford's motion to compel and requiring Plaintiff to "produce all documents responsive to Defendant's document demands", Plaintiff now objects to and refuses to produce copies of his own tax returns. *See* Response to Document Request No. 33. In addition, Plaintiff improperly refers Hartford to documents produced by a third-party in response to a subpoena served by Hartford on Eastern Public, LLC. *See* Response Nos. 3, 15, 28 and 31. However, the documents subpoenaed by Hartford from Eastern Public were not even produced to Plaintiff until February 12, 2024 (after Plaintiff responded to Hartford's demands) and Plaintiff has an independent duty to produce documents in his own possession, custody or control.

Finally, in response to an interrogatory seeking the identity of expert witnesses, Plaintiff has identified "Plaintiff, Adjuster Brian Edwards – prima facie case as to cause of loss and damages, Fire Dept., name of witness, to be produce by NYCFD is unknown." The current deadline for completion of expert discovery is April 26, 2024. Hartford respectfully requests a 60-day extension of the expert discovery deadline and an Order directing Plaintiff to make its expert disclosures and submit any expert reports in accordance with F.R.C.P 26(a)(2) at least 30-days prior to such deadline so as to afford Hartford a reasonable opportunity to submit any rebuttal expert reports and provide for the orderly completion of expert depositions.

In summary, defendant Hartford has diligently pursued discovery in this action and complied with all Court deadlines and should not be penalized by Plaintiff's delays and forced to press ahead blindly with depositions and expert discovery without the benefit of full and complete discovery responses and all relevant documents. Hartford thanks the Court for its time and attention to this matter.

Application **GRANTED IN PART.** An order issued January 23, 2024, directed Plaintiff to respond to Defendant's discovery demands by February 9, 2024. The parties' letters and exhibits make clear that Plaintiff did not adequately do so. For example, the word "employees" is insufficient to identify "persons with knowledge or information concerning the allegations in the Complaint and . . . the subjects of their knowledge or information." The parties shall meet and confer regarding the deficiencies in Plaintiff's responses, as identified in Defendant's letter, and Plaintiff shall produce responsive documents and information as soon as possible and no later than **March 8, 2024.** The parties will complete depositions by **April 5, 2024.** The parties will complete fact discovery by **April 19, 2024,** and expert discovery by **June 7, 2024.** Plaintiff's counsel is apprised that failure to meaningfully participate in discovery and address Defendant's meritorious concerns may result in sanctions, including the deeming of certain matters admitted for purposes of any motion for summary judgment. The conference scheduled for May 8, 2024, is **ADJOURNED** to **June 21, 2024, at 2:00 P.M. EST.** The parties shall join the conference by dialing (646) 453 - 4442 and entering the conference ID: 805 373 619, followed by the pound sign (#). The parties shall file the required status letter by **June 12, 2024.** So Ordered.

Dale E. Ho  
U.S. District Judge

Dated: February 22, 2024  
New York, New York