# EXHIBIT Q

# MENZ BONNER KOMAR & KOENIGSBERG LLP

### ATTORNEYS AT LAW

**800 WESTCHESTER AVENUE, SUITE 641-N**

**TEL: (914) 949-0222**      **RYE BROOK, NEW YORK 10573**      **FAX: (914) 997-4117**

www.mbkklaw.com

March 21, 2024



**VIA ECF**

Honorable Dale E. Ho, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 905
New York, New York 10007

      Re:     <u>Quhshi v. Hartford Underwriters Ins. Co.</u>, Case No. 1:23-cv-7935-DEH

<u>DISCOVERY DISPUTE, REQUEST FOR CONFERENCE AND EXTENSION REQUEST LETTER MOTION</u>

Dear Judge Ho:

This firm represents defendant Hartford Underwriters Insurance Company ("Hartford") in connection with the above-referenced action. We write pursuant to paragraph 4(k) and 2(e) of Your Honor's Individual Rules & Practices to alert the Court to ongoing efforts to obtain discovery responses from Plaintiff Nagi Quhshi ("Plaintiff"), to request a conference to address the same, and for an extension of the April 5, 2024 deposition deadline.

As Your Honor may recall, on February 22, 2024, Your Honor ordered the parties to meet and confer regarding the deficiencies in Plaintiff's responses, as identified in Defendant's letter, and for Plaintiff to produce responsive documents and information as soon as possible and no later than March 8, 2024. ECF Doc. No. 22. The parties met and conferred on March 8, 2024. On March 10, 2024, Plaintiff's counsel forwarded emails that purport to respond to Hartford's "missing document request" and forwarded an email chain between attorney Altman and Eastern Public, LLC ("Eastern Public"), the adjuster retained by Plaintiff following the loss. True and correct copies of Mr. Altman's March 8, 2024 and March 10, 2024 emails are attached hereto as Exhibit A and Exhibit B. Attachments to the emails have not been included.

As reflected in Exhibit A, Mr. Altman wrote to Brian C. Evans of Eastern Public and referenced document requests. On March 6, 2024, Mr. Evans wrote to Mr. Altman advising that Tori Kelly was the primary adjuster on the file and that he did "not see any documents (sic) request annexed to your letter that we have or that has not already been provided." On that same date, Ms. Kelly responded to Mr. Altman addressing the numbered requests on a list provided by Mr. Altman. *See* Exhibit A hereto. On March 8, 2024, Mr. Altman wrote to the undersigned purporting to add his client's response "inside the parentheses ( ) to follow the insurance company's response to items 1-6." *Id.* However, no amended written responses to Hartford's document demands or interrogatories were served.

Since that time, the parties have conferred concerning the same and Plaintiff's counsel has stated that he has provided Hartford with all documents and information. The undersigned has pressed for written responses for a number of reasons that have been conveyed to Plaintiff's

Honorable Dale E. Ho, U.S.D.J.
March 21, 2024
Page **2** of **2**

counsel.  First, an email from a non-party, Eastern Public[1], providing information to Plaintiff's counsel does not comply with Plaintiff's obligation to produce to Hartford all documents and information in his possession, custody and control.  Second, and as detailed in Hartford's original motion to compel (ECF Doc. No. 14), Hartford's interrogatories request the identity of individuals with knowledge specific to this lawsuit and the subjects of those individual's knowledge.  Items 2 and 3 in Eastern Public's March 6, 2024 email purport to provide the full names and addresses of the individuals formerly identified in Plaintiff's interrogatory responses as "son (Omar)" and "ZAHI" but this email response from Eastern Public does not identify to which interrogatories this information is responsive and fails to identify the subject of the knowledge that these individuals have.  In addition, in his initial responses, Plaintiff identified "employees" without providing any further detail.  No employees have been identified in interrogatory responses to date.  Third, even if the email forwarded from Eastern Public contained all responsive information to Hartford's interrogatories (which it does not), Hartford is entitled to certified interrogatory responses from Plaintiff certifying that Plaintiff has provided all information in his possession, custody and control.  Finally, with respect to the additional documents produced by Plaintiff, pursuant to the Federal Rules of Civil Procedure 34, Hartford is entitled to written responses to its document demands that state whether or not the documents have been or will be produced or Plaintiff's grounds for objecting to production of the same.

Hartford requires this information to determine which individuals, unidentified employees, and/or corporate representatives of entities it will depose with respect to Plaintiff's claim for insurance.  Hartford will require additional time to subpoena these unidentified non-parties and complete multiple depositions.

Hartford thanks the Court for its time and attention to this matter and looks forward to discussing the same with the Court.

Respectfully submitted,

Melissa K. Driscoll

Application **GRANTED IN PART.**  Defendant's letter describes Plaintiff's failure to issue amended written responses to Defendant's requests for production and interrogatories, and his failure to identify his employees or the subjects about which certain identified witnesses can testify.  Plaintiff's letter of March 27, 2024, states that Plaintiff "can certify each response"; that he has identified himself, his son Omar Quhshi, and two adjusters as people with knowledge of the claim; and that Defendant has all relevant files from a third party.  Plaintiff shall amend his written responses to Defendant's discovery requests as soon as possible.  Notwithstanding Plaintiff's claim that certain documents are self-identifying, he shall certify which documents are responsive to each of Defendant's requests for production.  Plaintiff shall also certify that he has produced all information and documents in his possession, irrespective of any third-party productions to Defendant.  In light of the outstanding document discovery, Defendant's request for adjournment of the deadline by which to take depositions is **GRANTED.**  Defendant's request for a conference is **DENIED,** without prejudice to renewal.  Defendant shall file a letter regarding Plaintiff's amended discovery responses by **April 5, 2024,** presenting any remaining issues in need of judicial resolution.  Such letter shall renew Defendant's request for a conference, if necessary.  Such letter shall also propose a new deadline by which to complete depositions and fact discovery.  Plaintiff is apprised that due to the procedural history of this case, further requests for extension or opportunities to correct deficient discovery responses will not be granted absent extraordinary circumstances.  So Ordered.  The Clerk of Court is respectfully directed to close the motion at ECF No. 23.

Dale E. Ho
U.S. District Judge

Dated: March 28, 2024
New York, New York