# EXHIBIT T

# MENZ BONNER KOMAR & KOENIGSBERG LLP

ATTORNEYS AT LAW

**MEMO ENDORSED**

**800 WESTCHESTER AVENUE,
RYE BROOK, NEW YORK 10573
TEL: (914) 949-0222**

Application **GRANTED.** The parties shall appear at a conference on **April 10, 2024, at 2:00 P.M. EST.** The conference will be telephonic and the parties shall join the conference by dialing (646) 453 - 4442 and entering the conference ID: 467 069 183, followed by the pound sign (#). Plaintiff shall be prepared to discuss how his responses to Defendant's discovery requests meaningfully comply with the Court's repeated orders. Decision is reserved on new discovery deadlines. So Ordered.

**VIA ECF**

Honorable Dale E. Ho, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 905
New York, New York 10007

Dale E. Ho
U.S. District Judge

Dated: April 8, 2024
New York, New York

Re:   Quhshi v. Hartford Underwriters Ins. Co., Case No. 1:23-cv-7935-DEH

### DISCOVERY DISPUTE, REQUEST FOR CONFERENCE AND EXTENSION REQUEST LETTER MOTION

Dear Judge Ho:

This firm represents defendant Hartford Underwriters Insurance Company ("Hartford") in connection with the above-referenced action. We write pursuant to Your Honor's Order dated March 28, 2024 to update the Court regarding our ongoing and repeated efforts to obtain adequate discovery responses from Plaintiff Nagi Quhshi ("Plaintiff"), to request a conference to address these matters with the Court's intervention, and to propose a new deadline by which the parties are to complete depositions and fact discovery.

As Your Honor may recall, on January 11, 2024, Hartford filed a letter with the Court concerning Plaintiff's failure to serve written responses to Hartford's discovery requests and various deficiencies in Plaintiff's document production, following various attempts by Hartford to resolve the issues directly with Plaintiff. ECF Doc. No. 14. On January 23, 2024, Your Honor entered an Order compelling Plaintiff to comply with Hartford's discovery requests by February 9, 2024. ECF Doc. No. 18. Your Honor further extended the deposition and fact discovery deadlines to March 11, 2024. *Id.*

On February 9, 2024, Plaintiff provided Hartford with responses to Hartford's interrogatories, requests for production of documents and requests to admit, as well as a supplemental document production. Hartford again identified numerous deficiencies in Plaintiff's responses and production and advised Plaintiff of the same. After Plaintiff again failed to adequately respond, Hartford wrote to the Court on February 15, 2024 seeking an extension of the fact discovery deadline in light of Plaintiff's failure once again to comply with Hartford's discovery requests. ECF Doc. No. 19.

On February 22, 2024, Your Honor ordered the parties to meet and confer regarding the various deficiencies in Plaintiff's discovery responses, as identified in Hartford's February 15 letter and further ordered Plaintiff to produce responsive documents and information as soon as possible and no later than March 8, 2024. ECF Doc. No. 22. Your Honor further ordered new deadlines of April 5, 2024 for the parties to complete depositions and April 19, 2024 for the end of fact discovery. *Id.*

On March 8, March 10, and March 18, 2024, Plaintiff made certain limited supplemental document productions, and sent an email on March 8 concerning some of the information sought,

Case 1:23-cv-03950-DEH   Document 29-2   Filed 04/08/24   Page 3 of 4
Case 1:23-cv-03950-DEH   Document 27   Filed 04/05/24   Page 2 of 3

Honorable Dale E. Ho, U.S.D.J.
April 5, 2024
Page **2** of **3**

although it was unclear as to which document requests or interrogatories said information responded. Thus, on March 21, 2024, Hartford again wrote to the Court regarding Hartford's ongoing efforts to obtain discovery from Plaintiff and existing deficiencies in Plaintiff's discovery responses and document production, requested a conference to address the same, as well as an extension of the April 5, 2024 deposition deadline. ECF Doc. No. 23.

On March 28, 2024, Your Honor granted Hartford's application in part and specifically ordered Plaintiff to (i) amend his written responses to Hartford's discovery requests as soon as possible, (ii) certify which documents he has produced are responsive to each of Hartford's requests for production, notwithstanding Plaintiff's claim that certain documents are self-identifying, and (iii) certify that he has produced all information and documents in his possession, irrespective of any third-party productions to Hartford. ECF Doc. No. 27. Your Honor also granted Hartford's request for an adjournment of the deposition deadline and ordered Hartford to file a status update regarding Plaintiff's amended discovery responses by April 5, 2024, renew any request for a conference at that time, if necessary, and propose a new deadline by which the parties are to complete depositions and fact discovery. *Id.*

On April 4, 2024, Plaintiff provided another supplemental document production and supplemental responses to Hartford's document requests. *See* Plaintiff's supplemental response to Hartford's document requests attached as Exhibit A hereto. However, Plaintiff's discovery deficiencies remain uncorrected, and Plaintiff has yet again failed to comply with the requirements of this Court's Order.

