# EXHIBIT X

# MENZ BONNER KOMAR & KOENIGSBERG LLP

ATTORNEYS AT LAW

800 WESTCHESTER AVENUE, SUITE 641-N
RYE BROOK, NEW YORK 10573
www.mbkklaw.com

TEL: (914) 949-0222           FAX: (914) 997-4117

April 22, 2024

**VIA ECF**

Honorable Dale E. Ho, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 905
New York, New York 10007

      Re:    Quhshi v. Hartford Underwriters Ins. Co., Case No. 1:23-cv-7935-DEH

            **MOTION FOR SANCTIONS, DISCOVERY DISPUTE LETTER MOTION**

Dear Judge Ho:

    This firm represents defendant Hartford Underwriters Insurance Company ("Hartford") in connection with the above-referenced action. We write again pursuant to paragraph 4(k) of Your Honor's Individual Rules & Practices to alert the Court to Plaintiff Nagi Quhshi's ("Plaintiff") failure to comply with Your Honor's April 10, 2024 Order and his ongoing failure to comply with his discovery obligations in this case – something that has been ongoing since last November.

    As your Honor is aware, this letter motion submission is one in a long line of submissions by Hartford, including submissions on January 11, 2024, February 15, 2024, March 21, 2024 and April 5, 2024, to compel Plaintiff to fully comply with his discovery obligations and provide full and complete responses to Hartford's discovery demands. *See* ECF Doc. Nos. 14, 19, 23, 28.

    By way of background, on January 11, 2024, Hartford filed a letter with the Court concerning Plaintiff's failure to serve written responses to Hartford's discovery requests and various deficiencies in Plaintiff's document production. ECF Doc. No. 14. Pursuant to the Case Management Plan, on October 20, 2023, Hartford served plaintiff with document requests and interrogatories and on December 1, 2023, Hartford served plaintiff with requests to admit. Despite repeated attempts to gain compliance, Plaintiff did not respond to Hartford's discovery demands. The Court issued an Order on January 12, 2024 directing Plaintiff to file a letter in response and explain Plaintiff's efforts to diligently complete discovery within Court-ordered deadlines by January 17, 2024. ECF Doc No. 15. No such letter was filed. Another Order issued on January 18, 2024 required Plaintiff to file a letter by January 19, 2024. ECF Doc. No. 16. Plaintiff filed his letter and, as noted in Your Honor's January 23, 2024 Order, Plaintiff's letter offered "substantially no justification for his failure to timely complete discovery." ECF Doc. No. 19. Plaintiff was thus ordered to respond to all demands and produce all documents by February 9, 2024. *Id*.

    On February 9, 2024, Plaintiff provided Hartford with blatantly deficient responses to Hartford's interrogatories, requests for production of documents and requests to admit, as well as a supplemental document production. Hartford again identified numerous deficiencies in Plaintiff's responses and production and after multiple "meet and confer" efforts, Plaintiff once

again failed to adequately respond to Hartford's demands and produce all responsive documents. As a result, Hartford again wrote to the Court on February 15, 2024 seeking to compel Plaintiff to comply with his discovery obligations, as well as an extension of the fact discovery deadline in light of Plaintiff's recalcitrance. ECF Doc. No. 19.

On February 22, 2024, Your Honor issued another Order noting that "the parties' letters and exhibits make clear that Plaintiff did not adequately" respond to Hartford's discovery demands by February 9, 2024. ECF Doc. No. 22. Plaintiff was ordered to produce responsive documents and information as soon as possible and no later than March 8, 2024. *Id.* Your Honor noted that "Plaintiff's counsel is apprised that failure to meaningfully participate in discovery and address Defendant's meritorious concerns may result in sanctions, including the deeming of certain matters admitted for purposes of any motion for summary judgment." *Id*.

On March 8, March 10, and March 18, 2024, Plaintiff made limited supplemental document productions and sent an email on March 8 purporting to respond to certain of the concerns raised, although it was entirely unclear which document requests or interrogatories were being addressed and no formal discovery responses were provided. Based on the continuing deficiencies, Hartford again wrote to the Court on March 21, 2024 regarding Hartford's ongoing efforts to obtain discovery from Plaintiff and the multiple deficiencies in Plaintiff's discovery responses and document production. ECF Doc. No. 23.

