# EXHIBIT Z

Law Offices of
## Joseph A. Altman, P.C.

654 North Terrace Avenue                    Phone: (718) DA8-0422
Fleetwood, New York 10552                   Fax: (718) 378-4898        E-mail:AltmanEsq@aol.com
                                            *Service of papers will not be accepted via fax and/or e- mail.*

FREDERICK P. ALTMAN (1928-1997)
JOSEPH A. ALTMAN*

*MEMBER NEW YORK, NEW JERSEY & FLORIDA BAR

April 29, 2024

Honorable Dale E. Ho, UUDJ
United States District Court
Southern District of New York
40 Foley Square, Courtroom 905
New York, New York 10007

RE:   Quhshi v. Hartford Underwriters Insurance Company
      Case No.: 1:23-cv-7935-DEH

Dear Judge Ho:

My apologies for the delay in responding to the Court's April 23, 2024 Order, by April 26, 2024. I was on trial on April 26, 2024, and did not realize that the letter was not completed and sent until now.

As to providing additional Discovery, following the April 10, 2024 conference, where the Court reviewed the Defendant's Objections and the Plaintiff's Responses, and then the Court's April 10, 2024 Order was entered, which did not rule that the Plaintiff needed to further respond; hence, it is the Plaintiff's position that the Order speaks for itself.

Accordingly, we believe that the Responses the Plaintiff had provided are the proper Responses and contain the necessary information. In fact, what I recall from the April 10, 2024 Conference, concerning the Interrogatories, is the Defendant complained that the Plaintiff did not respond individually to each Demand, but, upon review, the Court noted that the Responses, although brief, did respond to each Demand, which were verified.

Page **1** of **2**

Accordingly, it is the Plaintiff's position that the Plaintiff has properly responded to the Defendant's Discovery Demands, and will continue to provide whatever information and documents it has to the Defendant, as is required.

Respectfully submitted,

Joseph A. Altman P.C.

BY: Joseph A. Altman, Esq.

An order issued on April 10, 2024, directed Plaintiff to "produce to Defendant a numbered list of Defendant's discovery demands, with a separate entry corresponding to each interrogatory, request for production, and/or other discovery demand." *See* ECF No. 31. That order continued that "[f]or requests for production of documents, Plaintiff shall identify the documents that are responsive to each of Defendant's requests, notwithstanding any claim that documents are self-identifying" and that "[i]f Plaintiff does not have documents responsive to a request for production or information responsive to an interrogatory, Plaintiff shall state as much in the proper place." *Id.* That order also referred to Plaintiff's "further non-compliance" with Court orders with respect to discovery responses, warning Plaintiff that such continued non-compliance may result in sanctions. *Id.* In the endorsed letter, Plaintiff states that this order "did not rule that the Plaintiff needed to further respond." This statement is contradicted by the plain text of the April 10 order.

If Plaintiff somehow believed in good faith that the April 10 order did not require him to produce anything further, then an order issued April 23, 2024, should have dispelled this notion. *See* ECF No. 33. That order stated: "An order issued April 10, 2024, directed Plaintiff to provide verified discovery responses by April 17, 2024. Defendant's letter states that, notwithstanding this order and three prior orders directing Plaintiff to provide adequate discovery responses, Plaintiff has not provided ***any additional responses.*** Plaintiff shall provide his verified discovery responses as required by the April 10, 2024, order to Defendant as soon as possible[.]" *Id.* (citation omitted and emphasis added). That order also set a briefing schedule for Defendant's anticipated motion for sanctions. Plaintiff's statements in the endorsed letter are directly contradicted by the plain and unambiguous text of the Court's orders.

Plaintiff shall comply with the April 10 and April 23 orders. Plaintiff shall produce the numbered list of responses to Defendant's discovery demands, as described in the April 10 order, as soon as possible and no later than **May 3, 2024**. Plaintiff may not rely on previous discovery responses in fulfilling this obligation. Plaintiff shall file a letter on ECF by **May 3, 2024,** affirming that he has done so.

The briefing schedule for Defendant's sanctions motion is modified as follows:
- Defendant shall file its motion for sanctions by **May 10, 2024.**
- Plaintiff shall file his opposition by **May 24, 2024**
- Defendant shall file its reply by **June 4, 2024.**

So Ordered.

Dale E. Ho
United States District Judge
Dated: April 29, 2024
New York, New York