UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NAGI QUHSHI,                                    :   Case No.: 1:23-cv-7935
                                                :
               Plaintiff,      :
                                                :
      -against-                                :
                                                :
THE HARTFORD UNDERWRITERS                       :
INSURANCE COMPANY,                              :
                                                :
               Defendant.      :
------------------------------------------------------------x


# MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANT'S MOTION FOR SANCTIONS


Dated: May 24, 2024

Joseph A. Altman, Esq. (JAA 4290)
JOSEPH A. ALTMAN, P.C.
Attorneys for Plaintiff
654 North Terrace Avenue
Fleetwood, New York, 10552
(718) DA8-0422

# Table of Contents

Preliminary Statement ........................................................................................... 2
Counter-Statement of Facts .................................................................................. 3
Argument(s) ............................................................................................................ 5
I.   This is not an extreme situation where the action should be dismissed or the discovery should be precluded, because Defendant does not identify any discovery request that was not responded to ........................................................................... 5
II.  Defendant should not be awarded attorney's fees ............................................. 8
Conclusion ............................................................................................................ 10

# Table of Authorities

Cases

*Ali v. Dainese USA, Inc.*, 577 F. Supp.3d 205 (S.D.N.Y. 2021) ............................. 5
*Gilead Sciences, Inc. v. Safe Chain Solutions LLC*, (E.D.N.Y. 2024) ..................... 7
*Hedgeye Risk Management, LLC v. Dale*, No. 21-CV-3687 (ALC) (RWL) (S.D.N.Y. July 26, 2023) ........................................................................................ 10
*Salahuddin v. Harris*, 782 F.2d 1127 (2d Cir. 1986) ............................................... 5
*Valentine v. Museum of Modern Art*, 29 F.3d 47 (2d Cir. 1994) ............................. 8
*Wilson v. Pasquale's DaMarino's, Inc.*, No. 10-CV-2709 (PGG), 2013 WL 1195603 (S.D.N.Y. Mar. 25, 2013) ........................................................................ 7

Statutes

F.R.C.P. 37(b)(2)(C) ............................................................................................... 9

The Plaintiff hereby submits the following Memorandum of Law in opposition to the Defendant's motion for sanctions.

## Preliminary Statement

The Defendant's motion for sanctions, premised on an alleged failure to comply with the Court's April 10, 2024 Order, must be denied. The Defendant does not point to any specific discovery request that was not responded to, or any document request that has not been complied with. Defendant does not claim that any material discovery has not been provided. The Plaintiff provided discovery, provided supplemental discovery, and has now provided a second supplemental response to discovery.

Plaintiff has been flummoxed by not understanding what is being sought in discovery. Plaintiff made a good faith effort to provide supplemental responses. Now, after carefully reviewing the Court's April 10, 2024 Order and subsequent Orders, Plaintiff understands that the Court issued an order directing the Plaintiff to re-format and re-submit the discovery responses.

Plaintiff should not be sanctioned, because Plaintiff provided all of the required discovery to the Defendant. Plaintiff apologizes for misunderstanding the Court's April 10, 2024 Order. Defendant misrepresented that there was a problem with the verifications, and seeks sanctions no less, when the Plaintiff tried his best to comply with the unclear objections and requirements. Since Plaintiff provided

the discovery in an incorrect format and misunderstood the requirements, together with a short amount of time passing since the April 10, 2024 Order, this is not an extreme situation where sanctions should be granted. Thus, the Defendant's motion must be denied.

### Counter-Statement of Facts

Plaintiff initially provided a verified response to Defendant's interrogatories (*see* Exhibit A). Plaintiff provided documents in response to Defendant's request for documents (*see* Exhibit B). Plaintiff responded to Defendant's notice to admit (*see* Exhibit C). Plaintiff then emailed further responses to what the Defendant alleged was outstanding (*see* Exhibits D and E). Plaintiff provided more documents via dropbox. (*see* Exhibit D). Plaintiff then filed a supplemental response to interrogatories (*see* Exhibit F). The supplemental response to interrogatories was filed after the April 10, 2024 discovery conference (*see* Exhibit F). Plaintiff also filed a supplemental response to Defendant's document requests (*see* Exhibit G).

