UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAGI QUHSHI,<br><br>                              Plaintiff,<br><br>        -against-<br><br>THE HARTFORD UNDERWRITERS INSURANCE COMPANY,<br><br>                              Defendant. | Civil Case No. 1:23-cv-7935 (DEH) |

**DEFENDANT HARTFORD UNDERWRITERS INSURANCE COMPANY'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR SANCTIONS**

Michael S. Komar
Melissa K. Driscoll
MENZ BONNER KOMAR & KOENIGSBERG LLP
800 Westchester Avenue, Suite 641-N
Rye Brook, New York 10573
Email:  mkomar@mbkklaw.com
             mdriscoll@mbkklaw.com
Tel.: (914) 949-0222
Fax:  (914) 997-4117
*Attorneys for Defendant Hartford Underwriters Insurance Company*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

ARGUMENT ........................................................................................................................................ 4

CONCLUSION .................................................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**            **Page(s)**

*Agiwal v. Mid Island Mortg. Corp.*,
555 F.3d 298 (2d Cir. 2009)..................................................................................................9

*Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*
602 F.2d 1062 (2d Cir. 1979)..........................................................................................3, 6, 7

*Dellums v. Powell*,
566 F.2d 231 (D.C. Cir. 1977)................................................................................................7

*Embuscado v. DC Comics*,
347 Fed App'x 700 (2d Cir. 2009)..........................................................................................9

*Gilead Sciences, Inc. v. Safe Chain Solutions LLC*,
2024 WL 665953 (E.D.N.Y. Feb. 17, 2024)...........................................................................9

*Ramgoolie v. Ramgoolie*,
333 F.R.D. 30 (S.D.N.Y. Sept. 10, 2019) ...............................................................................9

*Sieck v. Russo*,
869 F.2d 131 (2d Cir. 1989)....................................................................................................9

*Smith v. Wettenstin*,
2003 WL 22966281 (S.D.N.Y. Dec. 16, 2003) ....................................................................10

*Southern New England Tel. Co. v. Global NAPs, Inc.*,
624 F.3d 123 (2d Cir. 2010)....................................................................................................7

*Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*,
273 F.R.D. 372 (S.D.N.Y. 2011) ............................................................................................7

*Yadav v. Brookhaven Nat'l Lab.*,
487 Fed. App'x 671 (2d Cir. 2012)..........................................................................................9

**Statutes**

Fed. R. Civ. P. 26(f).................................................................................................................8

Fed. R. Civ. P. 37(b)(2)(A)......................................................................................................8

Defendant Hartford Underwriters Insurance Company ("Hartford") respectfully submits this Reply Memorandum of Law in further support of Hartford's motion for sanctions.

## PRELIMINARY STATEMENT

Plaintiff Nagi Quhshi's ("Plaintiff") after-the-fact, dismal attempt to avoid sanctions and the consequences of repeated failures to abide by Court Orders and discovery obligations by appending still non-compliant supplemental discovery responses to his opposition papers is quite simply, too little, too late. Contrary to Plaintiff's suggestion that Hartford's motion is premised solely on Plaintiff's failure to comply with the Court's April 10, 2024 Order, Hartford's motion is in fact premised on Plaintiff's repeated failures to comply with his discovery obligations over the entirely of this case and multiple Court's Orders providing him an opportunity to comply and meet his obligations time and time again.

Eight months ago, on September 29, 2023, this Court issued a Civil Case Management Plan and Scheduling Order requiring the parties to serve and respond to discovery demands – the first Order Plaintiff violated. Since then, Plaintiff has failed to produce discovery in violation of <u>seven</u> additional Orders, despite being repeatedly warned by the Court that his continued failure to comply would result in sanctions, including most recently, dismissal of his action:

- **Order dated January 23, 2024**: "Plaintiff shall respond to Defendant's document requests and interrogatories, produce all documents responsive to Defendant's document demands or state that no such documents exist, and reply to all requests to admit by **February 9, 2024.**"

- **Order dated February 22, 2024**: "The parties shall meet and confer regarding the deficiencies in Plaintiff's responses, as identified in Defendant's letter, and Plaintiff shall produce responsive documents and information as soon as possible and no later than **March 8, 2024**. . . . Plaintiff's counsel is apprised that failure to meaningfully participate in discovery and address Defendant's meritorious concerns may result in sanctions, including the deeming of certain matters admitted for purposes of any motion for summary judgment."

