UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAGI QUHSHI,

Plaintiff,

v.

THE HARTFORD UNDERWRITERS
INSURANCE COMPANY,

Defendant.

23 Civ. 7935 (DEH)

**OPINION
AND ORDER**

DALE E. HO, United States District Judge:

Currently before the Court is a Motion for Sanctions filed by Defendant Hartford Underwriters Insurance Company ("Hartford"). ECF No. 37. Hartford's Motion is filed pursuant to Rules 37(b)(2)(A) and 37(b)(2)(C) of the Federal Rules of Civil Procedure,[1] and the Motion is based on Plaintiff Nagi Quhshi's repeated failures to comply with this Court's Orders regarding discovery. Hartford asks that the Complaint be dismissed with prejudice. Alternatively, it requests that the Court issue an order deeming various facts established for the purposes of this action and/or precluding Plaintiff from presenting witnesses or evidence supporting his claims with respect to those facts. Hartford also seeks attorney's fees. For the reasons explained below, Hartford's Motion for Sanctions is **GRANTED**.

## BACKGROUND

This is an insurance case removed from New York state court on September 7, 2023. ECF No. 1. The parties filed their proposed Case Management Plan on September 29, 2023, ECF No. 10, which was "so ordered" by the Court the same day, ECF No. 11. The Case Management Plan included a notation from the Court directing the parties to "commence discovery promptly,"

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.

and it contained several deadlines for the parties to adhere to such that fact discovery would be completed by February 1, 2024, and expert discovery would be completed by March 8, 2024. *See* ECF No. 11 at 1-2, 4. After the Case Management Plan issued, this case was reassigned to the undersigned. *See* Notice of Reassignment, ECF No. 12.

The Court was first apprised of a discovery dispute between the parties in January 2024. On January 11, 2024, Hartford filed a letter informing the Court that "Plaintiff ha[d] failed to serve written responses to [Hartford's] document requests [and] interrogatories," which Hartford had served on October 20, 2023, and had also "failed to serve written responses to . . . [Hartford's] requests to admit," which had been served on December 1, 2023. ECF No. 14 at 2. Based on, *inter alia*, those failures, Hartford requested that "Plaintiff be compelled to fully respond to Hartford's document requests and long-outstanding interrogatories, produce all documents called for and requested in Hartford's document demands and if no such documents exist, . . . so state as required by Rule 34 of the Federal Rules of Civil Procedure." *Id.* at 3 (emphasis in original). Hartford also asked for its "requests to admit to Plaintiff be deemed admitted pursuant to Federal Rule of Civil Procedure 36(a)(3)." *Id.* The Court ordered Plaintiff to respond to Hartford's letter by January 17, 2024, and to explain in that response his "efforts to diligently complete discovery by Court-ordered deadlines." ECF No. 15.

When Plaintiff failed to file his response by January 17, the Court issued an Order directing Plaintiff to "file the required letter as soon as possible and no later than January 19, 2024." ECF No. 16. Plaintiff filed a response on January 19, 2024, requesting "a 40 Day Extension to respond to all of the Defendant's Notices and Demands . . . ." ECF No. 17. On review of the letter, the Court held that it "offer[ed] substantially no justification for his failure to timely complete discovery." ECF No. 18 at 1. Nonetheless, the Court granted Plaintiff's extension request, ordering Plaintiff to "respond to Defendant's document requests and interrogatories, produce all

documents responsive to Defendant's document demands or state that no such documents exist, and reply to all requests to admit by February 9, 2024." *Id.*

Plaintiff subsequently responded to Hartford's interrogatories, and he produced some materials responsive to the company's document requests. But these responses and productions were meager. Therefore, on February 15, 2024, Hartford filed another letter objecting to the "substantially deficient discovery responses from Plaintiff" and requesting "a 60-day extension of all remaining case deadlines so as to not be prejudiced in its diligent efforts to defend against Plaintiff's claims in this action." ECF No. 19 at 1. The Court again provided Plaintiff an opportunity to respond, ordering him to, by February 21, 2024, "address the deficiencies identified in Defendant's letter and [to] explain[] his efforts to diligently complete discovery by previously-ordered timelines." ECF No. 20. After reviewing Plaintiff's response, the Court held that "[t]he parties' letters and exhibits make clear that Plaintiff [had] not adequately" "respond[ed] to Defendant's discovery demands. . . ." ECF No. 22. The Court ordered, *inter alia*, that Plaintiff "shall produce responsive documents and information as soon as possible and no later than March 8, 2024," and it extended the deadlines for the parties to complete deposition, fact discovery, and expert discovery. *Id.* The Court ended by cautioning Plaintiff "that failure to meaningfully participate in discovery and address Defendant's meritorious concerns [could] result in sanctions, including the deeming of certain matters admitted for purposes of any motion for summary judgment." *Id.*

