# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

NAGI QUHSHI

_____
(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

The HARTFORD UNDERWRITERS
Insurance Company
_____
(List the full name(s) of the defendant(s)/respondent(s).)

23 CV 7935 (DEH)( )

**NOTICE OF APPEAL**

Notice is hereby given that the following parties: NAGI QUHSHI

_____
(list the names of all parties who are filing an appeal)

in the above-named case appeal to the United States Court of Appeals for the Second Circuit

from the    ☐ judgment    ☑ order    entered on: September 29, 2025
                                                 (date that judgment or order was entered on docket)

that: Dismissed the plaintiff's Action, Along with a Separate Award of Monetary Sanctions, As Against the Plaintiff's Attorney.
(If the appeal is from an order, provide a brief description above of the decision in the order.)

10/9/25                                   /s/ Joseph A. Altman
Dated                                     Signature

Altman, Joseph A.
Name (Last, First, MI)

654 N. Terrace Avenue, Fleetwood NY 10552
Address            City              State      Zip Code

917-509-5454                              AltmanEsq@aol.com
Telephone Number                          E-mail Address (if available)

---

*Each party filing the appeal must date and sign the Notice of Appeal and provide his or her mailing address and telephone number, EXCEPT that a signer of a pro se notice of appeal may sign for his or her spouse and minor children if they are parties to the case. Fed. R. App. P. 3(c)(2). Attach additional sheets of paper as necessary.

Rev. 12/23/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAGI QUHSHI,

                Plaintiff,

v.

THE HARTFORD UNDERWRITERS
INSURANCE COMPANY,

                Defendant.

23 Civ. 7935 (DEH)

**OPINION
AND ORDER**

DALE E. HO, United States District Judge:

    Currently before the Court is a Motion for Sanctions filed by Defendant Hartford Underwriters Insurance Company ("Hartford"). ECF No. 37. Hartford's Motion is filed pursuant to Rules 37(b)(2)(A) and 37(b)(2)(C) of the Federal Rules of Civil Procedure,[1] and the Motion is based on Plaintiff Nagi Quhshi's repeated failures to comply with this Court's Orders regarding discovery. Hartford asks that the Complaint be dismissed with prejudice. Alternatively, it requests that the Court issue an order deeming various facts established for the purposes of this action and/or precluding Plaintiff from presenting witnesses or evidence supporting his claims with respect to those facts. Hartford also seeks attorney's fees. For the reasons explained below, Hartford's Motion for Sanctions is **GRANTED**.

## BACKGROUND

    This is an insurance case removed from New York state court on September 7, 2023. ECF No. 1. The parties filed their proposed Case Management Plan on September 29, 2023, ECF No. 10, which was "so ordered" by the Court the same day, ECF No. 11. The Case Management Plan included a notation from the Court directing the parties to "commence discovery promptly,"

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.

documents responsive to Defendant's document demands or state that no such documents exist, and reply to all requests to admit by February 9, 2024." *Id.*

Plaintiff subsequently responded to Hartford's interrogatories, and he produced some materials responsive to the company's document requests. But these responses and productions were meager. Therefore, on February 15, 2024, Hartford filed another letter objecting to the "substantially deficient discovery responses from Plaintiff" and requesting "a 60-day extension of all remaining case deadlines so as to not be prejudiced in its diligent efforts to defend against Plaintiff's claims in this action." ECF No. 19 at 1. The Court again provided Plaintiff an opportunity to respond, ordering him to, by February 21, 2024, "address the deficiencies identified in Defendant's letter and [to] explain[] his efforts to diligently complete discovery by previously-ordered timelines." ECF No. 20. After reviewing Plaintiff's response, the Court held that "[t]he parties' letters and exhibits make clear that Plaintiff [had] not adequately" "respond[ed] to Defendant's discovery demands. . . ." ECF No. 22. The Court ordered, *inter alia*, that Plaintiff "shall produce responsive documents and information as soon as possible and no later than March 8, 2024," and it extended the deadlines for the parties to complete deposition, fact discovery, and expert discovery. *Id.* The Court ended by cautioning Plaintiff "that failure to meaningfully participate in discovery and address Defendant's meritorious concerns [could] result in sanctions, including the deeming of certain matters admitted for purposes of any motion for summary judgment." *Id.*