As stated above, Your Honor ordered Plaintiff to amend his written responses to Hartford's discovery requests as soon as possible, but Plaintiff has only provided a supplemental response to some, but not all, of Hartford's document requests, and despite the fact that Hartford also served Plaintiff with interrogatories, Plaintiff failed to provide supplemental responses to the same. As even a cursory review of Plaintiff's supplemental response to Hartford's document requests reveals, it fails to correct the multiple existing deficiencies in Plaintiff's prior discovery responses and fails to comply with the Court's March 28 Order.

Plaintiff's supplemental response only selectively addresses document requests 4, 5, 7, 9, 24, 33, and 34. If Plaintiff claims he does not possess any documents responsive to the various document requests not addressed in the supplemental response, Plaintiff should so certify in response to each individual document request. However, if Plaintiff does possess such documents (which seems eminently likely given the nature of the materials sought), it is critical that he produce them as soon as possible. Hartford has requested various categories of documents that, if they exist, would aid in the determination of exactly which items of inventory were purportedly damaged by the incident alleged in Plaintiff's Complaint, versus items of property that were sold either before or after the incident, purchased after the incident, or were undamaged as a result of the incident. Hartford further requested documents concerning Plaintiff's relationship to City Plus Wholesale Corp. and City Plus Cash and Carry Corp. – the two entities whose names are associated with many of the receipts and invoices produced by Plaintiff thus far (and neither of which are an insured under Hartford's policy). In an earlier response to Hartford's discovery requests, Plaintiff specifically referenced "Stock Certificate", but to date, no such document or other responsive materials have been provided to Hartford.

Honorable Dale E. Ho, U.S.D.J.
April 5, 2024
Page **3** of **3**

      The supplemental responses that Plaintiff did provide are utterly vague and unclear and refer to a supplemental production of documents that largely consist of the very same documents Plaintiff previously produced to Hartford in this action. In response to document requests 4, 5, 7, and 9, pursuant to which Hartford seeks the production of documents concerning the purchase of inventory allegedly damaged, the inventory maintained by Plaintiff at the premises, the expiration date of any inventory maintained at the premises, and City Wholesale Corp.'s and/or City Plus Cash and Carry, Corp.'s purchase of property damaged by the Event, Plaintiff simply refers to "Exhibit A." But the Exhibit A annexed to the responses is a single exhibit page with the handwritten words "Inventory purchase orders/invoices/receipts which the [plaintiff] is in possession of," presumably written by Plaintiff's counsel. Plaintiff did provide a "supplemental" document production that includes various invoices and receipts, but this production appears to be the same set of documents produced by Plaintiff earlier in discovery. The same issue exists with respect to Plaintiff's supplemental response to document request 24, which seeks photographs, video recordings, and other visual representations or audio recordings depicting the event that allegedly damaged Plaintiff's property. Plaintiff refers to a single exhibit page with the handwritten words "Photos which support the water damage occurrence," and he produced a set of photographs that had already been produced. Plaintiff simply did not respond to and has not produced any documents responsive to document requests 3 and 6, which seek copies of documents showing sales of inventory during the relevant period and documents reflecting all damaged and undamaged property/inventory after the collapse of a portion of the roof in one area of the warehouse. If Plaintiff does not possess any additional documents responsive to these requests (however unlikely), Plaintiff must certify that he has produced all information and documents in his possession, as ordered by the Court on March 28.

      Based on the foregoing, Hartford proposes a deadline of June 7, 2024 to complete depositions and fact discovery assuming Hartford actually receives proper discovery responses and all relevant documents forthwith. In addition to allowing for more than enough time for Plaintiff to correct the remaining discovery deficiencies, this extension of time will afford Hartford the opportunity to utilize such discovery responses and further documents in connection with the depositions of both Plaintiff and six non-parties who have recently been served with subpoenas, as well as the deposition of Plaintiff's non-party adjuster who had previously produced documents to Hartford and was recently been served with a deposition subpoena (as well as any additional relevant non-parties that may be identified once Plaintiff corrects his discovery deficiencies). Additionally, Hartford renews its request for a conference with the Court, given that Hartford has repeatedly attempted to resolve these discovery issues directly with Plaintiff and has written to the Court on multiple occasions regarding the same, yet Plaintiff's responses and production remain deficient.

      Hartford thanks the Court for its time and attention to this matter and looks forward to discussing the same with the Court.

Respectfully submitted,

*Melissa K. Driscoll*

Attachments
cc:    Joseph A. Altman (via ECF)