On March 28, 2024, Your Honor granted Hartford's application in part and specifically ordered Plaintiff to (i) amend his written responses to Hartford's discovery requests as soon as possible, (ii) certify which documents he has produced are responsive to each of Hartford's request for production, notwithstanding Plaintiff's claim that certain documents are self-identifying, and (iii) certify that he has produced all information and documents in his possession, irrespective of any third-party productions to Hartford. ECF Doc. No. 27. Your Honor also granted Hartford's request for an adjournment of the deposition deadline and ordered Hartford to file a status update regarding Plaintiff's amended discovery responses by April 5, 2024, renew any request for a conference at that time, if necessary, and propose a new deadline by which the parties are to complete depositions and fact discovery. *Id.*

On April 4, 2024, Plaintiff provided another supplemental document production and supplemental responses to Hartford's document requests, but these responses remained grossly deficient for the same reasons outlined in Hartford's April 5, 2024 letter submission. ECF Doc. No. 28. On April 8, 2024, Your Honor issued an Order requiring the parties to appear for an April 10, 2024 telephonic conference. ECF Doc. No. 29.

Most recently, the parties appeared before Your Honor on April 10, 2024. That conference resulted in an Order requiring Plaintiff to "produce to Defendant a numbered list of responses to Defendant's discovery demands, with a separate entry corresponding to each interrogatory, request for production, and/or other discovery demand. For requests for production of documents, Plaintiff shall identify the documents that are responsive to each of Defendant's requests, notwithstanding any claim that documents are self-identifying. If Plaintiff does not have documents responsive to a request for production or information responsive to an interrogatory, Plaintiff shall state as much in the proper place." *See* ECF Doc. No. 31. Plaintiff was to provide his verified responses by April 17, 2024. Plaintiff has not provided any additional discovery responses. The Court's April

Honorable Dale E. Ho, U.S.D.J.
April 22, 2024
Page **3** of **3**

10 Order also warned that any further non-compliance with the Court's orders may result in sanctions, including assessment of Defendant's legal fees that have been incurred in attempting to secure compliance and matters being deemed admitted.

Based on Plaintiff's failure to comply with this Court's prior Orders and its most recent April 10, 2024 Order, Hartford hereby requests that the Court now issue an Order pursuant to Fed. R. Civ. P. 37(b)(2)(A) striking Plaintiff's Complaint in this action. In the alternative and to the extent the Court is not inclined to dismiss this action in its entirety, Hartford requests an Order deeming it admitted that the items of inventory and merchandise for which Plaintiff seeks insurance coverage from Hartford were not lost or destroyed and/or precluding Plaintiff from presenting any witnesses or evidence supporting its damages claims in this action. In addition, pursuant to Fed. R. Civ. P.37(b)(2)(C), Hartford further seeks an Order directing that Plaintiff reimburse Hartford for all its expenses, including attorney's fees, incurred by Hartford in making the instant sanction motion and multiple submissions seeking to compel Plaintiff to respond to Hartford's discovery demands and produce documents in this action, including its January 11, 2024, February 15, 2024, March 21, 2024 and April 5, 2024 letter submissions. *See* Fed. R. Civ. P. 37(b)(2)(A)-(C) (authorizing sanctions where a party has failed to obey a prior "order to provide or permit discovery"); *Coker v. Goldberg & Assocs. P.C.*, No. 21CV1803JLRBCM, 2024 WL 263121, at *3 (S.D.N.Y. Jan. 24, 2024) ("The only predicates to the imposition of sanctions under Rule 37(b) are a 'court order directing compliance with discovery requests' and 'non-compliance with that order.'") (quoting *Shanghai Weiyi Int'l Trade Co. v. Focus 2000 Corp.*, 2017 WL 2840279, at *9 (S.D.N.Y. June 27, 2017)).[1]

Hartford thanks the Court for its continued time and attention to this matter.

Respectfully submitted,

*Melissa K. Driscoll*

Melissa K. Driscoll

An order issued April 10, 2024, directed Plaintiff to provide verified discovery responses by April 17, 2024. *See* ECF No. 31. Defendant's letter states that, notwithstanding this order and three prior orders directing Plaintiff to provide adequate discovery responses, Plaintiff has not provided any additional responses. Plaintiff shall provide his verified discovery responses as required by the April 10, 2024, order to Defendant as soon as possible and shall file a letter on ECF confirming that he has done so no later than **April 26, 2024**. The June 7, 2024, deadline in which to complete fact discovery remains in place. Defendant shall file its motion for sanctions by **May 3, 2024**. Plaintiff shall file his opposition by **May 17, 2024**. Defendant shall file its reply by **May 24, 2024.** So Ordered.

Dale E. Ho                              Dated: April 23, 2024
U.S. District Judge                     New York, New York

---

[1] To the extent deemed necessary, Hartford seeks leave to file a separate formal motion for sanctions in conjunction with Plaintiff's repeated failure to comply with discovery obligations and this Court's multiple orders.