Though the discovery responses were verified (*see* Exhibits A-C), the Defendant apparently wanted the emailed response to be verified, and asked for the names of the unnamed employees who were identified as witnesses. Plaintiff responded by sending the W-2s, which contained the employees' addresses (*see* Exhibit E). The Defendant also wanted the Plaintiff to identify which documents

3

responded to each of the document requests, and to certify that all documents were provided. Plaintiff thought he had done so, via Exhibits F and G.

At the discovery conference on April 10, 2024, the parties discussed compliance with discovery. Plaintiff's counsel pointed out that the discovery responses were verified. Plaintiff's counsel understood the conclusion from the discovery conference was that discovery was complied with, since there were no outstanding substantive discovery that was not provided, and because of the supplemental responses (*see* Exhibits F and G). Plaintiff's counsel overlooked the written Order, which ordered the Plaintiff to re-format what was previously submitted.

Plaintiff apologizes for this oversight and has now provided a second response to discovery, in the format required by the Court's Order. A second supplemental response to interrogatories was provided, containing the numbered interrogatories and responses, including the names and addresses of the employees. (*see* Exhibit H). A second response to the document request was provided, identifying the documents that are responsive to the requests. (*see* Exhibit I). The documents referred to are included in Exhibits I, J, K, and L, which includes sub-exhibits, as stated in the second supplemental response to document requests.

## Argument(s)

### I. This is not an extreme situation where the action should be dismissed or the discovery should be precluded, because Defendant does not identify any discovery request that was not responded to

A discovery sanction in the form of a dismissal "should be imposed only in extreme circumstances." *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986). Similarly, precluding a party from using discovery as evidence is an "extreme sanction." *See Ali v. Dainese USA, Inc.*, 577 F. Supp.3d 205 (S.D.N.Y. 2021) ("Before the extreme sanction of preclusion may be used by the district court, a judge should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses") (citations omitted).

Here, the Court should not grant Plaintiff's motion, because the circumstances are not extreme. Plaintiff provided the Defendant with the discovery sought, which included supplemental responses (*see* Exhibits A-G). Plaintiff has now provided second supplemental responses, to comply with the Court's April 10, 2024 Order (*see* Exhibits H-L). Hence, the motion for sanctions is moot.

Plaintiff has not acted in bad faith and has not willfully withheld discovery from the Defendant. The Defendant does not claim that any discovery is outstanding, as evident by the omission of this argument from the Defendant's Motion.

5

Instead, the Defendant seeks motions on the grounds that the Plaintiff did not comply with the Court's discovery order of April 10, 2024, and subsequent orders based on the April 10, 2024 Order. On April 10, 2024, the Court ordered that "Plaintiff shall produce to Defendant a numbered list of responses to Defendant's discovery demands, with a separate entry corresponding to each interrogatory, request for production, and/or other discovery demand." Plaintiff thought that he had done so via Exhibit G. Having submitted responses, subsequent emails, and supplemental responses, Plaintiff did not understand that the Court ordered Plaintiff to re-format what was previously submitted.

The Court also ordered that "Plaintiff shall identify the documents that are responsive to each of Defendant's requests, notwithstanding any claim that documents are self-identifying. If Plaintiff does not have documents responsive to a request for production or information responsive to an interrogatory, Plaintiff shall state as much in the proper place." As noted, Plaintiff was confused by what was required and has now addressed this.

Regarding the first of the factors identified by the Defendant for when the Court should award sanctions, the Plaintiff did not willfully withhold discovery and did not willfully violate a Court Order. Rather, Plaintiff misunderstood the Court's orders and believed that discovery was complied with.

6

Regarding the second factor, given that Plaintiff showed his willingness to comply with discovery by providing supplemental discovery (Exhibits E-G) and a second set of supplemental responses, along with conferencing numerous times with opposing counsel, Plaintiff has shown a willingness to comply with discovery, such that there is no showing that there is no other sanction other than dismissal.

Regarding the third factor, the duration of noncompliance here is relatively short. At issue here is the Plaintiff's compliance with the April 10, 2024 order, and the subsequent orders which are based on the April 10, 2024 Order. Since the Defendant filed its motion for sanctions on May 8, 2024, there was a relatively short amount of noncompliance, i.e. one (1) month.