- **Order dated March 28, 2024**: "Plaintiff shall amend his written responses to Defendant's discovery requests as soon as possible. Notwithstanding Plaintiff's

claim that certain documents are self-identifying, he shall certify which documents are responsive to each of Defendant's requests for production. Plaintiff shall also certify that he has produced all information and documents in his possession, irrespective of any third-party productions to Defendant."

- **Order dated April 10, 2024**: "For the reasons discussed at the [April 10] conference, it is hereby **ORDERED** that Plaintiff shall produce to Defendant a numbered list of responses to Defendant' s discovery demands, with a separate entry corresponding to each interrogatory, request for production, and/or other discovery demand. For requests for production of documents, Plaintiff shall identify the documents that are responsive to each of Defendant's requests, notwithstanding any claim that documents are self-identifying. If Plaintiff does not have documents responsive to a request for production or information responsive to an interrogatory, Plaintiff shall state as much in the proper place. Plaintiff shall produce these verified discovery responses to Defendant by **April 17, 2024.** . . . Plaintiff is apprised that further non-compliance with the Court's orders may result in sanctions, including assessment of Defendant's legal fees in securing compliance and the deeming of certain matters admitted."

- **Order dated April 23, 2024**: "Plaintiff shall provide his verified discovery responses as required by the April 10, 2024, order to Defendant as soon as possible."

- **Order dated April 29, 2024**: "Plaintiff states that [the April 10] order 'did not rule that the Plaintiff needed to further respond.' This statement is contradicted by the plain text of the April 10 order [and] an order issued April 23, 2024, should have dispelled this notion. . . . Plaintiff shall comply with the April 10 and April 23 orders. Plaintiff shall produce the numbered list of responses to Defendant's discovery demands, as described in the April 10 order, as soon as possible and no later than **May 3, 2024.** Plaintiff may not rely on previous discovery responses in fulfilling this obligation."

- **May 6, 2024**: "It is hereby **ORDERED** that Plaintiff shall produce the required list of discovery responses to Defendant as soon as possible . . . . Plaintiff is advised that failure to comply with the Court's orders may result in sanctions, including dismissal of this action." The Order referred back to the April 29 Order.

In addition to the above, Plaintiff failed, on several occasions, to timely apprise the Court of the status of his purported attempts to remedy his deficiencies, as directed by the Court in Orders dated January 12, 2024, April 23, 2024, April 29, 2024 and May 6, 2024.

Despite these numerous Orders, and multiple failures to comply with fundamental discovery obligations detailed in Hartford's opening brief, as well as in correspondence to Plaintiff's counsel, through meet and confers with Plaintiff's counsel, in letter submissions, and at oral argument, Plaintiff remains in denial and attempts to ignore his repeated failures to

2

comply with this Court's Orders and discovery obligations by claiming that he has fully complied with his discovery obligations by submitting "new" discovery responses in opposition to this sanctions motion. These "new" responses remain deficient, do not comply with the clear directives set forth by the Court and are irrelevant and provide no answer to the instant motion based on Plaintiff's repeated past failures to comply with Court Orders, Hartford's discovery requests, and Hartford's repeated efforts to secure compliance that necessitated this motion.

Plaintiff cannot put the genie back in the bottle after this Court already ruled that prior discovery responses are deficient, provided Plaintiff multiple opportunities to abide by its directives, set a final deadline for compliance and authorized the filing of the present motion. To endorse and allow Plaintiff's belated efforts to remedy his repeated violations would do nothing to discourage Plaintiff and other litigants from doing the same in the future. Moreover, it would inhibit the achievement of Rule 37's purpose to serve as a "credible deterrent," rather than a "paper tiger" effectively sanctioning "the pretrial quagmire" that "threatens to engulf the entire litigative process." *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1064 (2d Cir. 1979).

Plaintiff not only fails to explain or address his multiple failures to comply with obligations under the Orders issued before April 10, but also entirely omits mention of his repeated failures to comply with this Court's Orders issued after that date. The only logical conclusion drawn from this glaring omission and failure to address such conduct is that there is no reasonable excuse for the same and Plaintiff's conduct was willful. Plaintiff already tried, and the Court rejected, the excuse that counsel misread or did not understand the April 10 Order and he believed he was in compliance. Plaintiff's continued claim of confusion is beyond belief and cannot possibly serve as a defense to sanctions.