Plaintiff again provided substandard discovery responses to Hartford, prompting Hartford to file a letter on March 21, 2024, stating as much. *See* ECF No. 23. The Court ordered Plaintiff to respond by "explain[ing] why [his] responses to Defendant's discovery request compl[ied] with the Court's prior orders regarding deficiencies in his response, *see* ECF Nos. 18, 22." ECF No. 24. Plaintiff filed a letter on March 27, 2024, ECF No. 26, and the following day, the Court issued an

Order that, *inter alia*, required Plaintiff to "amend his written responses to Defendant's discovery requests as soon as possible," "certify which documents are responsive to each of Defendant's requests for production," and "certify that he has produced all information and documents in his possession, irrespective of any third-party productions to Defendant," ECF No. 27.  The Court further ordered that Hartford should "file a letter regarding Plaintiff's amended discovery responses by April 5, 2024, presenting any remaining issues in need of judicial resolution," and it cautioned Plaintiff "that due to the procedural history of this case, further requests for extension or opportunities to correct deficient discovery responses will not be granted absent extraordinary circumstances." *Id.*

Hartford filed the requisite letter on April 5, 2024.  ECF No. 28.  That letter resulted in the Court holding a case management conference on April 10, 2024.  Apr. 10, 2024 Min Entry.  After the conference, the Court issued an Order again directing Plaintiff to amend his discovery disclosures.  *See* ECF No. 31.  The Court ordered that, by April 17, 2024, Plaintiff was to "produce to Defendant a numbered list of responses to Defendant's discovery demands, with a separate entry corresponding to each interrogatory, request for production, and/or other discovery demand.  For requests for production of documents, Plaintiff shall identify the documents that are responsive to each of Defendant's requests, notwithstanding any claim that documents are self-identifying.  If Plaintiff does not have documents responsive to a request for production or information responsive to an interrogatory, Plaintiff shall state as much in the proper place." *Id.* at 1-2.  Based on Plaintiff's prior deficient responses, and at Hartford's request, the Court also extended discovery again, and ordered that fact discovery be completed by June 7, 2024, and that expert discovery be completed by July 26, 2024.  *Id.* at 2.  The Court's Order again ended with a warning to Plaintiff that "further non-compliance with the Court's orders [could] result in sanctions, including

assessment of Defendant's legal fees in securing compliance and the deeming of certain matters admitted." *Id.*

Despite being clearly ordered by the Court to amend its discovery responses and productions by April 17, 2024, Plaintiff failed to do so. Hartford filed a letter with the Court on April 22, 2024, noting that "Plaintiff ha[d] not provided any additional discovery responses." ECF No. 32 at 2. Based on Plaintiff's repeated failure to comply with this Court's discovery-related orders, Hartford requested that the Court either strike the Complaint or issue an Order "deeming it admitted that the items of inventory and merchandise for which Plaintiff seeks insurance coverage from Hartford were not lost or destroyed and/or precluding Plaintiff from presenting any witnesses or evidence supporting its damages claims in this action." *Id.* at 3. Hartford also moved for the Court to issue "an Order directing that Plaintiff reimburse Hartford for all its expenses, including attorney's fees, incurred by Hartford in making the instant sanction motion and multiple submissions seeking to compel Plaintiff to respond to Hartford's discovery demands and produce documents in this action." *Id.*

The Court endorsed Hartford's letter on April 23, 2024, noting that "notwithstanding [its April 10] order and three prior orders directing Plaintiff to provide adequate discovery responses, Plaintiff ha[d] not provided any additional responses," and ordering Plaintiff to "provide his verified discovery responses as required by the April 10, 2024, order to Defendant as soon as possible and [to] file a letter on ECF confirming that he has done so no later than April 26, 2024." ECF No. 33. The Court also set a briefing schedule for this Motion for Sanctions. *Id.*

Plaintiff did not respond until April 29, 2024. ECF No. 34. In that response, and regarding the Court's April 10 Order, Plaintiff wrote "[a]s to providing additional Discovery, following the April 10, 2024 conference, where the Court reviewed the Defendant's Objections and the Plaintiff's Responses, and then the Court's April 10, 2024 Order was entered, which did not rule

that the Plaintiff needed to further respond; hence, it is the Plaintiff's position that the Order speaks for itself." *Id.* at 1.  Plaintiff went on to say "[a]ccordingly, we believe that the Responses the Plaintiff had provided are the proper Responses and contain the necessary information," and that it was "Plaintiff's position that the Plaintiff has properly responded to the Defendant's Discovery Demands." *Id.* at 1-2.