Plaintiff again provided substandard discovery responses to Hartford, prompting Hartford to file a letter on March 21, 2024, stating as much. *See* ECF No. 23. The Court ordered Plaintiff to respond by "explain[ing] why [his] responses to Defendant's discovery request compl[ied] with the Court's prior orders regarding deficiencies in his response, *see* ECF Nos. 18, 22." ECF No. 24. Plaintiff filed a letter on March 27, 2024, ECF No. 26, and the following day, the Court issued an

assessment of Defendant's legal fees in securing compliance and the deeming of certain matters admitted." *Id.*

Despite being clearly ordered by the Court to amend its discovery responses and productions by April 17, 2024, Plaintiff failed to do so. Hartford filed a letter with the Court on April 22, 2024, noting that "Plaintiff ha[d] not provided any additional discovery responses." ECF No. 32 at 2. Based on Plaintiff's repeated failure to comply with this Court's discovery-related orders, Hartford requested that the Court either strike the Complaint or issue an Order "deeming it admitted that the items of inventory and merchandise for which Plaintiff seeks insurance coverage from Hartford were not lost or destroyed and/or precluding Plaintiff from presenting any witnesses or evidence supporting its damages claims in this action." *Id.* at 3. Hartford also moved for the Court to issue "an Order directing that Plaintiff reimburse Hartford for all its expenses, including attorney's fees, incurred by Hartford in making the instant sanction motion and multiple submissions seeking to compel Plaintiff to respond to Hartford's discovery demands and produce documents in this action." *Id.*

The Court endorsed Hartford's letter on April 23, 2024, noting that "notwithstanding [its April 10] order and three prior orders directing Plaintiff to provide adequate discovery responses, Plaintiff ha[d] not provided any additional responses," and ordering Plaintiff to "provide his verified discovery responses as required by the April 10, 2024, order to Defendant as soon as possible and [to] file a letter on ECF confirming that he has done so no later than April 26, 2024." ECF No. 33. The Court also set a briefing schedule for this Motion for Sanctions. *Id.*

Plaintiff did not respond until April 29, 2024. ECF No. 34. In that response, and regarding the Court's April 10 Order, Plaintiff wrote "[a]s to providing additional Discovery, following the April 10, 2024 conference, where the Court reviewed the Defendant's Objections and the Plaintiff's Responses, and then the Court's April 10, 2024 Order was entered, which did not rule

5

ECF No. 35. The Court also modified the briefing schedule for Hartford's anticipated sanctions motion. *Id.* Hartford subsequently filed this Motion, ECF No. 37, which was fully briefed as of May 31, 2024.[2]

## LEGAL STANDARDS

Under Rule 37(b)(2)(A), after "a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Such orders "may include," in relevant part, ones "dismissing the action or proceeding in whole or in part"; "striking pleadings in whole or in part"; "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims"; or "prohibiting the disobedient party from supporting or opposing designated claims or defenses. . . . " Fed. R. Civ. P. 37(b)(2)(A)(i)-(iii), (v). A latter provision of Rule 37 states that "[i]nstead of or in addition to the orders above, the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).

"A district court has 'wide discretion in imposing sanctions under Rule 37.'" *Export-Import Bank of Republic of China v. Democratic Republic of Congo*, No. 16 Civ. 4480, 2020 WL 6365014, at *2 (S.D.N.Y. Oct. 29, 2020) (quoting *S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010)).[3] "In *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298 (2d Cir.

---

[2] Plaintiff filed his Opposition on May 24, 2024, ECF No. 39, and Hartford filed its Reply on May 31, 2024, ECF No. 41.

[3] In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

7

duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Agiwal*, 555 F.3d at 302.

1. Willfulness of the Noncompliant Party

"A party's conduct will be deemed willful where the contravened orders were clear, the party being sanctioned understood the orders, and the non-compliance was within the party's control." *Barbera v. Grailed, LLC*, No. 24 Civ. 3535, 2025 WL 2098635, at *13 (S.D.N.Y. July 25, 2025). Clearly, "[a] party's persistent refusal to comply with discovery orders is evidence of willfulness." *Manta Indus. Ltd. v. Anand*, No. 16 Civ. 8308, 2024 WL 4872260, at *4 (S.D.N.Y. Nov. 22, 2024). But so is a party's "half-hearted attempt at compliance" with a court's discovery order. *Id.*

Plaintiff's noncompliance with this Court's discovery orders is clearly willful. Plaintiff repeatedly failed to provide Hartford with written responses to the company's discovery demands that complied with the Federal Rules of Civil Procedure and this District's Local Rules, even after being ordered to do so by the Court. And Plaintiff repeatedly failed to produce all documents responsive to Hartford's demands or to state that no such documents exist, as required by the applicable rules and this Court's orders. As described above,

- Plaintiff failed to comply with the discovery deadlines in the Case Management Plan "so ordered" by the Court.