Even if the Court were to look back to the beginning of 2024, Plaintiff provided discovery responses on or about February 9, 2024 (*see* Exhibits A-C). Defendant filed its discovery letter on February 15, 2024. Since then, Plaintiff has provided numerous supplemental discovery responses. Even considering the extra few months, the period of alleged noncompliance here is short, with the Plaintiff attempting to comply during this period. *Cf. Gilead Sciences, Inc. v. Safe Chain Solutions LLC*, (E.D.N.Y. 2024) (denying motion for sanctions and noting that in *Wilson v. Pasquale's DaMarino's, Inc.*, No. 10-CV-2709 (PGG), 2013 WL 1195603, at *7 (S.D.N.Y. Mar. 25, 2013), the Court imposed sanctions for misconduct which occurred over 2 years). The period of noncompliance here is

approximately one (1) month, or alternatively less than three (3) months since mid-February 2024. The relatively short amount of time here weighs strongly against the imposition of a sanction, especially since the Plaintiff has now provided a second supplemental response to discovery.

As to the last factor, the Defendant did not show that the Plaintiff acted with a "sustained and willful intransigence in the face of repeated and explicit warnings from the court that the refusal to comply with court orders ... would result in the dismissal of his action." *Valentine v. Museum of Modern Art*, 29 F.3d 47 (2d Cir. 1994). Plaintiff misunderstood the Court's April 10, 2024 Order and, in the short time since, did not act with "sustained and willful intransigence in the face of repeated and explicit warnings from the court."

Sanctions are not warranted here because there is no allegation that Plaintiff failed to provide any discovery, because the period of noncompliance was approximately one (1) month, and because the Plaintiff misunderstood what was needed, which was to re-format what was already provided. For these reasons, the Defendant's motion for sanctions must be denied.

## II. **Defendant should not be awarded attorney's fees**

The Defendant seeks an undisclosed amount in legal fees. Defendant's request should be denied. First, second supplemental discovery responses have been provided, in the format required by the Court. The motion is therefore moot.

F.R.C.P. 37(b)(2)(C) states that attorney's fees should not be awarded if it would be "unjust." Here, it would be unjust to require Plaintiff to pay Defendant's attorney's fees, when all of the discovery was already provided, and when any noncompliance with the Court's April 10, 2024 Order was due to a misunderstanding and was short-lived.

Should the Court award attorney's fees, F.R.C.P. 37(b)(2)(C) allows for the payment of "the reasonable expenses, including attorney's fees, caused by the failure" to comply with a court order. Here, the underlying court order is the Order from April 10, 2024. Therefore, Defendant cannot collect attorney's fees for the time prior to April 10, 2024.

As to the amount of attorney's fees, Defendant's invoices and timesheets are unreasonable. On April 19 and 22, Defendant's attorneys claim to have spent a total of *5.7 hours* writing a letter to the Court that was filed on April 22, 2024. The three page letter was copied and pasted from prior letters.

Defendant's attorneys claim to have spent approximately 20 hours to prepare the motion for sanctions. Much of the motion is copied and pasted from another memorandum of law or the Defendant's letters that were filed, as evident by the large amount of gray font (and not black font) in the Memorandum of Law.

Furthermore, Plaintiff could not have possibly spent 4.2 hours preparing an Attorney declaration on April 29, May 6, and May 7, when the Affirmation was

merely used to introduce exhibits. Plaintiff could not have possibly spent 1.8 hours on May 6 to revise its memo to include a new reference to the Court's April 29, 2024 Order. Plaintiff could not have possibly spent 2.1 hours reviewing invoices on May 7.

Thus, Defendant's request for attorney's fees must be denied, or alternatively must be reduced significantly.

Finally, should the Court order sanctions, the Plaintiff respectfully requests that the payment of attorney's fees "shall await determination of the merits and any damages and attorney's fees that may thereby be owed to either party." *Hedgeye Risk Management, LLC v. Dale*, No. 21-CV-3687 (ALC) (RWL) (S.D.N.Y. July 26, 2023).

Plaintiff's complaint seeks an award of hundreds of thousands of dollars. Any actual payment of attorney's fees should await the resolution or settlement of Plaintiff's complaint.

## Conclusion

For all of the aforementioned reasons, the Defendant's Motion must be denied, along with such other and further relief as this Court deems just and proper.