With respect to the amount of the monetary sanctions Hartford seeks, Plaintiff cannot dispute or complain about the reasonableness of fees that were necessitated by his own actions. Time and time again, Plaintiff ignored this Court's Orders, causing Hartford to spend substantial time and money apprising the Court of said violations and discovery deficiencies. Plaintiff's misconduct is the sole cause of Hartford's pre-sanctions motion filings, which were filed in accordance with this Court's own Individual Rules, as well as the Southern District's Local Rules. Plaintiff cannot now feign surprise that Hartford has incurred substantial costs seeking to compel compliance with necessary discovery and now seeks to recover said costs.

## ARGUMENT

Plaintiff contends that his actions are not "so extreme" as to warrant sanctions because Hartford has not identified any outstanding discovery and "Defendant does not claim that any material discovery has not been provided." ECF Doc. No. 39 at 2. Plaintiff is wrong on both counts.

Opposing counsel has violated seven Court Orders – each of which would permit a judge to *sua sponte* impose sanctions for non-compliance under the Federal Rules. Instead, this Court has exhibited extraordinary patience, while repeatedly warning of the potential consequence of continued non-compliance culminating, most recently, in the clear and unmistakable admonition on May 6 that a further failure to comply "may result in sanctions, including dismissal of this action." Still, Plaintiff failed to comply and offers absolutely no explanation or justification.

Plaintiff is similarly in denial about the alleged failure of Hartford to identify any discovery that has not been provided. As both Plaintiff and this Court are well-aware, Hartford has repeatedly informed Plaintiff of the multitude of deficiencies in Plaintiff's discovery responses and document production. In addition to numerous "meet and confers" and

4

discussions with Plaintiff's counsel, Hartford detailed the ongoing deficiencies with Plaintiff's discovery responses in multiple letter submissions to the Court and during the April 10 Court conference. *See* ECF Doc. Nos. 37-7, 37-12, 37-16, 37-20.

Plaintiff's flippant suggestion that Hartford's motion is based solely on Plaintiff's failure to comply with the April 10 Order defies logic and simply ignores the orders issued by this Court before and after the April 10 Order that Plaintiff disobeyed. ECF Doc. No. 39 at 5, 6. Hartford's moving memorandum of law sets forth Plaintiff's continued disregard of his discovery obligations in violation of Orders dated September 29, 2023, January 23, 2024, February 22, 2024, March 28, 2024, April 10, 2024, April 23, 2024, April 29, 2024 and May 6, 2024. ECF Doc. No. 37-1 at 4-9, 12. The Court was compelled to issue each Order after the Scheduling Order, upon learning that Plaintiff had failed, on every occasion, to correct his discovery deficiencies and, consequently, failed to comply with previous Orders. *See id.* The Court's issuance of a later order did not override or eliminate Plaintiff's obligations under prior orders.

Moreover, Plaintiff's claim that his failure to comply with the April 10 Order was due to a simple misunderstanding is nonsensical and his belated apologies do not excuse that behavior. In opposition to Hartford's motion, Plaintiff asserts that he "was confused by what was required and has now addressed this." ECF Doc. No. 39 at 6. But what about the Court's subsequent April 29 and May 6 Orders that he ignored? Certainly, Plaintiff was not confused by these Orders that required him to respond to Hartford's discovery demands by May 3 and "as soon as possible" and file letters by May 3 and May 8 confirming the same. ECF Doc. Nos. 35, 36. Plaintiff did nothing. Thus, any claim that Plaintiff remained confused as to what the April 10 Order, or any subsequent Order, required of him is not justified and is the very willful behavior that merits sanctions. Plaintiff already played that same hand once before, which was rejected by

the Court.  *See* ECF Doc. No. 35.

There is little question that Plaintiff was repeatedly warned of the consequences of his own actions and that serious sanctions would be issued if he continued to violate Orders and failed to meaningfully participate in discovery.  *See* ECF Doc. 36 ("Plaintiff is advised that failure to comply with the Court's orders may result in sanctions, including dismissal of this action."); ECF Doc. No. 31 ("Plaintiff is apprised that further non-compliance with the Court's orders may result in sanctions, including assessment of Defendant's legal fees in securing compliance and the deeming of certain matters admitted."); ECF Doc. No. 22 ("Plaintiff's counsel is apprised that failure to meaningfully participate in discovery and address Defendant's meritorious concerns may result in sanctions, including the deeming of certain matters admitted for purposes of any motion for summary judgment.").