The Court responded to Plaintiff's letter in an Order that stated the following:

> An order issued on April 10, 2024, direct[ing] Plaintiff to "produce to Defendant a numbered list of Defendant's discovery demands, with a separate entry corresponding to each interrogatory, request for production, and/or other discovery demand." *See* ECF No. 31.  That order continued that "[f]or requests for production of documents, Plaintiff shall identify the documents that are responsive to each of Defendant's requests, notwithstanding any claim that documents are self-identifying" and that "[i]f Plaintiff does not have documents responsive to a request for production or information responsive to an interrogatory, Plaintiff shall state as much in the proper place." *Id.*  That order also referred to Plaintiff's "further non-compliance" with Court orders with respect to discovery responses, warning Plaintiff that such continued non-compliance may result in sanctions. *Id.*  In the endorsed letter, Plaintiff states that this order "did not rule that the Plaintiff needed to further respond."  This statement is contradicted by the plain text of the April 10 order.

> If Plaintiff somehow believed in good faith that the April 10 order did not require him to produce anything further, then an order issued April 23, 2024, should have dispelled this notion. *See* ECF No. 33.  That order stated: "An order issued April 10, 2024, direct[ing] Plaintiff to provide verified discovery responses by April 17, 2024. Defendant's letter states that, notwithstanding this order and three prior orders directing Plaintiff to provide adequate discovery responses, Plaintiff has not provided ***any additional responses***. Plaintiff shall provide his verified discovery responses as required by the April 10, 2024, order to Defendant as soon as possible[.]" *Id.* (citation omitted and emphasis added).  That order also set a briefing schedule for Defendant's anticipated motion for sanctions.  Plaintiff's statements in the endorsed letter are directly contradicted by the plain and unambiguous text of the Court's orders.

> Plaintiff shall comply with the April 10 and April 23 orders.  Plaintiff shall produce the numbered list of responses to Defendant's discovery demands, as described in the April 10 order, as soon as possible and no later than May 3, 2024. Plaintiff may not rely on previous discovery responses in fulfilling this obligation. Plaintiff shall file a letter on ECF by May 3, 2024, affirming that he has done so.

ECF No. 35.  The Court also modified the briefing schedule for Hartford's anticipated sanctions motion.  *Id.*  Hartford subsequently filed this Motion, ECF No. 37, which was fully briefed as of May 31, 2024.[2]

## LEGAL STANDARDS

Under Rule 37(b)(2)(A), after "a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders."  Fed. R. Civ. P. 37(b)(2)(A).  Such orders "may include," in relevant part, ones "dismissing the action or proceeding in whole or in part"; "striking pleadings in whole or in part"; "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims"; or "prohibiting the disobedient party from supporting or opposing designated claims or defenses. . . . "  Fed. R. Civ. P. 37(b)(2)(A)(i)-(iii), (v).  A latter provision of Rule 37 states that "[i]nstead of or in addition to the orders above, the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).

"A district court has 'wide discretion in imposing sanctions under Rule 37.'"  *Export-Import Bank of Republic of China v. Democratic Republic of Congo*, No. 16 Civ. 4480, 2020 WL 6365014, at *2 (S.D.N.Y. Oct. 29, 2020) (quoting *S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010)).[3]  "In *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298 (2d Cir.

---

[2] Plaintiff filed his Opposition on May 24, 2024, ECF No. 39, and Hartford filed its Reply on May 31, 2024, ECF No. 41.

[3] In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

2009), the Second Circuit directed courts to analyze four non-exhaustive factors when considering whether to impose sanctions under Rule 37: '(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance.'" *Icon Int'l, Inc. v. Elevation Health LLC*, 347 F.R.D. 274, 285 (S.D.N.Y. 2024) (quoting *Agiwal*, 555 F.3d at 302). That said, and as noted above, the *Agiwal* factors are "non-exhaustive," and they are also "not exclusive"; "'they need not each be resolved against' a party to warrant sanctions." *Id.* (quoting *S. New Eng. Tel. Co.*, 624 F.3d at 144). "[T]he Rule's bottom-line requirement . . . is 'only that the district court's orders be just.'" *Export-Import Bank of Republic of China*, 2020 WL 6365014, at *2 (quoting *S. New Eng. Tel. Co.*, 624 F.3d at 144).