- Plaintiff's failure to meaningfully participate in discovery prompted Hartford to file its first motion to compel. The Court ordered Plaintiff to respond to the allegations in Hartford's motion to compel. Plaintiff's response—filed after the Court-imposed deadline—"offer[ed] substantially no justification for his failure to timely complete discovery." ECF No. 18 at 1. The Court thus ordered Plaintiff to "respond to Defendant's document requests and interrogatories, produce all documents responsive to Defendant's document demands or state that no such documents exist, and reply to all requests to admit by February 9, 2024." *Id.*

- Plaintiff's subsequent discovery responses, though timely, were inadequate. The Court therefore ordered him to "produce responsive documents and information as soon as possible and no later than March 8, 2024." ECF No. 22.

9

discovery demands, with a separate entry corresponding to each interrogatory, request for production, and/or other discovery demand." ECF No. 31 at 1 (emphasis in original). The Order went on to state that "Plaintiff shall produce these verified discovery responses to Defendant by April 17, 2024." *Id.* at 2. It strains credulity to characterize the April 10 Order as unclear. Plaintiff renews this argument in his Opposition to the current Motion, arguing that he "was confused by" the April 10 order and that, as to the litigation as a whole, he has "tried his best to comply with the unclear objections and requirements." Pl.'s Mem. L. Opp'n Def.'s Mot. Sanctions ("Pl.'s Opp'n") at 6, 2, ECF No. 39. But Plaintiff never explains what about the April 10 Order, or any of the Court's discovery orders, was "confus[ing]" or "unclear." Starting with the Case Management Plan, each of the Court's discovery orders provided clear instructions to the parties, including Plaintiff. *See, e.g.*, ECF No. 22 ("Plaintiff shall produce responsive documents and information as soon as possible and no later than March 8, 2024."); ECF No. 27 (ordering Plaintiff to "amend his written responses to Defendant's discovery requests as soon as possible" and providing detailed instructions on how to do so); ECF No. 35 ("Plaintiff shall produce the numbered list of responses to Defendant's discovery demands, as described in the April 10 order, as soon as possible and no later than May 3, 2024."); ECF No. 36 ("It is hereby **ORDERED** that Plaintiff shall produce the required list of discovery responses to Defendant as soon as possible and file the required letter on ECF by May 8, 2024.") (emphasis in original). As the Court previously noted, any assertion by Plaintiff that he did not know he needed to produce discovery is "directly contradicted by the plain and unambiguous text of the Court's orders." ECF No. 35. At base, Plaintiff's arguments that the Court's orders were ambiguous, confusing, or unclear are utterly baseless.

Beyond excuses concerning purported ambiguities in the Court's orders and his inability to understand the Court's clear instructions, Plaintiff does not argue that his noncompliance with the Court's discovery orders was outside of his control. Plaintiff's only other argument is that

11

2. Efficacy of Lesser Sanctions

> Disciplinary sanctions under Rule 37 are intended to serve three purposes. First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault.

*Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988). "The harshest sanctions available are preclusion of evidence and dismissal of the action." *Id.* Though "the sanction of dismissal under [Rule] 37 is a drastic remedy that should be imposed only in extreme circumstances," *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988), it is a necessary tool "to achieve the purpose of Rule 37 as a credible deterrent rather than a paper tiger," *Update Art*, 843 F.2d at 71.

Having closely reviewed the record, and having carefully reviewed the docket in this case, the Court holds that no sanctions would be more efficacious than dismissal. As explained above, Plaintiff has exhibited a pattern of willful noncompliance with the Court's discovery orders and has provided no satisfactory excuse for his doing so. It is not apparent than any lesser sanction would compel Plaintiff to begin complying with the Court's discovery orders. Indeed, the Court twice advised Plaintiff that such lesser sanctions, such as "the deeming of certain matters admitted," ECF No. 31 at 2, might be imposed if he continued to disobey the Court's orders. *See also* ECF No. 22 ("Plaintiff's counsel is apprised that failure to meaningfully participate in discovery and address Defendant's meritorious concerns may result in sanctions, including the deeming of certain matters admitted for purposes of any motion for summary judgment."). These warnings did not result in Plaintiff complying with the Court's discovery orders. And in the last instance of Plaintiff disregarding the Court's order that he provide Hartford with certain discovery, the Court warned Plaintiff that his "failure to comply . . . may result in sanctions, including dismissal of this action." ECF No. 36. Plaintiff ignored that order, too.