Dated: Westchester, New York
       May 24, 2024

                                    s/ *Joseph A. Altman*
                                    Joseph A. Altman, Esq.  (JAA 4290)

JOSEPH A. ALTMAN, P.C.
Attorneys for Plaintiff
654 North Terrace Avenue
Fleetwood, New York, 10552
Telephone:  (718) 328-0422
Email:      altmanesq@aol.com

11

STATE OF NEW YORK, COUNTY OF                              SS:
I, the undersigned, an attorney admitted to practice in the courts of New York State,
____certification    certify that the within
by Attorney    has been compared by me with the original and found to be a true and complete copy.
____Attorney's    state that I am
affirmation    the attorney(s) of record for
action;    I have read the foregoing                                                              in the within
to my knowledge, except as to the matters therein                                and know the contents thereof; the same is true
alleged to be on information and belief; and as to those matters I believe it to be true.
The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:
I affirm that the foregoing statements are true, under the penalties of perjury.

DATED:                                                                                                    _____
                                                                                                          The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF    Westchester                    SS:
I, the undersigned, being duly sworn, depose and say:
  _individual         in the action; I have read the foregoing
   verification
                     and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on
                     information and belief, and as to those matters I believe it to be true.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:
Sworn to before me on the    day of    February, 2024
                                                                                                          _____

STATE OF NEW YORK, COUNTY OF WESTCHESTER           ss:           ( if more than one box is checked - indicate after names type of service used)
I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at

The undersigned Attorney and Counselor-at-law, duly admitted to practice law in the Courts of the State of New York, affirms,
under the penalty of perjury that:

On  5/24 /24         I served the within **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANT'S MOTION FOR SANCTIONS.**

____service         by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and
by mail             custody of the U.S. Postal Service within the New York State addressed to

____Personal        by delivering a true copy of each personally to each person named below at the address indicated. I know
service on          each person served to be the person mentioned and described in said papers *as a party therein*.
an individual

_x__Service by      by transmitting a copy to the following persons by ___ FAX at the telephone number set forth after each name below
electronic          ____E-Mail address set forth after each name below, which was designated by the attorney for such purpose,
means               and by by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody
                    of the U.S. Postal Service within the New York State to the address set forth after each name.
____Overnight       by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after
Delivery            each name below.
Service                             VIA ECF
                    MENZ BONNER KOMAR & KOENIGSBERG LLP
                    *Attorneys for Defendant*
                    *Hartford Underwriters Insurance Company*
                    800 Westchester Avenue, Suite 641-N
                    Rye Brook, New York 10573
                    Tel.: (914) 949-0222
                    (mkomar@mbkklaw.com)
                    (mdriscoll@mbkklaw.com)

                                                                        _____
                                                                        Joseph A. Altman Esq.

Affirm on the
24TH. day of MAY, 2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NAGI QUHSHI

                            Plaintiffs,

      -against-

THE HARTFORD UNDERWRITERS
INSURANCE COMPANY,

                          Defendants.
------------------------------------------------------------x

CIVIL CASE NO: 23-cv-7935(jpo)

## PLAINTIFF'S AFFIRMATION IN OPPOSITION TO MOTION

Joseph A. Altman, P.C.
Attorney(s) for
Plaintiff
654 North Terrace Avenue
Fleetwood, New York 10552
718-328-0422

TO:

Attorney(s) for

Service of a copy of the within is hereby admitted.

Dated:

### PLEASE TAKE NOTICE:

**NOTICE OF ENTRY**
that the within is a (certified) true copy of a duly entered in the office of the clerk of the within named court on

Dated:
Yours, etc.
Attorney for

Joseph A. Altman, P.C.
654 North Terrace Avenue
Fleetwood, New York, 10552

**NOTICE OF SETTLEMENT**
that an order                    of which the within
is a true copy           will be presented to the
Hon.                      one of the judges of the
within named Court, at
on                   at              M.
Dated:
Yours, etc.
Attorney for

Joseph A. Altman, P.C.
654 North Terrace Avenue
Fleetwood, New York, 10552

### ATTORNEY'S CERTIFICATION

JOSEPH A. ALTMAN, ESQ., an attorney duly admitted to the Courts of the state of New York, hereby certifies that the annexed **PLAINTIFF'S AFFIRMATION IN OPPOSITION TO MOTION** is to the best of my knowledge and upon information and belief, formed after an inquiry reasonable under the circumstances, that the presentation of said papers or contentions therein are not frivolous as defined in subsection (c) of section 130-1.1 of 22 NYCRR.