And yet despite the wealth of opportunities and guidance, as well as the Court's warning of possible sanctions, Plaintiff's discovery responses remain deficient to date.  Plaintiff claims that Hartford can no longer point to any deficiencies and that this motion is moot, pointing to a second set of supplemental responses belatedly submitted as exhibits to his May 24 opposition to this sanctions motion.  ECF Doc. No. 39 at 5, 8; ECF Doc. Nos. 40-8 to -12.  That train has left the station.  But even if accepted as adequate, an eleventh-hour submission is not a defense to repeated violations of numerous court orders, including the admonition that the failure to do so and confirm compliance before May 8, 2024 may result in dismissal of this action.

The Second Circuit has held that "[w]here gross professional negligence has been found that is, where counsel clearly should have understood his duty to the court, the full range of sanctions may be marshalled."  *Cine*, 602 F.2d at 1068.  Along with the U.S. Supreme Court, the Second Circuit has "consistently rejected the 'no harm, no foul' standard for evaluating

6

discovery sanctions." *Southern New England Tel. Co. v. Global NAPs, Inc.*, 624 F.3d 123, 148 (2d Cir. 2010). It is no defense that a non-compliant party "at last" produces discovery because "[i]f parties are allowed to flout their obligations, choosing to wait to make a response until a trial court has lost patience with them, the effect will be to embroil trial judges in day-to-day supervision of discovery, a result directly contrary to the overall scheme of the federal discovery rules." *Cine*, 602 F.2d at 1068 (quoting *Dellums v. Powell*, 566 F.2d 231, 235-36 (D.C. Cir. 1977)); *Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 273 F.R.D. 372, 379 (S.D.N.Y. 2011) ("[B]elated compliance does not insulate a party from sanctions."). Praising belated efforts "would encourage dilatory tactics, and compliance with discovery orders would come only when the backs of counsel and the litigants were against the wall." *Cine*, 602 F.2d at 1068.

Nonetheless, even if this Court were required to consider the sufficiency of Plaintiff's belated supplemental responses, it undoubtedly would find Plaintiff's supplement to be grossly deficient. The April 10 Order specifically, clearly and unambiguously directed Plaintiff to (1) produce a numbered list of responses to Hartford's discovery demands, with a separate entry corresponding to each interrogatory, requests for production and/or other discovery demand; (2) for requests for production, identify documents responsive to each of Hartford's requests, notwithstanding any claim that documents are self-identifying or, alternatively, if Plaintiff does not have responsive documents, state as much in the proper place; and (3) produce verified discovery responses. ECF Doc. No. 31. The March 28 Order required Plaintiff to "certify that he has produced all information and documents in his possession, irrespective of any third-party productions to Defendant," ECF Doc. No. 27. Additionally, the April 29 Order stated that "Plaintiff may not rely on previous discovery responses in fulfilling this obligation," ECF Doc. No. 35.

Just a few, of many, examples of deficiency in the most recent supplemental responses should suffice:

- "Adjuster will provide this set of documents." "Adjuster provided via Subpoena." ECF Doc. No. 40-9 at Nos. 2, 3, 22, 23, 25, 26

- Identifies names of individuals as opposed to confirming or denying that he has produced responsive documents. *Id*. at Nos. 6, 11, 12, 13, 18, 19, 20, 28, 29, 32.

- "List of damages same as #2 document request, and was provided via the subpoena on Eastern Public, with the damages computation supplemented by the Exhibits annexed to the 2nd Supplemental Responses to the Document Demand, which, in any event has been previously provided". ECF Doc. No. 40-8 at No. 16. Plaintiff should provide a narrative response under oath to all interrogatories rather than point Hartford to documents purportedly produced by Plaintiff and third-parties, especially where Plaintiff has produced documents that are not Bates numbered or in any way organized and has not referred to specific documents that were produced.

- The April 10 Order stated that if "Plaintiff does not have documents responsive to a request for production or information responsive to an interrogatory, Plaintiff shall state as much in the proper place." Plaintiff failed to abide by this directive.

As a last ditch effort to escape sanctions, Plaintiff maintains that the duration of non-compliance here is relatively short (purportedly 1 month) and does not warrant sanctions. Plaintiff's suggestion is preposterous. Plaintiff's failure to comply with discovery obligations and violations of Court Orders has been happening since the very beginning of this case. Fact discovery should have been completed by February 1, 2024 and the case trial ready on April 22, 2024 pursuant to the Civil Case Management Plan and Scheduling Order entered by the Court. ECF Doc. No. 11. Given Plaintiff's discovery misconduct, this case is no further along than it was in December 2023. Moreover, the implication that Plaintiff could have continued to ignore this Court's Orders for a longer period of time without consequence is absurd.