### DISCUSSION

Hartford moves for two different types of sanctions pursuant to Rule 37. First, it moves for (I) sanctions pursuant to Rule 37(b)(2)(A), asking either (A) that the Complaint be dismissed or for the Court to issue an order deeming various facts established for the purposes of this action and/or precluding Plaintiff from presenting witnesses or evidence supporting his claims with respect to those facts. *See* Def.'s Mem. L. Supp. Mot. Sanctions ("Def.'s Mem.") at 1, ECF No. 37-1. Second, Hartford seeks (II) attorney's fees pursuant to Rule 37(b)(2)(C). *Id.* The Court considers each request in turn.

### I.    Rule 37(b)(2)(A) Sanctions

#### A.  Dismissal

"Pursuant to Rule 37(b)(2)(A)(iii) and (v), Hartford seeks an Order striking Plaintiff's Complaint and dismissing this action with prejudice." Def.'s Mem. at 11. As explained above, to determine whether this sanction is appropriate, the Court considers: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the

duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Agiwal*, 555 F.3d at 302.

1. Willfulness of the Noncompliant Party

"A party's conduct will be deemed willful where the contravened orders were clear, the party being sanctioned understood the orders, and the non-compliance was within the party's control." *Barbera v. Grailed, LLC*, No. 24 Civ. 3535, 2025 WL 2098635, at *13 (S.D.N.Y. July 25, 2025). Clearly, "[a] party's persistent refusal to comply with discovery orders is evidence of willfulness." *Manta Indus. Ltd. v. Anand*, No. 16 Civ. 8308, 2024 WL 4872260, at *4 (S.D.N.Y. Nov. 22, 2024). But so is a party's "half-hearted attempt at compliance" with a court's discovery order. *Id.*

Plaintiff's noncompliance with this Court's discovery orders is clearly willful. Plaintiff repeatedly failed to provide Hartford with written responses to the company's discovery demands that complied with the Federal Rules of Civil Procedure and this District's Local Rules, even after being ordered to do so by the Court. And Plaintiff repeatedly failed to produce all documents responsive to Hartford's demands or to state that no such documents exist, as required by the applicable rules and this Court's orders. As described above,

- Plaintiff failed to comply with the discovery deadlines in the Case Management Plan "so ordered" by the Court.

- Plaintiff's failure to meaningfully participate in discovery prompted Hartford to file its first motion to compel. The Court ordered Plaintiff to respond to the allegations in Hartford's motion to compel. Plaintiff's response—filed after the Court-imposed deadline—"offer[ed] substantially no justification for his failure to timely complete discovery." ECF No. 18 at 1. The Court thus ordered Plaintiff to "respond to Defendant's document requests and interrogatories, produce all documents responsive to Defendant's document demands or state that no such documents exist, and reply to all requests to admit by February 9, 2024." *Id.*

- Plaintiff's subsequent discovery responses, though timely, were inadequate. The Court therefore ordered him to "produce responsive documents and information as soon as possible and no later than March 8, 2024." ECF No. 22.

- Plaintiff's subsequent discovery responses were, again, inadequate. The Court then ordered him to "amend his written responses to Defendant's discovery requests as soon as possible," "certify which documents are responsive to each of Defendant's requests for production," and "certify that he has produced all information and documents in his possession, irrespective of any third-party productions to Defendant." ECF No. 27.

- Again, Plaintiff's responses were inadequate. After holding a case management conference with the parties, on April 10, the Court ordered Plaintiff to "produce to Defendant a numbered list of responses to Defendant's discovery demands, with a separate entry corresponding to each interrogatory, request for production, and/or other discovery demand." ECF No. 31 at 1. The deadline for this production was April 17, 2024. *Id* at 2.

- Plaintiff failed to comply with this Court order—he simply did not provide Hartford <u>any</u> additional discovery responses. When the Court inquired as to why Plaintiff failed to adhere to its discovery order, Plaintiff responded by stating that he did not understand the Court's order to "rule that the Plaintiff needed to further respond." ECF No. 34 at 1. The Court noted contemporaneously that Plaintiff's assertion was "contradicted by the plain text of the April 10 order." ECF No. 35.