compliance lasted for the same or less duration." *Peterson*, 2013 WL 3467029, at *7 (citing cases). "Thus, the period of non-compliance strongly supports dismissal." *Id.*

4. Sufficiency of the Warnings

Generally, "severe sanctions like dismissal or default should be imposed only if the party has been warned that such a sanction will follow from continued non-compliance and has nevertheless refused to comply." *Urbont v. Sony Music Ent.*, No. 11 Civ. 4516, 2014 WL 6433347, at *3 (S.D.N.Y. Nov. 6, 2014). As explained above, Plaintiff was given no fewer than three warnings that his noncompliance with the Court's orders could result in sanctions, including the sanction of dismissal. *See* ECF Nos. 22, 31, 36. Plaintiff nonetheless continued to disregard or otherwise not comply with this Court's orders. He therefore "cannot seriously contend that he was not on notice of his discovery obligations or of the consequences of noncompliance." *Ramgoolie*, 333 F.R.D. at 38 (quoting *S. New Eng.*, 624 F.3d at 148). This factor also counsels in favor of dismissal pursuant to Rule 37.

\* \* \*

"A court should not have to beg the parties before it to litigate the cases they initiate." *McLean v. City of New York*, No. 04 Civ. 8353, 2007 WL 415138, at *4 (S.D.N.Y. Feb. 6, 2007). Yet, here, the Court has done just that, repeatedly ordering Plaintiff to meaningfully participate in the discovery process. After five months of Plaintiff failing to comply with the Court's discovery orders, making "at best, a pathetic effort to do so," dispositive sanctions are warranted and appropriate. *Ramgoolie*, 333 F.R.D. at 38. Hartford's Motion is **GRANTED**, and this case is hereby **DISMISSED WITH PREJUDICE**. Because the Court holds that dismissal is warranted, it need not consider Hartford's alternative request for lesser sanctions pursuant to Rule 37(b)(2)(A)(i)-(ii).

15

alerted the Court that Plaintiff was not complying with the deadlines enumerated in the original Case Management Plan (a fact Plaintiff did not dispute). Plaintiff has therefore failed to convincingly argue that his failures to comply with multiple Court orders is justified, or that imposing an award of attorney's fees would be unjust. *Cf. Silva v. Cofresi*, No. 13 Civ. 3200, 2014 WL 3809095, at *5 (S.D.N.Y. Aug. 1, 2014) ("A party's conduct is substantially justified if there was a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.").

Because the Court has found that Plaintiff disobeyed a court order, and because Plaintiff has failed to substantiate his claim that the imposition of attorney's fees would be unjust or that his failure to comply was justified, the Court "must" order Plaintiff, his attorney, or both to pay Hartford's "reasonable expenses . . . caused by [their] failure." Fed. R. Civ. P. 37(b)(2)(C). "This cost-shifting is mandatory." *Silva*, 2014 WL 3809095, at *5; *see also E.L.A. v. Abbott House, Inc.*, No. 16 Civ. 1688, 2020 WL 5682019, at *5 (S.D.N.Y. Sep. 24, 2020) ("[T]he Court *must* grant these sanctions unless Plaintiff's counsel establishes that his 'failure was substantially justified or other circumstances make an award of expenses unjust.'" (emphasis in original) (quoting Fed. R. Civ. P. 37(b)(2)(C)); *cf. Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir. 2008) ("We have never held that Rule 37(b)(2) expenses are mandatory and need not do so here, but . . . [t]he use of the word 'shall' certainly suggests that an award of expenses is mandatory unless one of the two exceptions—substantial justification or other circumstances—applies."). Thus, two questions are currently before the Court: who must pay Hartford's attorney's fees and how much is Hartford entitled to?

With respect to the first question, neither party's brief addresses the issue of who—Mr. Quhshi or his attorney, Mr. Altman—should be responsible for paying Hartford's attorney's fees. "Both logic and the text of Rule 37(b)(2)(C) dictate that a court may impose sanctions in a

17

- Hartford's Opening Brief and supporting documentation shall be due on October 27, 2025.

- Mr. Altman's Opposition, if any, shall be due November 17, 2025.

- Hartford's Reply, if any, shall be due November 24, 2025.

This Court will refer this issue to the assigned Magistrate Judge. An Order of Reference shall issue separately. The parties may also file a letter seeking a referral to the District's mediation program or to the assigned Magistrate Judge for purpose of settling the issue of fees, in which they may request a continuance of the briefing schedule, as appropriate.