The duration of non-compliance begins as early as the first court order violated. *See* Fed. R. Civ. P. 37(b)(2)(A) ("If a party . . . fails to obey an order to provide or permit discovery, *including an order under Rule 26(f)*, . . . the court where the action is pending may issue further

8

just orders." (emphasis added)); *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 303 (2d Cir. 2009) (calculating period of non-compliance from scheduling order to final act of non-compliance). Here, the first court order violated is the September 29 Scheduling Order. Thus, non-compliance actually occurred from November 2023 to the present -- over six months.

Plaintiff's reliance on *Gilead Sciences, Inc. v. Safe Chain Solutions LLC*, 2024 WL 665953 (E.D.N.Y. Feb. 17, 2024) is misplaced, as the decision did not limit or restrict the imposition of sanctions to cases involving a "long" period of non-compliance. *Id.* at *7. Rather, the *Gilead* court denied the requested sanctions precisely because defendants did not violate any court discovery orders and much of the defendants' delay in responding to discovery "was rooted in agreed-upon extensions with [plaintiffs]." *Id.* at *2. Here, Plaintiff has violated eight Court Orders and engaged in unilateral recalcitrance. Thus, "[p]eriods of noncompliance as brief as a few months may merit dispositive sanctions." *Ramgoolie v. Ramgoolie*, 333 F.R.D. 30, 37 (S.D.N.Y. Sept. 10, 2019); *see, e.g.*, *Sieck v. Russo*, 869 F.2d 131, 133 (2d Cir. 1989) (five months); *Agiwal*, 555 F.3d at 303 (six months); *Yadav v. Brookhaven Nat'l Lab.*, 487 Fed. App'x 671, 672-73 (2d Cir. 2012) (three months); *Embuscado v. DC Comics*, 347 Fed App'x 700, 701 (2d Cir. 2009) (three months).

Based on the foregoing, and the arguments presented in Hartford's opening brief, the highest sanctions are warranted here, in addition to monetary sanctions. The amount of monetary sanctions sought is not unjust. Plaintiff repeatedly and willfully ignored this Court's Orders, causing Hartford to spend substantial time and money to repeatedly review and assess disorganized, and deficient discovery responses, meet and confer about the same, and make multiple letter submissions informing the Court of Plaintiff's repeated discovery failures and violations of Court Orders and directives. As Plaintiff should be well aware, this Court's

9

Individual Rules and Practices and the Southern District's Local Rules required that Hartford first seek relief by application to the Court in a letter motion for a pre-motion discovery conference and then file subsequent letter motions. Thus, fees and costs should be calculated beginning with Hartford's earliest application to the Court on January 11, 2024. *See Smith v. Wettenstin*, 2003 WL 22966281, at *3 (S.D.N.Y. Dec. 16, 2003) ("[T]he work necessitated by defendants' discovery violations commenced in August 2003. Indeed, the sanctions motion would not have been appropriate absent prior efforts by plaintiff to obtain compliance, including its earlier request for court intervention. That predicate work is therefore properly compensable.").

## CONCLUSION

For the foregoing reasons, Hartford respectfully requests that this Court grant Hartford's motion for sanctions, strike Plaintiff's complaint and dismiss Plaintiff's action with prejudice, or in the alternative, issue an Order deeming it admitted that the items of inventory and merchandise for which Plaintiff seeks insurance coverage from Hartford were not damaged and/or precluding Plaintiff from presenting any witnesses or evidence supporting its damages claims in this action. In addition, Hartford requests that the Court enter an Order directing Plaintiff to reimburse Hartford for all its reasonable costs and expenses, including attorney's fees, that Hartford has incurred in making the instant sanction motion and the multiple prior submissions seeking to compel Plaintiff to respond to Hartford's discovery demands and produce documents in this action, along with such further and other relief as the Court deems just and proper.

Dated: Rye Brook, New York
May 31, 2024

Respectfully submitted,

MENZ BONNER KOMAR & KOENIGSBERG LLP

By:  <u>Michael S. Komar</u>
Michael S. Komar
([mkomar@mbkklaw.com](mailto:mkomar@mbkklaw.com))
Melissa K. Driscoll
([mdriscoll@mbkklaw.com](mailto:mdriscoll@mbkklaw.com))

800 Westchester Avenue, Suite 641-N
Rye Brook, New York 10573
Tel.: (914) 949-0222
*Attorneys for Defendant*
*Hartford Underwriters Insurance Company*