- The Court then ordered that Plaintiff "produce the numbered list of responses to Defendant's discovery demands, as described in the April 10 order, as soon as possible and no later than May 3, 2024." *Id.* The Court further ordered Plaintiff to "file a letter on ECF by May 3, 2024, affirming that he has done so." *Id.*

- Plaintiff failed to file any letter by May 3. So, on May 6, the Court ordered him to "produce the required list of discovery responses to Defendant as soon as possible and file the required letter on ECF by May 8, 2024." ECF No. 36. Plaintiff again failed to file any letter.

Clearly, on no fewer than seven occasions, Plaintiff untimely complied, halfheartedly complied, or simply failed to comply with this Court's discovery orders.

Plaintiff's only excuse for his noncompliance turns on his purported misunderstandings of the Court' orders. But this argument is, in a word, unbelievable. For example, Plaintiff argued that the Court's April 10 Order "did not rule that the Plaintiff needed to further respond" to Hartford's discovery demands. ECF No. 34 at 1. In fact, the April 10 Order contained clear instructions for Plaintiff to provide discovery to Hartford, stating, *inter alia*, "it is hereby **ORDERED** that Plaintiff shall produce to Defendant a numbered list of responses to Defendant's

discovery demands, with a separate entry corresponding to each interrogatory, request for production, and/or other discovery demand." ECF No. 31 at 1 (emphasis in original). The Order went on to state that "Plaintiff shall produce these verified discovery responses to Defendant by April 17, 2024." *Id.* at 2. It strains credulity to characterize the April 10 Order as unclear. Plaintiff renews this argument in his Opposition to the current Motion, arguing that he "was confused by" the April 10 order and that, as to the litigation as a whole, he has "tried his best to comply with the unclear objections and requirements." Pl.'s Mem. L. Opp'n Def.'s Mot. Sanctions ("Pl.'s Opp'n") at 6, 2, ECF No. 39. But Plaintiff never explains what about the April 10 Order, or any of the Court's discovery orders, was "confus[ing]" or "unclear." Starting with the Case Management Plan, each of the Court's discovery orders provided clear instructions to the parties, including Plaintiff. *See, e.g.*, ECF No. 22 ("Plaintiff shall produce responsive documents and information as soon as possible and no later than March 8, 2024."); ECF No. 27 (ordering Plaintiff to "amend his written responses to Defendant's discovery requests as soon as possible" and providing detailed instructions on how to do so); ECF No. 35 ("Plaintiff shall produce the numbered list of responses to Defendant's discovery demands, as described in the April 10 order, as soon as possible and no later than May 3, 2024."); ECF No. 36 ("It is hereby **ORDERED** that Plaintiff shall produce the required list of discovery responses to Defendant as soon as possible and file the required letter on ECF by May 8, 2024.") (emphasis in original). As the Court previously noted, any assertion by Plaintiff that he did not know he needed to produce discovery is "directly contradicted by the plain and unambiguous text of the Court's orders." ECF No. 35. At base, Plaintiff's arguments that the Court's orders were ambiguous, confusing, or unclear are utterly baseless.

Beyond excuses concerning purported ambiguities in the Court's orders and his inability to understand the Court's clear instructions, Plaintiff does not argue that his noncompliance with the Court's discovery orders was outside of his control. Plaintiff's only other argument is that

Hartford's Motion should be denied because he has attempted to comply with his discovery obligations throughout this litigation and has now complied with the Court's most recent discovery orders. *See, e.g.*, Pl.'s Opp'n at 2 ("Plaintiff should not be sanctioned, because Plaintiff provided all of the required discovery to the Defendant."); *id.* at 5 ("Plaintiff provided the Defendant with the discovery sought, which included supplemental responses. Plaintiff has now provided second supplemental responses, to comply with the Court's April 10, 2024 Order. Hence, the motion for sanctions is moot.") (citations omitted). This argument fails for two reasons. First, Plaintiff's compliance with his discovery obligations has been, "at best" "pathetically half-hearted," which constitutes willfulness. *Ramgoolie v. Ramgoolie*, 333 F.R.D. 30, 36 (S.D.N.Y. 2019); *see, e.g.*, ECF No. 22 ("The parties' letters and exhibits make clear that Plaintiff did not adequately" "respond to Defendant's discovery demands . . . ."). Second, Plaintiff's belated attempt to comply with the Court's orders—that is, his sending discovery responses to Hartford during briefing on this Motion for Sanctions—does not negate his months of noncompliance, meaning this Motion is not now "moot" as he claims. *See, e.g.*, *In re Consolidated RNC Cases*, 2009 WL 130178, at *8 (S.D.N.Y. Jan. 8, 2009) (finding sanctions dismissing claim appropriate "even though [the recalcitrant party] eventually agreed to comply with the discovery ruling"); *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1064-65 (2d Cir. 1979) (affirming dismissal of case pursuant to Rule 37 where the recalcitrant party complied with a court's discovery order by, *inter alia*, filing an "deficient" answer to a damages interrogatory "two months late").