## CONCLUSION

For the reasons explained above, Hartford's Motion for Sanctions pursuant to Rule 37 is **GRANTED**. This case shall be **DISMISSED WITH PREJUDICE**, but the Clerk of Court is respectfully directed to keep this case open pending resolution of the attorney's fees issue.

The Clerk of Court is respectfully requested to terminate ECF No. 37 .

SO ORDERED.

Dated: September 29, 2025

    New York, New York

_____<br>
DALE E. HO<br>
United States District Judge

STATE OF NEW YORK, COUNTY OF                                                           SS:
I, the undersigned, an attorney admitted to practice in the courts of New York State,

| | |
|---|---|
| certification by Attorney | certify that the within has been compared by me with the original and found to be a true and complete copy. |
| Attorney's affirmation | state that I am the attorney(s) of record for _____ in the within action;  I have read the foregoing _____ and know the contents thereof; the same is true to my knowledge, except as to the matters therein alleged to be on information and belief; and as to those matters I believe it to be true. The reason this verification is made by me and not by |

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:
I affirm that the foregoing statements are true, under the penalties of perjury.

_____
The name signed must be printed beneath

DATED:

STATE OF NEW YORK, COUNTY OF                                                           SS:
I, the undersigned, being duly sworn, depose and say:

| | |
|---|---|
| individual verification | _____ in the action; I have read the foregoing _____ and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. |
| corporation verification | the _____ of _____ a _____ corporation and a party in the within action; I have read the foregoing _____ and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged upon information and belief; and as to those matters I believe it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof. |

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:
Sworn to before me on the      day of

_____
The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF WESTCHESTER           ss:        ( if more than one box is checked - indicate after names type of service used)
I, the undersigned, being sworn, say:  I am not a party to the action, am over 18 years of age and reside at

The undersigned Attorney and Counselor-at-law, duly admitted to practice law in the Courts of the State of New York, affirms, under the penalty of perjury that:

On 10/10/25    I served the within **Notice of Appeal**

| | |
|---|---|
| ___ service by mail | by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within the New York State addressed to |
| ___ Personal service on an individual | by delivering a true copy of each personally to each person named below at the address indicated. I know each person served to be the person mentioned and described in said papers *as a party therein*. |
| _x_ Service by electronic means | by transmitting a copy to the following persons by ___ FAX at the telephone number set forth after each name below ___ E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within the New York State to the address set forth after each name. |
| ___ Overnight Delivery Service | by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name below. |

MENZ BONNER KOMAR & KOENIGSBERG LLP
*Attorneys for Defendant*
*Hartford Underwriters Insurance Company*
800 Westchester Avenue, Suite 641-N
Rye Brook, New York 10573
Tel.: (914) 949-0222
(mkomar@mbkklaw.com)
(mdriscoll@mbkklaw.com)
Via ecf

_____
Joseph A. Altman Esq.

Affirm on the
10 day of October 2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
NAGI QUHSHI  INDEX NO: 23-cv-7935(jpo)

                              Plaintiffs,

    -against-

THE HARTFORD UNDERWRITERS INSURANCE COMPANY,
                Defendants.
-----------------------------------------------------------------x

## Notice of Appeal

Joseph A. Altman, P.C.
Attorney(s) for
Plaintiff
654 North Terrace Avenue
Fleetwood, New York 10552
718-328-0422

TO:

                              Service of a copy of the within
                              is hereby admitted.

                              Dated:

Attorney(s) for

PLEASE TAKE NOTICE:

| NOTICE OF ENTRY | NOTICE OF SETTLEMENT |
|---|---|
| that the within is a (certified) true copy of a duly entered in the office of the clerk of the within named court on | that an order　　　　　　　　of which the within is a true copy　　　　will be presented to the Hon.　　　　　　　one of the judges of the within named Court, at on　　　　　　　at　　　　　　M. |
| Dated:<br>　Yours, etc.<br>　Attorney for<br><br>　Joseph A. Altman, P.C.<br>　654 North Terrace Avenue<br>　Fleetwood, New York, 10552 | Dated:<br>　Yours, etc.<br>　Attorney for<br><br>　Joseph A. Altman, P.C.<br>　654 North Terrace Avenue<br>　Fleetwood, New York, 10552 |

## ATTORNEY'S CERTIFICATION

JOSEPH A. ALTMAN, ESQ. , an attorney duly admitted to the Courts of the state of New York, hereby certifies that the annexed **Notice of Appeal** is to the best of my knowledge and upon information and belief, formed after an inquiry reasonable under the circumstances, that the presentation of said papers or contentions therein are not frivolous as defined in subsection (c) of section 130-1.1 of 22 NYCRR.

*[signature]*