Ultimately, it is impossible to understand Plaintiff's noncompliance as anything but willful, counseling in favor of imposing sanctions pursuant to Rule 37.

2. Efficacy of Lesser Sanctions

> Disciplinary sanctions under Rule 37 are intended to serve three purposes. First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault.

*Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988). "The harshest sanctions available are preclusion of evidence and dismissal of the action." *Id.* Though "the sanction of dismissal under [Rule] 37 is a drastic remedy that should be imposed only in extreme circumstances," *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988), it is a necessary tool "to achieve the purpose of Rule 37 as a credible deterrent rather than a paper tiger," *Update Art*, 843 F.2d at 71.

Having closely reviewed the record, and having carefully reviewed the docket in this case, the Court holds that no sanctions would be more efficacious than dismissal. As explained above, Plaintiff has exhibited a pattern of willful noncompliance with the Court's discovery orders and has provided no satisfactory excuse for his doing so. It is not apparent than any lesser sanction would compel Plaintiff to begin complying with the Court's discovery orders. Indeed, the Court twice advised Plaintiff that such lesser sanctions, such as "the deeming of certain matters admitted," ECF No. 31 at 2, might be imposed if he continued to disobey the Court's orders. *See also* ECF No. 22 ("Plaintiff's counsel is apprised that failure to meaningfully participate in discovery and address Defendant's meritorious concerns may result in sanctions, including the deeming of certain matters admitted for purposes of any motion for summary judgment."). These warnings did not result in Plaintiff complying with the Court's discovery orders. And in the last instance of Plaintiff disregarding the Court's order that he provide Hartford with certain discovery, the Court warned Plaintiff that his "failure to comply . . . may result in sanctions, including dismissal of this action." ECF No. 36. Plaintiff ignored that order, too.

13

In sum, Plaintiff disregarded three direct warnings by the Court that his noncompliance could result in sanctions, including dismissal.  Imposing a sanction short of dismissal at this point, therefore, will neither ensure Plaintiff's future compliance with this Court's orders nor serve to effectuate the goals of Rule 37.  *See, e.g.*, *John B. Hull*, 845 F.2d at 1177 (affirming district court's dismissal of action under Rule 37 where party "failed to provide any meaningful discovery concerning a core trial issue despite three clear court orders, which included two warnings that dismissal would follow if [that party] failed to provide adequate responses to [its adversary's] request[s]"); *Shi Min Chen v. Hunan Manor Enter., Inc.*, No. 17 Civ. 802, 2020 WL 4932777, at *4 (S.D.N.Y. Aug. 24, 2020) ("Courts in the Second Circuit routinely refuse to issue sanctions below dismissal where parties have repeatedly failed to comply with the court's orders."); *Peterson v. Apple Inc.*, No. 12 Civ. 6467, 2013 WL 3467029, at *7 (S.D.N.Y. July 10, 2013) ("[A] party's continued defiance of Court orders after being warned that the consequence of non-compliance is dismissal indicates that lesser sanctions would be an exercise in futility."), *report and recommendation adopted* 2013 WL 3963456 (S.D.N.Y. Aug. 1, 2013).

### 3.  Duration of Period of Noncompliance

Plaintiff failure to comply with the Court's discovery orders dates back months.  Hartford's first letter motion to compel, which it filed in January 2024, was predicated on Plaintiff's failure to adhere to the deadlines set forth in the original Case Management Plan.  The Court found, at that point, that Plaintiff had "offer[ed] substantially no justification for his failure to timely complete discovery."  ECF No. 18 at 1.  Between Hartford's first letter motion to compel and the time this Motion became fully briefed, Plaintiff was never in full compliance with the Court's discovery orders.  This is noncompliance stretching approximately five months, from January until May.  "Courts have consistently dismissed cases pursuant to [Rule] 37 where the period of non-

compliance lasted for the same or less duration." *Peterson*, 2013 WL 3467029, at *7 (citing cases). "Thus, the period of non-compliance strongly supports dismissal." *Id.*

### 4. Sufficiency of the Warnings

Generally, "severe sanctions like dismissal or default should be imposed only if the party has been warned that such a sanction will follow from continued non-compliance and has nevertheless refused to comply." *Urbont v. Sony Music Ent.*, No. 11 Civ. 4516, 2014 WL 6433347, at *3 (S.D.N.Y. Nov. 6, 2014). As explained above, Plaintiff was given no fewer than three warnings that his noncompliance with the Court's orders could result in sanctions, including the sanction of dismissal. *See* ECF Nos. 22, 31, 36. Plaintiff nonetheless continued to disregard or otherwise not comply with this Court's orders. He therefore "cannot seriously contend that he was not on notice of his discovery obligations or of the consequences of noncompliance." *Ramgoolie*, 333 F.R.D. at 38 (quoting *S. New Eng.*, 624 F.3d at 148). This factor also counsels in favor of dismissal pursuant to Rule 37.

\* \* \*

"A court should not have to beg the parties before it to litigate the cases they initiate." *McLean v. City of New York*, No. 04 Civ. 8353, 2007 WL 415138, at *4 (S.D.N.Y. Feb. 6, 2007). Yet, here, the Court has done just that, repeatedly ordering Plaintiff to meaningfully participate in the discovery process. After five months of Plaintiff failing to comply with the Court's discovery orders, making "at best, a pathetic effort to do so," dispositive sanctions are warranted and appropriate. *Ramgoolie*, 333 F.R.D. at 38. Hartford's Motion is **GRANTED**, and this case is hereby **DISMISSED WITH PREJUDICE**. Because the Court holds that dismissal is warranted, it need not consider Hartford's alternative request for lesser sanctions pursuant to Rule 37(b)(2)(A)(i)-(ii).

## II.    Rule 37(b)(2)(C) Sanctions

Rule 37(b)(2)(C) provides that, upon a finding that a party disobeyed a court order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."    Hartford therefore seeks expenses relating to it "seeking court intervention to compel Plaintiff to comply with his discovery obligations" on six occasions,[4] and in connection with filing this Motion.    *See* Def.'s Mem. at 17.    Plaintiff opposes Hartford's request for attorney's fees, arguing that "it would be unjust to require [him] to pay Defendant's attorney's fees[] when all of the discovery was already provided, and when any noncompliance with the Court's April 10, 2024 Order was due to a misunderstanding that was short-lived."    Pl.'s Opp'n at 9.    Alternatively, Plaintiff argues that because "F.R.C.P. 37(b)(2)(C) allows for the payment of 'the reasonable expenses, including attorney's fees, caused by the failure' to comply with a court order," and because "the underlying court order is the Order from April 10, 2024," "Defendant cannot collect attorney's fees for the time prior to April 10, 2024."    Pl.'s Opp'n at 9.

Plaintiff's arguments fail.    As explained above, Plaintiff's belated provision of discovery to Hartford does not excuse his months of noncompliance with the Court's discovery orders, and his "misunderstanding" of the Court's April 10 Order is inexcusable.    And to the extent Plaintiff seeks to argue that the only discovery order he failed to comply with was the one issued by the Court on April 10, that argument is contradicted by the record of this case, which shows that Plaintiff's dereliction of his discovery obligations dates back to at least January, when Hartford

---

[4] Hartford cites to motions filed on January 11, 2024, ECF No. 14; February 15, 2024, ECF No. 19; March 21, 2024, ECF No. 23; April 5, 2024, ECF No. 28; and April 22, 2024, ECF No. 32.    Def.'s Mem. at 17.    Hartford also seeks compensation for its participation in the case management conference on April 10, 2024.    *Id.*

alerted the Court that Plaintiff was not complying with the deadlines enumerated in the original Case Management Plan (a fact Plaintiff did not dispute). Plaintiff has therefore failed to convincingly argue that his failures to comply with multiple Court orders is justified, or that imposing an award of attorney's fees would be unjust. *Cf. Silva v. Cofresi*, No. 13 Civ. 3200, 2014 WL 3809095, at *5 (S.D.N.Y. Aug. 1, 2014) ("A party's conduct is substantially justified if there was a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.").

Because the Court has found that Plaintiff disobeyed a court order, and because Plaintiff has failed to substantiate his claim that the imposition of attorney's fees would be unjust or that his failure to comply was justified, the Court "must" order Plaintiff, his attorney, or both to pay Hartford's "reasonable expenses . . . caused by [their] failure." Fed. R. Civ. P. 37(b)(2)(C). "This cost-shifting is mandatory." *Silva*, 2014 WL 3809095, at *5; *see also E.L.A. v. Abbott House, Inc.*, No. 16 Civ. 1688, 2020 WL 5682019, at *5 (S.D.N.Y. Sep. 24, 2020) ("[T]he Court *must* grant these sanctions unless Plaintiff's counsel establishes that his 'failure was substantially justified or other circumstances make an award of expenses unjust.'" (emphasis in original) (quoting Fed. R. Civ. P. 37(b)(2)(C)); *cf. Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir. 2008) ("We have never held that Rule 37(b)(2) expenses are mandatory and need not do so here, but . . . [t]he use of the word 'shall' certainly suggests that an award of expenses is mandatory unless one of the two exceptions—substantial justification or other circumstances—applies."). Thus, two questions are currently before the Court: who must pay Hartford's attorney's fees and how much is Hartford entitled to?

With respect to the first question, neither party's brief addresses the issue of who— Mr. Quhshi or his attorney, Mr. Altman—should be responsible for paying Hartford's attorney's fees. "Both logic and the text of Rule 37(b)(2)(C) dictate that a court may impose sanctions in a

targeted way against the actors whom it identifies as responsible for misconduct, whether those be parties, their attorneys, or both." *Kyros L. P.C. v. World Wrestling Ent., Inc.*, 78 F.4th 532, 546 (2d Cir. 2023). Thus, the Court must determine whether responsibility for the misconduct falls on Mr. Quhshi, Mr. Altman, or both men. *See Park v. Kim*, No. 20 Civ. 2636, 2024 WL 5643192, at *4 (E.D.N.Y. May 1, 2024) ("In apportioning fees between counsel and client, the central question is: who is responsible for the misconduct?"). Having carefully reviewed the parties' filings in this case, the Court holds that Mr. Altman should be responsible for paying Hartford's attorney's fees. There is no indication that Mr. Quhshi was responsible for his lawyer's failure to timely comply with the Court's discovery orders, nor for his lawyer's failure to prepare his discovery responses in a manner that complied with the Federal Rules, Local Rules, and this Court's Individual Rules and discovery orders. "Because Plaintiff [himself] is not an attorney or familiar with discovery obligations, [he] necessarily relied on [his] counsel to ensure compliance. There is no excuse for counsel's failure to timely comply with discovery obligations or, at least, timely request extensions. Accordingly, the Court finds that Plaintiff's counsel bears responsibility for this award." *Figueroa v. W.M. Barr & Co., Inc.*, No. 18 Civ. 11187, 2020 WL 996473, at *5 (S.D.N.Y. Mar. 2, 2020); *see also Park*, 2024 WL 5643192, at *4 ("Courts may levy fees solely against a disobedient party's counsel for failing to respond to discovery orders where the party themselves did not play a direct role.").

The parties are directed, within two weeks of the date of this order, to meet and confer as to the amount of attorney's fees and reasonable expenses to which Hartford is entitled with respect to its efforts between January and May 2024 to secure discovery from Plaintiff. If the parties are able to resolve this issue without court intervention, they shall file a letter on the docket so stating. If the parties are unable to resolve this issue, they shall brief the matter according to the following schedule:

- Hartford's Opening Brief and supporting documentation shall be due on October 27, 2025.

- Mr. Altman's Opposition, if any, shall be due November 17, 2025.

- Hartford's Reply, if any, shall be due November 24, 2025.

This Court will refer this issue to the assigned Magistrate Judge. An Order of Reference shall issue separately. The parties may also file a letter seeking a referral to the District's mediation program or to the assigned Magistrate Judge for purpose of settling the issue of fees, in which they may request a continuance of the briefing schedule, as appropriate.

## CONCLUSION

For the reasons explained above, Hartford's Motion for Sanctions pursuant to Rule 37 is **GRANTED**. This case shall be **DISMISSED WITH PREJUDICE**, but the Clerk of Court is respectfully directed to keep this case open pending resolution of the attorney's fees issue.

The Clerk of Court is respectfully requested to terminate ECF No. 37 .

SO ORDERED.

Dated: September 29, 2025

New York, New York

DALE E. HO
United States District Judge